# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : ERIE COUNTY

DR. JOHN A. REPICCI and LORRAINE REPICCI,
individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE TRUST
and THE REPICCI IRREVOCABLE FAMILY TRUST,

                          Plaintiffs,

vs.

CHRISTOPHER R. JARVIS and OJM Group LLC,
                         Defendants.

**SUMMONS**

Index No.:_____

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to appear in this action and to serve a copy of your answer upon the attorneys for Plaintiffs, Duke, Holzman, Photiadis & Gresens LLP, within twenty (20) days after service of this Summons, exclusive of the day of service or within thirty (30) days after service is complete if the Summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the Complaint.

      Plaintiffs designate Erie County as the place of trial pursuant to the residence and/or place of business of one or more of the parties.

DATED:    Buffalo, New York
                January 7, 2017

                          **DUKE, HOLZMAN, PHOTIADIS
                           & GRESENS LLP**

                        By:   *s\Richard A Moore*
                                Richard A. Moore, Esq.
                              *Attorneys for Plaintiffs*
                              701 Seneca St., Suite 750
                              Buffalo, New York 14210
                              (716) 855-1111
                              rmoore@dhpglaw.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
_____

DR. JOHN A. REPICCI and LORRAINE REPICCI,
individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE TRUST
and THE REPICCI IRREVOCABLE FAMILY TRUST,

                    Plaintiffs,                    **COMPLAINT**

vs.

                                                   Index No.:_____

CHRISTOPHER R. JARVIS and OJM Group LLC,
                    Defendants.
_____

       Plaintiffs Dr. John A. Repicci and Lorraine Repicci, individually, and Julie Stone as Trustee of the John A. Repicci Irrevocable Life Insurance Trust and the Repicci Irrevocable Family Trust by and through their attorneys, Duke Holtzman Photiadis & Gressens LLP, as and for their Complaint against Defendants Christopher R. Jarvis and OJM Group LLC, hereby allege the following upon information and belief:

       1.     As described in the paragraphs that follow, the Defendants' negligent actions and omissions in connection with two Lincoln Life & Annuity Company of New York Policy "universal life" insurance policies on Dr. John A. Repicci and Lorraine Repicci caused the Plaintiffs to suffer losses in excess $1.3 million.

## THE PARTIES AND JURISDICTION

       2.     Plaintiff JR, is an individual residing at 120 Deer Run, Williamsville, NY

1

14221, in the County of Erie.

3. Plaintiff LR, is an individual residing at 120 Deer Run, Williamsville, NY 14221, in the County of Erie. LR is the wife of Dr. Recippi.

4. Plaintiff Julie Stone is an individual residing at 5818 Bradford Court, East Amherst NY 14051. She is the daughter of Dr. and Mrs. Repicci and is the Trustee of the John A. Repicci Irrevocable Life Insurance Trust, the owner and beneficiary of Lincoln Life & Annuity Company of New York Policy No. 7146026. She is also Trustee of the Repicci Irrevocable Family Trust, the owner and beneficiary of Lincoln Life & Annuity Company of New York Policy No. 7317144.

5. Defendant Christopher J. Jarvis is an individual residing at 402 Bayou Vista, Southlake, Texas 76092 with a place of business at 2301 Ira E. Woods Blvd., Grapevine, Texas 76051.

6. Defendant Jarvis is a financial planner, wealth advisor and insurance professional. Defendant holds an MBA and is a Certified Financial Planner. At all relevant times herein Defendant regularly transacted and solicited business in New York. At all relevant times herein Defendant was registered with the New York State Department of Financial Services as a Life And/Or Accident/Health Agent authorized to do business in New York.

7. Defendant OJM Group LLC is an Ohio limited liability company with its principal place of business at 8044 Montgomery Road, Suite 440, Cincinnati, OH 45236.

8. Subsequent to October 15, 2007, at all relevant times herein, Defendant Jarvis acted as a principal and agent of O'Dell Jarvis Mandell LLC, an Ohio limited liability

2

company.  As of July 5, 2012, O'Dell Jarvis Mandell LLC has been succeeded by and operates as OJM Group LLC.

9. This court has jurisdiction over Defendants pursuant to NYCPLR Section 302(a).

## FACTUAL BACKGROUND
## THE PURCHASE OF THE FIRST LINCOLN POLICY

10. Dr. Repicci is a highly respected and successful orthopedic surgeon practicing in Erie County.  In the course of his professional activities Dr. Repicci was solicited by Defendant Jarvis in 2001 or 2002 for purposes of wealth advising and financial/estate planning.

11. At the time, Defendant Jarvis was a principal in Jarvis & Mandel LLC. Jarvis & Mandell LLC identified itself as providing Integrated Planning Solutions for high net worth individuals (Jarvis & Mandell LLC is currently inactive).

12. In a series of discussions and other communications Defendant Jarvis and the Repiccis discussed in great detail the Repicci family financial status and the family's long term goals.  Defendant Jarvis repeatedly assured Dr. Repicci of his expertise and competency as a wealth advisor, financial advisor and estate planning advisor, with particular expertise working with medical professionals.  He also assured Dr. Repicci that he would oversee and monitor any plan put into place and would continue to advise the Repicci family throughout the duration of any plan.

13. Eventually in late 2002, as part of a sophisticated wealth/estate planning plan proposed by Defendant Jarvis, the Repiccis were persuaded to purchase two high

value life insurance policies (with both John and Lorraine Repicci covered by each policy) recommended by Defendant Jarvis with a total final value of approximately $14 million. One of the policies instituted was with Massachusetts Mutual Insurance Company ($4 million) and the other was with Lincoln Life & Annuity Company of New York ($10 million), Policy No. 7146026 (hereinafter "Lincoln Policy No. '026").

14. Dr. Repicci had consistently stated a desire that any insurance policies purchased be guaranteed and valid until age 100 and the Repiccis were assured by Defendant Jarvis that the policies were designed to last to at least age 100 for each of the insureds (who were aged 66 at the time) and that it was the most conservative insurance available with only top rated companies in each case. Moreover, Defendant Jarvis repeatedly assured the Repiccis that the policies were "guaranteed" and that if in the extremely remote and improbable event the policies failed to perform, there were reasonable options he would present that would retain the values of the investment.

15. In reliance on Defendant Jarvis' representations the Repeccis purchased the policies and paid for both policies in full in late 2002. The cost of the Lincoln policy was $600,000.

16. By correspondence from Defendant Jarvis dated March 6, 2014 (merely 22 years into a policy that had been guaranteed for 35 years), the Repiccis and the Lincoln Policy beneficiaries learned for the first time that there were significant distinctions between the Massachusetts Mutual policy and the Lincoln policy; that the Massachusetts Mutual policy was guaranteed and that, contrary to representations, Lincoln Policy No. '026 was not. They also learned for the first time that the Lincoln

4

policy might not have the value that had been represented to them. The Massachusetts Mutual policy retained its full value.

17. In the Spring of 2015 Plaintiffs learned after independent review that Lincoln Policy No. '026 was valueless.

## THE PURCHASE OF THE SECOND LINCOLN POLICY

18. Subsequent to the purchase of the life insurance policies in 2002, Defendant Jarvis continued to consult with the Repiccis and to propose wealth preservation strategies and plans.

19. In late 2006 the Repiccis were persuaded to purchase an additional Lincoln life insurance policy as part of another sophisticated plan. Lincoln Policy No. 7317144 (hereinafter "Lincoln Policy No. '144") came into effect on December 21, 2006 and was paid in full by January 2008. The cost of the policy was $480,000.

20. Defendant represented to the Repiccis that the policy "will guarantee $3,100,000 of death benefit if the two of you die now, in 10 years or in 45 years from now. This is level and there is no investment risk whatsoever".

21. By correspondence from Defendant Jarvis dated March 6, 2014, the Plaintiffs learned for the first time that Lincoln Policy No. '144 was not guaranteed and might not have the value that had been represented to them.

22. In the Spring of 2015 Plaintiffs learned after independent review that Lincoln Policy No. '144 had a value far less than even the original full purchase price and that it might become valueless absent significant additional payment of premiums.

5

**AS AND FOR A FIRST CAUSE OF ACTION
AGAINST DEFENDANT JARVIS – NEGLIGENT
MISREPRESENTATION AND OMISSION
– LINCOLN POLICY '026**

23.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

24.     Defendant Jarvis failed to reasonably and adequately describe and disclose the risks of Lincoln Policy No. '026 and failed to reasonably and adequately disclose and explain the differences between the Massachusetts Mutual Policy and Lincoln Policy No. '026.

25.     Defendant Jarvis had reason to know that Plaintiffs were relying on his expertise and representations.

26.     Had Plaintiffs been aware of the increased risk of Lincoln Policy No. '026 as compared to the Massachusetts Mutual Policy they would not have purchased it.

27.     The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

**AS AND FOR A SECOND CAUSE OF ACTION
AGAINST DEFENDANT JARVIS –
NEGLIGENT PROCUREMENT – LINCOLN POLICY '026**

28.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

29. Defendant Jarvis knew or should have known that Lincoln Policy '026 was not suitable for the goals and purposes of the specific plan proposed to Plaintiffs and also not consistent with the stated long term goals and requirements of Plaintiffs.

30. The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT JARVIS –BREACH OF FIDUCIARY DUTY– LINCOLN POLICY '026

31. The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

32. By virtue of the express representations made by Defendant Jarvis and the extended relationship between the parties whereby Defendant Jarvis continued to provide wealth planning, financial planning and estate planning advice to Plaintiffs, there was a special relationship between and parties and Defendant Jarvis owed a fiduciary duty to Plaintiffs.

33. Despite his express representations that he would monitor any plans he instituted and continue to advise Plaintiffs accordingly, Defendant Jarvis failed to advise Plaintiffs of any changes in performance of Lincoln Policy '026 and failed to advise of any corrective measures until it was too late. The Plaintiffs have been damaged as a result of this failure.

### AS AND FOR A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS – NEGLIGENT MISREPRESENTATION AND OMISSION – LINCOLN POLICY '144

34. The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

35. Defendant Jarvis failed to reasonably and adequately describe and disclose the risks of Lincoln Policy No. '144.

36. Defendant Jarvis had reason to know that Plaintiffs were relying on his expertise and representations.

37. Had Plaintiffs been aware of the risk of Lincoln Policy No. '144 and the fact that it was not guaranteed, they would not have purchased it.

38. The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

### AS AND FOR A FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS – NEGLIGENT PROCUREMENT – LINCOLN POLICY '144

39. The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

40. Defendant Jarvis knew or should have known that Lincoln Policy '144 was not suitable for the goals and purposes of the specific plan proposed to Plaintiffs and also not consistent with the stated long term goals and requirements of Plaintiffs.

41. The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT JARVIS –BREACH OF FIDUCIARY DUTY– LINCOLN POLICY '144

42. The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

43. By virtue of the express representations made by Defendant Jarvis and the extended relationship between the parties whereby Defendant Jarvis continued to provide wealth planning, financial planning and estate planning advice to Plaintiffs, there was a special relationship between and parties and Defendant Jarvis owed a fiduciary duty to Plaintiffs.

44. Despite his express representations that he would monitor any plans he instituted and continue to advise Plaintiffs accordingly, Defendant Jarvis failed to advised Plaintiffs of any changes in performance of Lincoln Policy '144 and failed to advise of any corrective measures until it was too late. The Plaintiffs have been damaged as a result of this failure.

**WHEREFORE,** the plaintiffs seek judgment against the defendants for: (1) damages in an amount that exceeds the jurisdictional limit of all courts of lower jurisdiction to be proven and determined at trial; (2) the value of premiums paid to

9

Lincoln Life & Annuity Company of New York; 3) interest on those damages and/or premiums; (4) attorneys' fees; and (5) the costs and disbursements of this action, together with such other and further relief as this Court may deem just and proper.

DATED:  January 6, 2017
Buffalo, New York

                      DUKE HOLZMAN PHOTIADIS
                          & GRESENS, LLP

By: *s/Richard A. Moore*
       Richard A. Moore, Esq.
       *Attorneys for Plaintiffs*
       701 Seneca Street, Suite 750
       Buffalo, New York 14210
       (716) 855-1111
       rmoore@dhpglaw.com