Policy Number 7146026

Insureds   JOHN A REPICCI
           LORRAINE REPICCI

Initial Specified Amount   $25,000,000          Date of Issue   OCTOBER 10, 2002

# Lincoln Life & Annuity Company of New York

A Stock Company          Home Office Location:   100 Madison Street, Suite 1860
                                                 Syracuse, NY

                         Administrator Mailing Address:   Lincoln Life & Annuity Company of New York
                                                          350 Church Street
                                                          Hartford, CT 06103-1106

The Company agrees to pay the death benefit to the Beneficiary upon receipt of due proof of the death of the second of the two Insured to die during the continuance of the policy. Such payment shall be made as provided under the "Payment of Proceeds" provision. The Company further agrees to pay the surrender value to the Owner upon surrender of the policy.

**Right to Examine the Policy.** The policy may be returned to the insurance agent through whom it was purchased or to the Company within 10 days after its receipt (60 days after its receipt where required by law for policies issued in replacement of other insurance). If the policy is so returned, it will be deemed void from the Date of Issue, and the Company will refund the premium paid.

The policy is issued and accepted subject to the terms set forth on the following pages, which are made a part of the policy. In consideration of the application and the payment of premiums as provided, this policy is executed by the Company above as of the Date of Issue.

Registrar

*Dennis R. Glass*
President

**Flexible Premium Adjustable Life Insurance Policy – On the Lives of Two Insureds –
Non-Participating – Payable on Second Death**
Death benefit payable in the event of death of the second of the Insureds to die. Adjustable death benefit. Surrender Value payable upon surrender of the policy.
Flexible Premiums payable to when the younger Insured reaches or would have reached Age 100 or the death of the second of the two Insureds to die, whichever is earlier.
Premium Payment Periods and Supplementary Coverages as shown in the Policy Specifications.

LN790                              NY

# Table of Contents

Page

Policy Specifications .................................................................................................... 3

Table of Surrender Charges ........................................................................................ 5

Table of Guaranteed Maximum Cost of Insurance Rates ............................................ 7

Table of Expense Charges .......................................................................................... 9

Corridor Percentages Table ...................................................................................... 11

Definitions ................................................................................................................. 13

Premium and Reinstatement Provisions .................................................................... 13

Ownership, Assignment and Beneficiary Provisions .................................................. 15

Insurance Coverage Provisions ................................................................................. 16

Nonforfeiture Provisions ............................................................................................ 18

Loan Provisions ......................................................................................................... 21

General Provisions ..................................................................................................... 22

Followed by Optional Methods of Settlement and Any Riders

Pages 4, 6, 8, 10 and 12 are intentionally "blank."



# Policy Specifications

Policy Number 7146026

|  |  |  |  |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 66 | Premium Class | NONSMOKER |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 65 | Premium Class | NONSMOKER |

| | | | |
|---|---|---|---|
| Initial Specified Amount | $25,000,000 | Date of Issue | OCTOBER 10, 2002 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 10 |

### LN790 FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE

**Benefit Amount:**      See Initial Specified Amount

**Effective Date:**      Date of Issue

**Monthly Insurance Cost:**   See "Cost of Insurance" Provision

**Years Deductible:**      35

**Death Benefit Option:**   Specified Amount Option 1 (Level)

**Minimum Premium:**   $7,079.70 is the minimum amount due on or before each Monthly Anniversary Day during the first 3 Policy Years. All or a portion of the remaining minimum monthly premiums can be paid in advance at any time. (For example, 12 times this amount can be paid at the beginning of a Policy Year to satisfy the requirements for that Policy Year.)

Such payments will prevent the policy from lapsing during the first 3 Policy Years and will guarantee a minimum death benefit equal to the Initial Specified Amount during that period, assuming there have been no loans or surrenders. (See "Minimum Premiums" provision.)

**Payment Mode:**      ANNUAL

**Planned Premium:**      $0.00

**Note:** This policy may terminate prior to when the younger Insured reaches or would have reached age 100 if actual premiums paid together with interest credited are insufficient to continue coverage to that date.

Upon request, the Company will in any one policy year provide one projection of illustrative benefits and values at no cost to the Owner. However, each additional projection requested in the same policy year will be subject to a maximum service fee of $25.00.

**UNDER FEDERAL LAW, THE POLICY MAY NOT QUALIFY AS LIFE INSURANCE AFTER THE YOUNGER INSURED REACHES OR WOULD HAVE REACHED AGE 100 AND MAY BE SUBJECT TO ADVERSE TAX CONSEQUENCES. A TAX ADVISOR SHOLD BE CONSULTED PRIOR TO THE CONTINUATION OF THE POLICY AFTER THE YOUNGER INSURED REACHES OR WOULD HAVE REACHED AGE 100.**

(Continued on page 3.1)

# Policy Specifications

Policy Number  7146026

|  |  |  |  |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 66 | Premium Class | NONSMOKER |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 65 | Premium Class | NONSMOKER |
| Initial Specified Amount | $25,000,000 | Date of Issue | OCTOBER 10, 2002 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 10 |

(Continued from page 3)

Note:  The guaranteed interest rate applying to the cash value is 4% on borrowed and unborrowed funds.  The interest rate used to credit interest on borrowed funds may vary, but will never be less than the loan interest rate less 2% per year.

The administrative expenses and surrender charges are determined by application of the following:  (1) a charge not to exceed 8% of each premium, (2) a $150 policy fee as of the Date of Issue and a monthly administrative expense charge not to exceed $10.00 beginning on the Date of Issue, (3) a charge per $1,000 of Initial Specified Amount or an increase in Specified Amount as specified in the Table of Maximum Expense Charges, (4) the applicable surrender charge (if any) from the Table of Surrender Charges, and (5) a fee not to exceed $25 for each partial surrenders (the maximum number of partial surrenders allowed each policy year is 4).

This policy is intended to qualify as life insurance under the Internal Revenue Code.  Changes in premium or death benefit will be allowed subject to the policy provisions, provided that the policy would continue to qualify as life insurance under the IRC.

Cost of insurance rates are determined by the Company based on its expectations of future mortality experience but such rates will never exceed the guaranteed maximum rates shown in the Table of Guaranteed Maximum Cost of Insurance Rates Per $1,000.

Note that interest credited is not guaranteed and the Company has the right to change the amount of interest credited to the policy and the amount of Cost of Insurance or other expense charges deducted under the policy which may required more premium to be paid than was illustrated or policy values may be less than those illustrated.

## Policy Specifications

Policy Number  7146026

|  | | | |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 66 | Premium Class | NONSMOKER |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 65 | Premium Class | NONSMOKER |
| Initial Specified Amount | $25,000,000 | Date of Issue | OCTOBER 10, 2002 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 10 |

**Owner**
JULIE STONE, TRUSTEE OF THE JOHN A REPICCI IRREVOCABLE INSURANCE TRUST
DATED 11-6-03.

**Beneficiary**
JULIE STONE, TRUSTEE OF THE JOHN A REPICCI IRREVOCABLE INSURANCE TRUST,
DATED 11/6/03



LN790                                    NY                                    3A -- 1 of 1

**This Page Intentionally Blank**

SPECIMEN

## Table Of Surrender Charges

The charge assessed upon surrender of the policy will be the lesser of the Surrender Charge shown or the then current Net Cash Value under the policy.  No surrender charge is applied and therefore this table remains unaffected by either a partial surrender or a decrease in Specified Amount.  An additional surrender charge table will apply to each increase in Specified Amount permitted by the Company.

| Policy Year | Surrender Charge as of Beginning of Policy Year |
|---|---|
| 1 | $1,024,375 |
| 2 | 983,100 |
| 3 | 940,950 |
| 4 | 898,000 |
| 5 | 854,250 |
| 6 | 809,750 |
| 7 | 764,525 |
| 8 | 718,600 |
| 9 | 672,075 |
| 10 | 625,000 |
| 11 | 577,425 |
| 12 | 529,350 |
| 13 | 480,600 |
| 14 | 430,925 |
| 15 | 379,950 |
| 16 | 0 |
| 17 | 0 |
| 18 | 0 |
| 19 | 0 |
| 20 | 0 |
| 21 and thereafter | 0 |



**This Page Intentionally Blank**

SPECIMEN

## Table of Guaranteed Maximum Cost of Insurance Rates Per $1,000

**SPECIAL NOTE:** The current monthly cost of insurance rate is based on the sex, issue age (nearest birthday) and Premium Class of each insured and is based upon an actuarial formula that reflects one-alive and both-alive probabilities. The Guaranteed Maximum Cost of Insurance Rates shown below reflect the amount of the Flat Extra or the Risk Factor, if any, shown in the Policy Specifications. The rates below are based on the 1980 CSO Tables.

| Duration | Monthly Rate | Duration | Monthly Rate | Duration | Monthly Rate |
|---|---|---|---|---|---|
| 1 | .013386 | 2 | .085544 | 3 | .178108 |
| 4 | .286632 | 5 | .413564 | 6 | .563216 |
| 7 | .742344 | 8 | .959956 | 9 | 1.224007 |
| 10 | 1.539708 | 11 | 1.908618 | 12 | 2.330357 |
| 13 | 2.802181 | 14 | 3.326010 | 15 | 3.911484 |
| 16 | 4.573685 | 17 | 5.330945 | 18 | 6.199825 |
| 19 | 7.186009 | 20 | 8.277035 | 21 | 9.458200 |
| 22 | 10.716876 | 23 | 12.043271 | 24 | 13.432633 |
| 25 | 14.888421 | 26 | 16.422773 | 27 | 18.061818 |
| 28 | 19.857428 | 29 | 21.931691 | 30 | 24.541272 |
| 31 | 28.224057 | 32 | 34.036959 | 33 | 44.003502 |
| 34 | 61.679020 | | | | |



This Page Intentionally Blank

SPECIMEN

## Table of Maximum Expense Charges

The following expenses are charged under this policy:

- A policy fee of $150 as of the Date of Issue.

- A charge of 8% of each premium received.

- A fee of $25.00 for each partial surrender.

- A monthly administrative expense charge of $10 beginning on the Date of Issue.

- A charge per $1,000 of Initial Specified Amount or an increase in Specified Amount that is the sum of the applicable charges with respect to both of the Insureds from the table below. Such charge is earned by the Company on the Date of Issue or the Monthly Anniversary Day coinciding with or next following the effective date of increase. However, the Company will deduct the charge in 1/12th increments monthly.

    (a) Expense charges per $1,000 for the first 20 policy years or the first year 20 policy years following an increase in Specified Amount:

| Insured's Age (Nearest Birthday) | (Standard) Smoker Class | Non-Smoker Class | Preferred Class | Insured's Age (Nearest Birthday) | (Standard) Smoker Class | Non-Smoker Class | Preferred Class |
|---|---|---|---|---|---|---|---|
| 0-35 | 0.42 | 0.35 | 0.34 | 54 | 0.84 | 0.72 | 0.58 |
| 36 | 0.43 | 0.37 | 0.34 | 55 | 0.87 | 0.75 | 0.59 |
| 37 | 0.44 | 0.38 | 0.35 | 56 | 0.90 | 0.78 | 0.63 |
| 38 | 0.45 | 0.40 | 0.36 | 57 | 0.93 | 0.80 | 0.68 |
| 39 | 0.46 | 0.41 | 0.37 | 58 | 0.96 | 0.83 | 0.72 |
| 40 | 0.47 | 0.42 | 0.38 | 59 | 0.99 | 0.85 | 0.77 |
| 41 | 0.49 | 0.43 | 0.38 | 60 | 1.03 | 0.88 | 0.81 |
| 42 | 0.52 | 0.44 | 0.39 | 61 | 1.05 | 0.93 | 0.83 |
| 43 | 0.54 | 0.45 | 0.40 | 62 | 1.07 | 0.98 | 0.86 |
| 44 | 0.57 | 0.46 | 0.41 | 63 | 1.09 | 1.03 | 0.88 |
| 45 | 0.59 | 0.48 | 0.42 | 64 | 1.11 | 1.08 | 0.90 |
| 46 | 0.62 | 0.50 | 0.45 | 65 | 1.13 | 1.13 | 0.92 |
| 47 | 0.65 | 0.52 | 0.47 | 66 | 1.20 | 1.20 | 1.00 |
| 48 | 0.68 | 0.55 | 0.50 | 67 | 1.27 | 1.27 | 1.09 |
| 49 | 0.71 | 0.57 | 0.53 | 68 | 1.35 | 1.35 | 1.17 |
| 50 | 0.74 | 0.60 | 0.55 | 69 | 1.42 | 1.42 | 1.25 |
| 51 | 0.76 | 0.63 | 0.56 | 70 - 99 | 1.49 | 1.49 | 1.33 |
| 52 | 0.79 | 0.66 | 0.57 | | | | |
| 53 | 0.82 | 0.69 | 0.57 | | | | |

The total per $1,000 charge is the sum of the per $1,000 charge for each Insured based on issue age (or attained age at increase) and underwriting classification.

SPECIMEN

This Page Intentionally Blank

# Corridor Percentages Table

As of the Date of Issue of this policy the formula in effect to determine the amount required by the Internal Revenue Code to maintain the policy as a life insurance policy under Item (b) of both Death Benefit Option 1 and Death Benefit Option 2 is based on a percent of the Cash Value as determined from the following table:

(i)   If the death of the second of the Insureds to die occurs on or before the younger Insured's age 40, 250% of the cash value on the date of such death.

(ii)   If the death of the second of the Insureds to die occurs after the younger Insured's age 40, a percent of the cash value on the date of such death as determined from the following table:

| Attained Age of The Younger Insured (Nearest Birthday) | Corridor Percentage | Attained Age of The Younger Insured (Nearest Birthday) | Corridor Percentage |
|---|---|---|---|
| 0-40 | 250% | 70 | 115% |
| 41 | 243 | 71 | 113 |
| 42 | 236 | 72 | 111 |
| 43 | 229 | 73 | 109 |
| 44 | 222 | 74 | 107 |
| 45 | 215 | 75 | 105 |
| 46 | 209 | 76 | 105 |
| 47 | 203 | 77 | 105 |
| 48 | 197 | 78 | 105 |
| 49 | 191 | 79 | 105 |
| 50 | 185 | 80 | 105 |
| 51 | 178 | 81 | 105 |
| 52 | 171 | 82 | 105 |
| 53 | 164 | 83 | 105 |
| 54 | 157 | 84 | 105 |
| 55 | 150 | 85 | 105 |
| 56 | 146 | 86 | 105 |
| 57 | 142 | 87 | 105 |
| 58 | 138 | 88 | 105 |
| 59 | 134 | 89 | 105 |
| 60 | 130 | 90 | 105 |
| 61 | 128 | 91 | 104 |
| 62 | 126 | 92 | 103 |
| 63 | 124 | 93 | 102 |
| 64 | 122 | 94 | 101 |
| 65 | 120 | 95 | 100 |
| 66 | 119 | 96 | 100 |
| 67 | 118 | 97 | 100 |
| 68 | 117 | 98 | 100 |
| 69 | 116 | 99 AND THEREAFTER | 100 |

SPECIMEN

This Page Intentionally Blank

# Premium and Reinstatement Provisions (continued)

**Minimum Premiums.** The Minimum Premium as shown in the Policy Specifications for the Initial Specified Amount as of the Date of Issue is the initial premium amount required to commence coverage under this policy and the amount required to prevent the policy from lapsing within the first 3 Policy Years, assuming there are no loans or partial surrenders. Thereafter, the minimum premium amount is the amount required to prevent the policy from lapsing as set forth under the "Policy Lapse and Grace Period" provision.

**Planned Premiums.** The Owner may, from time to time, establish the amount and frequency of premium payments (the "Planned Premium") subject to the maximum premium requirements permitted under the Internal Revenue Code to qualify the policy as life insurance. The Company will send premium reminder notices for the amounts and frequency of payments established by the Owner. The Company reserves the right to stop sending such notices if no premium payment is made within 2 policy years.

The Planned Premium amount as shown in the Policy Specifications page, payable in accordance with the payment mode specified, may not continue the policy in force until the Policy Anniversary after the younger Insured reaches or would have reached age 100 even if the amount is paid as scheduled. The duration for which the policy will continue will depend upon:

1. The amount, timing, and frequency of premium payment;
2. Changes in the Specified Amount and the Death Benefit Options;
3. Changes in current interest credits and insurance cost;
4. Changes in deduction for riders, if any; and
5. Partial Surrenders and loans.

**Unscheduled Premiums.** In addition to planned premiums, unscheduled premium payments of at least $100.00 each may be made before the younger Insured reaches or would have reached Age 100. The Company reserves the right to limit the amount or number of any such unscheduled premium payments if (a) such is necessary to qualify the policy as life insurance under the Internal Revenue Code, or (b) such unscheduled premium payments would result in an increase in coverage under the policy according to item (b) under Death Benefit Options 1 or 2 in the "Death Benefit" provision.

**Policy Lapse and Grace Period.** During the first 3 Policy Years, the policy will lapse if the premium payments made do not equal or exceed the Minimum Premium payments due as shown in the Policy Specifications. Thereafter, the policy will lapse if the Net Cash Value on any Monthly Anniversary Day is less than the required Monthly Deduction. In such event, a grace period of 61 days will be granted to pay a premium sufficient to cover the required Monthly Deduction.

At least 31 days but no more than 45 days prior to the end of the grace period the Company will send a notice that there is insufficient Net Cash Value under the policy. The notice will show the amount of premium required to cover the Monthly Deduction to prevent the policy from lapsing and will be mailed to the last known addresses of the Owner and the assignee of record with the Company, if any. If such premium, as billed by the Company, is not paid within the grace period, all coverage under the policy will terminate without value at the end of the grace period. If the second of the two Insureds to die dies during the grace period, the Company will deduct any overdue Monthly Deductions from the Death Benefit proceeds.

**Reinstatement.** After the policy has lapsed due to the expiration of a grace period, it may be reinstated at any time provided: (a) it has not been surrendered for cash; (b) a written application for reinstatement is submitted to the Company, (c) evidence of insurability satisfactory to the Company is furnished with respect to (i) both Insureds if the lapse occurred while both Insureds were alive, or (ii) the survivor if the lapse occurred after the death of one of the Insureds; (d) enough premium is paid to keep the policy in force for at least 2 months; and (e) any indebtedness against the policy increased by any loan interest is paid or reinstated. Such premium shall be in an amount equal to the Monthly Deductions due and unpaid during the Grace Period plus two additional Monthly Deductions.

## Premium and Reinstatement Provisions (continued)

The effective date of the reinstated policy will be the Monthly Anniversary Day that coincides with or next follows the date the application for reinstatement is approved by the Company. On such date (a) the amount of the surrender charge deducted when the policy lapsed will be recredited to the cash value so that the cash value on the effective date of reinstatement, before any premium is applied, will be equal in amount to the cash value at the time the policy entered the grace period and (b) the charges shown in the "Table of Surrender Charges" under this policy will be reinstated as of the Policy Year in which the policy lapsed.

## Ownership, Assignment and Beneficiary Provisions

**Owner.** The Owner on the Date of Issue will be the person designated in the Policy Specifications. If no Owner is designated, the Insureds will be the Owner.

**Rights of Owner.** While at least one of the Insureds is alive, the Owner may exercise all rights and privileges under the policy including the right to: (a) release or surrender the policy to the Company, (b) agree with the Company to any change in or amendment to the policy, (c) transfer all rights and privileges to another person, (d) change the Beneficiary, and (e) assign the policy.

All rights and privileges of Owner may be exercised without the consent of any designated transferee, or any Beneficiary if the Owner has reserved the right to change the Beneficiary. All such rights and privileges, however, may be exercised only with the consent of any assignee recorded with the Company.

Unless provided otherwise, if the Owner is a person other than an Insured and dies before both Insureds die, all the rights and privileges of Owner will vest in the Owner's executors, administrators or assigns.

**Transfer of Owner.** The Owner may transfer all rights and privileges of Owner. On the effective date of transfer, the transferee will become the Owner and will have all the rights and privileges of Owner. The Owner may revoke any transfer prior to its effective date.

Unless provided otherwise, a transfer will not affect the interest of any Beneficiary designated prior to the effective date of the transfer.

A transfer of Owner, or a revocation of transfer, must be in writing on a form satisfactory to the Company and filed at the administrator mailing address. A transfer, or a revocation, will take effect on the date the notice of transfer or revocation is signed and subject to receipt of the notice by the Company. When a transfer or revocation has been so received, it will take effect as of the effective date specified by the Owner. Any payment made or any action taken or allowed by the Company before the transfer, or the revocation, is received will be without prejudice to the Company.

**Assignment.** The Company will not be affected by any assignment of the policy until the original assignment or a certified copy of the assignment is filed at the administrator mailing address.

The Company does not assume responsibility for the validity or sufficiency of any assignment. An assignment of the policy will operate so long as the assignment remains in force.

To the extent provided under the terms of the assignment, an assignment will transfer the interest of any designated transferee or of any Beneficiary if the Owner has reserved the right to change the Beneficiary.

**Beneficiary.** The Beneficiary on the Date of Issue will be the person designated in the Policy Specifications.

Unless provided otherwise, the interest of any Beneficiary who dies before both Insureds will vest in the Owner or the Owner's executors, administrators or assigns.

LN790                                          NY                                          15

## Ownership, Assignment and Beneficiary Provisions (continued)

**Change of Beneficiary.** A new Beneficiary may be designated from time to time. A request for change of Beneficiary must be in writing on a form satisfactory to the Company and filed at the administrator mailing address. The request must be signed by the Owner. The request must also be signed by any irrevocable Beneficiary.

A change of Beneficiary will take effect on the date the notice of change is signed and subject to receipt of the notice by the Company. When a change of Beneficiary has been so received, whether or not both Insureds are then alive, it will take effect as of the date the request was signed. Any payment made or any action taken or allowed by the Company before the change of Beneficiary is received will be without prejudice to the Company.

Unless provided otherwise, the right to change any Beneficiary is reserved to the Owner.

## Insurance Coverage Provisions

**Effective Date of Coverage.** Coverage begins on the date shown as the Date of Issue shown on the Policy Specifications provided the initial premium has been paid while both Insureds are alive and prior to any change in health from that shown in the original application. This provision will not, however, affect the terms of any Temporary Insurance Agreement.

For any increase or addition to coverage, the effective date will be the Monthly Anniversary Day that coincides with or next follows the date the supplemental application is approved by the Company provided (a) sufficient Net Cash Value exists under the policy to cover the cost for the increase or (b) sufficient premium for the increase or addition has been paid. The effective date for any change in insurance coverage will be shown under the Effective Date on the supplemental Policy Specifications page that will be sent to the Owner.

**Termination of Coverage.** All coverage under this policy will automatically terminate upon whichever of the following occurs first:

1. The Owner surrenders the policy.

2. The death of the second of the two Insured to die.

3. The grace period ends as described under the Policy Lapse and Grace Period provision.

Any Monthly Deduction made after termination of coverage will not, by itself, be considered a reinstatement of the policy nor a waiver by the Company of the termination. Any such deduction will be refunded.

**Death Benefit.** If both the Insureds die while the policy is in force, the Company will pay a Death Benefit based upon the Death Benefit Option in effect on the date of death of the second of the Insureds to die, as provided in the "Payment of Proceeds" provision. The Death Benefit Options available under this policy are as follows:

| | |
|---|---|
| DEATH BENEFIT OPTION 1 | The Specified Amount includes the Cash Value. The Death Benefit (before deduction of any Indebtedness against the policy) will equal the greater of: |

## Insurance Coverage Provisions (continued)

    (a)  the Specified Amount on the date of death of the second of the Insureds to die, or

    (b)  the amount determined by the Company equal to that required by the Internal Revenue Code to maintain this contract as a life insurance policy (refer to Corridor Percentages Table on page 11). Any amount so determined would be set forth in the annual report, which the Company will send to the Owner.

For Option 1, a partial surrender will reduce the Cash Value, Death Benefit, and Specified Amount. If the Death Benefit on the date of partial surrender is determined on (b) above, then the partial surrender will not reduce the Specified Amount if the amount surrendered is less than the increase in the Death Benefit as calculated in (b) above.

DEATH BENEFIT OPTION 2     The Specified Amount is in addition to the Cash Value. The Death Benefit (before deduction of any Indebtedness against the policy) will equal the greater of:

    (a)  the Specified Amount on the date of death of the second of the Insureds to die plus the Cash Value on the date of death, or

    (b)  the amount determined by the Company equal to that required by the Internal Revenue Code to maintain this contract as a life insurance policy (refer to Corridor Percentages Table on page 11). Any amount so determined will be set forth in the annual report which the Company will send to the Owner.

For Option 2, a partial surrender will reduce the Cash Value and the Death Benefit. The Specified Amount will not be reduced.

Unless the application for the policy indicates otherwise, or a change in the Death Benefit Option is effected, as provided in the "Change in Amount of Death Benefit" provision, the Company will consider Death Benefit Option 1 to be the option in effect.

**Changes in Amount of Death Benefit**. Unless provided otherwise, a change in death benefit may be effected under this policy, subject to (a) the consent of the Company and (b) the following conditions:

1.   **General**
The Company will require the Owner to submit a Supplementary Application for any change in coverage. The policy will be endorsed and supplemental Policy Specifications will be sent to the Owner once the change is completed.

2.   **Decrease in Specified Amount**
The Owner may decrease the Specified Amount of this policy at any time. The Owner cannot reduce the Specified Amount below $100,000.

The decrease will take effect on the Monthly Anniversary Day that coincides with or next follows the date on which the Owner's written request is received at the administrator mailing address shown on the front cover of the policy.

The decrease will reduce any past increases in the reverse order in which they occurred.

3.   **Increase in Specified Amount**
The Owner may increase the Specified Amount of this policy at any time subject to satisfactory evidence of insurability (of both Insureds). The Date of Issue of any Increase will be shown in the supplemental Policy Specifications sent to the Owner.

## Insurance Coverage Provisions (continued)

If the Company approves the request, the increase will become effective upon (i) the Monthly Anniversary Day that coincides with or next follows the date the request is approved by the Company and (ii) the deduction from the Cash Value of the first month's cost for the increase, using the Insureds' then attained ages (nearest birthday) as the issue age for such coverage.

After an increase in Specified Amount, the weighted average per $1,000 expense charge and Cost of Insurance will apply.

4.  **Change in Death Benefit Option**
    The Owner may change the Death Benefit Option after the first Policy Year.  The change will take effect on the Monthly Anniversary Day on or next following the date on which the Owner's written request is received at the administrator mailing address shown on the front cover of the policy.  There will be no change in the surrender charge.

    (a)  Change from Option 1 to Option 2
         The Specified Amount will be reduced to equal the Death Benefit immediately prior to the change less the Cash Value at the time of the change.

    (b)  Change from Option 2 to Option 1
         The Specified Amount will be increased to equal the Specified Amount immediately prior to the change plus the Cash Value at the time of the change.

**Projection of Benefits and Values.**  The Company will provide a projection of illustrative future death benefits and Cash Values at any time upon written request and payment of a reasonable service fee. The fee payable will be the one then in effect for this service.  The illustration will be based on (a) assumptions as to Specified Amount(s), type of coverage option(s) and future planned annual premium payments, and (b) such other assumptions (e.g., mortality and interest) as are necessary and specified.

## Nonforfeiture Provisions

**Cash Value.**  On each Monthly Anniversary Day, the cash value will be calculated as (1), plus (2), plus (3), minus (4), minus (5), minus (6) where:

(1)   is the Cash Value on the preceding Monthly Anniversary Day.
(2)   is all premiums received since the preceding Monthly Anniversary Day less the percentage of premium expense charge from the "Table of Expense Charges."
(3)   is interest on items (1) and (2).
(4)   is the Monthly Deduction for the month following the Monthly Anniversary Day.
(5)   is the applicable per $1,000 expense charge from the "Table of Expense Charges" for the Initial and any Increase in Specified Amount.
(6)   is the amount of any partial surrenders and fees on the Monthly Anniversary Day.

If premium is received at any time other than the beginning of a policy month, the rate of interest used in the calculation of Item (3) above will be determined pro rata from the date of receipt.

On any day other than a Monthly Anniversary Day, the Cash Value will be the Cash Value as of the preceding Monthly Anniversary Day, plus all premiums received since the preceding Monthly Anniversary Day less the percentage of premium expense charge from the "Table of Expense Charges."  The Cash Value on the Date of Issue will be the initial premium received less (i) the policy fee from the "Table of Expense Charges," (ii) the Monthly Deduction for the first policy month, and (iii) the percentage of premium expense charge from the "Table of Expense Charges," and (iv) the charge per $1,000 of Initial Specified Amount from the "Table of Expense Charges" deducted in $1/12^{th}$ increments monthly.

## Nonforfeiture Provisions (continued)

**Net Cash Value.**  The Net Cash Value as of any date shall equal the Cash Value on that date as determined above less any indebtedness against the policy.

**Monthly Deduction.**  The Monthly Deduction for a policy month will be calculated as Charge (1) plus Charge (2) where:

CHARGE (1)    is the cost of insurance (as described in the "Cost of Insurance" provision) and the cost of any additional benefits provided by rider for the policy month;

CHARGE (2)    is the monthly administrative expense charge from the "Table of Expense Charges."

**Interest Rates.**  The Company will credit interest to the Cash Value of the policy on each Monthly Anniversary Day.

The interest rate applied to the net cash value of the policy will be the greater of:

(a)     .32737% per month, compounded monthly (4% compounded yearly), or

(b)     a rate determined by the Company in accordance with procedures and standards on file with the Superintendent of Insurance.  Such rate will be established on a prospective basis, be subject to review by the Company at least annually and may vary by the issue year and duration.  Such interest credits will be nonforfeitable from the date of crediting.

The monthly interest rate applied to that borrowed portion of the Cash Value which secures any outstanding policy loan when expressed as an equivalent annual rate shall be equal to the policy loan rate (as described in the "Loan Interest" section) less a percentage no greater than 2%.

**Additional Interest.**  In addition to the interest being credited under the policy on each Monthly Anniversary Day, the Company will grant additional interest at the end of policy years 6 and thereafter. This amount will equal 0.25% of the Cash Value in Policy Years 6-10, and will equal 0.50% of Cash Value in Policy Years 11 and thereafter and will be applied automatically to increase the then current Cash Value of the policy.  The additional interest is guaranteed. The additional interest is guaranteed to be a reduction in the Company's hold back margin for profit and expenses. The minimum guaranteed interest rate will increase by the same additional amounts.

**Cost of Insurance.**  The Cost of Insurance under this policy is determined on a monthly basis.  Such cost is calculated as (1), multiplied by the result of (2) minus (3), where:

(1)     is the Cost of Insurance rate as described in the "Cost of Insurance Rates" provision,

(2)     is the Death Benefit at the beginning of the policy month, divided by 1.0032737, and

(3)     is the Cash Value at the beginning of the policy month prior to the deduction for the monthly Cost of Insurance, or zero if greater.

## Nonforfeiture Provisions (continued)

**Cost of Insurance Rates.**  Monthly Cost of Insurance rates will be determined by the Company, based on its expectations as to future mortality experience, and a portion of such cost of insurance rates may represent a recovery of expenses associated with the administration of the policy; such recovery may be greater in the early policy years.  Any change in Cost of Insurance rates will apply to all individuals of the same classes as the Insureds and will be determined in accordance with procedure and standards on file with the Superintendent of Insurance.  In determining the monthly Cost of Insurance, the Company will add the amount of the Flat Extra Monthly Insurance Cost, if any, shown in the Policy Specifications.  If an Insured is in a rated premium class, the monthly Cost of Insurance rates for that premium class will reflect the Risk Factor, if any, shown in the Policy Specifications. Under no circumstances will the Cost of Insurance rates ever be greater than those specified in the "Table of Guaranteed Maximum Cost of Insurance Rates."

The determination on each Monthly Anniversary Day of the then current monthly Cost of Insurance rate and the corresponding maximum monthly Cost of Insurance rate applicable under this policy is based upon an actuarial formula that reflects one-alive and both-alive probabilities and uses mortality rates for individuals of the same classes as the Insureds.  Such actuarial formula has been filed with the insurance supervisory official of the jurisdiction in which this policy is delivered.

**Insufficient Value.**  If the Net Cash Value on the day preceding a Monthly Anniversary Day is insufficient to cover the Monthly Deduction for the month following such Monthly Anniversary Day, the policy will terminate as provided in the "Policy Lapse and Grace Period" provision.

**Basis of Computations.**  The minimum Cash Values under this policy are guaranteed to be no less than those calculated based on the applicable Commissioners 1980 Standard Ordinary Mortality Table (age nearest birthday) with appropriate increase for rated risks and with interest at 4% per year, compounded yearly.

The Cash Values are at least equal to those required on the Date of Issue by the jurisdiction in which this policy is delivered. A detailed statement of the method of computing values has been filed with the insurance supervisory official of that jurisdiction.

**Continuation of Insurance.**  Insurance coverage under this policy and any benefits provided by rider will be continued until the Net Cash Value is insufficient to cover the Monthly Deduction, as provided in the "Policy Lapse and Grace Period" provision.   If at least one of the two Insureds is alive when the younger Insured reaches or would have reached Age 100 and the policy has not lapsed or been surrendered, the Company will: a) continue to credit interest to the Cash Value as defined in the "Interest Rates" provision; b) no longer charge Monthly Deductions, expense charges, administrative or policy fees under the policy; c) no longer accept premium payments; and d) continue the policy in force and pay the death benefit (as provided under the "Payment of Proceeds" provision) upon receipt of the due proof of death of the second of the two Insureds to die.  This provision will not continue any rider attached to the policy beyond the date for its termination, as provided in the rider.

**Surrender and Surrender Value.**  This policy may be surrendered on any Monthly Anniversary Day while at least one of the Insureds is alive.  The amount payable on surrender of this policy (i.e., the "surrender value") will be the Net Cash Value on the date of surrender less:

(1)   a charge determined from the "Table of Surrender Charges." (The charges shown in the table are the charges imposed at the beginning of the policy year; charges imposed upon surrender during the policy year will be determined on a consistent basis allowing for the lapse of time within such year.); and

(2)   any portion of the earned expense charge per $1,000 not yet deducted from the Cash Value.

## Nonforfeiture Provisions (continued)

The Surrender Value will be paid in cash or under an elected optional mode of settlement. The Company may defer the payment of the Surrender Value for the period permitted by law, but not for more than 6 months from the date of request for surrender.

If surrender is requested under this section within 30 days after a Policy Anniversary, the Surrender Value will not be less than the Surrender Value on that anniversary, less any policy loans or partial surrenders made on or after such anniversary.

**Partial Surrender.** A partial surrender of this policy may be elected on any Monthly Anniversary Day while the policy is in force and while at least one of the Insureds is alive, by submitting written request to the Company. The amount of the partial surrender (a) must be at least $500.00 but (b) may not exceed 90% of the then current Surrender Value. Partial Surrender may continue to be made after the younger Insured reaches or would have reached age 100.

When a partial surrender is made, the amount of the partial surrender and the applicable fee will be deducted from the Cash Value. Also, the Death Benefit payable will be reduced by the amount of the partial surrender as described in the "Death Benefit" provision. The reduction will be applied to the most recent increase in the Specified Amount. The Specified Amount remaining in force after any partial surrender will be subject to the limits and minimum amount described in the "Changes in Amount of Death Benefit" provision.

A fee as set forth in the "Table of Expense Charges" will be deducted from the cash value for each partial surrender. The Company reserves the right to limit the number of partial surrenders in a policy year to four. The Company also reserves the right to defer payment for the period permitted by law, but not for more than 6 months from the date of request for the partial surrender, unless such partial surrender amount is to be applied to the payment of premiums on policies with the Company.

## Loan Provisions

**Policy Loans.** After a cash Surrender Value is available, the Company will grant a loan against the policy provided: (a) a proper loan agreement is executed and (b) a satisfactory assignment of the policy to the Company is made. Loans may continue to be made after the younger Insured reaches or would have reached age 100. The Owner should consult his or her tax advisor before making any loan under the policy. The total amount of all loans with interest may not exceed the cash value, less the surrender charge of the policy.

The Company may defer a loan for 6 months from the date of the request for the loan. The Company will not, however, defer a loan to be used to pay premiums on policies with the Company.

**Loan Interest.** Interest on any policy loan will be at a rate equivalent to 6% per year payable in arrears. Loan interest is payable annually on each Policy Anniversary or as otherwise agreed in writing by the Owner and the Company. Interest not paid when due will then be added to the loan and bear interest at the same rate. Interest, as it accrues from day to day, will constitute an Indebtedness.

**Indebtedness.** The term "Indebtedness" means money which is owed on this policy because of a loan on this policy. Any Indebtedness at time of death or surrender will reduce the proceeds payable under this policy. Indebtedness may be repaid in whole or in part at any time. If, however, a premium is not paid within the grace period, any outstanding Indebtedness can be repaid only if the policy is reinstated.

If at any time the total Indebtedness against the policy, including interest accrued but not due, equals or exceeds the then current Cash Value, less surrender charge, the policy will thereupon terminate without value subject to the conditions in the "Policy Lapse and Grace Period" provision.

# General Provisions

**The Policy.**  The policy and the application for the policy (including any supplemental applications for additional Specified Amounts) constitute the entire contract between the parties.  All statements made in the application will be deemed representations and not warranties. No statement will be used in defense of a claim under the policy unless it is contained in the application, and a copy of the application is attached to the policy when issued.

Only the President, a Vice President, an Assistant Vice President, a Secretary, a Director or an Assistant Director of the Company may make or modify this policy.

The policy is executed at the administrator mailing address shown on the front cover of the policy.

**Non-Participation.**  The policy is not entitled to share in surplus distribution.

**Notice of Claim.**  Due proof of death must be furnished to the Company within 30 days or as soon as reasonably possible after the death of each Insured. Such notice shall be given by or on behalf of the Owner to the Company at its administrator mailing address shown on the front cover of the policy.

**Payment of Proceeds.**    Proceeds, as used in this policy, means the amount payable (a) upon the surrender of this policy, or (b) upon the death of the second of the two Insureds to die.

The amount of the proceeds payable upon such death will be the Death Benefit less any Indebtedness against the policy.  Such death benefit proceeds are payable upon the death of the second of the two Insureds to die subject to the receipt of due proof of death for both Insureds. Such proceeds will be payable in one lump sum unless an optional method of settlement is requested (see Optional Methods of Settlement rider). If the policy is surrendered, the proceeds payable upon surrender will be the Surrender Value described in the "Nonforfeiture Provisions" section. All proceeds payable under the policy are subject to the adjustments described in the following provisions:

1. Misstatement of Age or Sex;
2. Incontestability;
3. Suicide;
4. Partial Surrender;
5. Policy Lapse and Grace Period; and
6. Indebtedness.

When settlement is made, the Company may require return of the policy.

**Misstatement of Age or Sex.**  If the age or sex of either of the Insureds is misstated and the misstatement is discovered at the time of death of the second Insured to die, the Company will adjust all Death Benefit payable. The Death Benefit will be adjusted to the amount that the Cost of Insurance charge for the month of the death of the second Insured would have purchased based on the correct ages and sexes.

If the misstatement of age or sex is discovered while either of the Insureds is alive, a retroactive adjustment will be made to the Cash Value using the correct Cost of Insurance Rates and Expense Charges. All future charges and benefits will be based on the correct ages and sexes.

**Suicide.**  Suicide of either of the Insureds within 2 years from the Date of Issue is a risk not assumed under the policy.  In such event, the Company will provide the surviving Insured with a single life policy based on the original Date of Issue and premium class. The rates of the new policy shall be based on the new plan of insurance.

Suicide of either of the Insureds within 2 years from the effective date of any applied for increase in the Specified Amount (other than an applied for increase solely attributable to a change in Death Benefit

## General Provisions (continued)

Option), is a risk not assumed under the policy. In such event, the Company will pay to the Beneficiary, a refund of the monthly charges for the cost of such increase in insurance and the Amount of Insurance will be limited to the Specified Amount before such increase was made.

**Incontestability.**  Except for nonpayment of Monthly Deductions, this policy will be incontestable after it has been in force during the lifetime of either Insured for 2 years from its Date of Issue. This means that the Company will not use any material misstatement in the application to challenge a claim or avoid liability after that time.

Any applied for increase in the Specified Amount (other than an applied for increase solely attributable to a change in Death Benefit Option) effective after the Date of Issue will be incontestable only after such increase has been in force for 2 years during the lifetime of each Insured. The basis for contesting an increase in Specified Amount will be limited to material misrepresentations made in the supplemental application for the increase. The basis for contesting after reinstatement will be (a) limited for a period of 2 years from the date of reinstatement and (b) limited to material misrepresentations made in the reinstatement application.

**Annual Report.**  The Company will send a report to the Owner at least once a year without charge for such a report. The report will show (a) the current Death Benefit, (b) the current Net Cash Value, (c) premiums paid and all deductions made since the last report, and (d) outstanding policy loans and (e) any other information required by the Superintendent of Insurance.

**Change of Plan.**  This policy may be exchanged for another policy only if the Company consents to the exchange and all requirements for the exchange, as determined by the Company, are met.

However, the Owner may exchange the policy for separate single life policies on each of the insureds under any of the following circumstances:

(1)  a change in the Internal Revenue Code (IRC) that would result in a less favorable tax treatment of the insurance provided under this policy,

(2)  the Insureds are legally divorced while this policy is in force, or

(3)  the insureds' business is legally dissolved while the policy is in force.

Such a policy split is subject to all of the following conditions:

(1)  both Insureds are alive and the policy is in force at the time of the change in circumstances noted above,

(2)  evidence of insurability satisfactory to the Company is furnished, and

(3)  the Amount of Insurance of each new policy is not larger than one half of the Amount of Insurance then in force under this policy.

The new policy will not take effect until the date all such requirements are met. The premium for each new policy is determined according to the Company's rates then in effect for that policy based on each Insured's then attained age and sex.

LN790                          NY                                              23

# Optional Methods of Settlement

This rider is made part of the policy to which it is attached as of the Date of Issue. Upon written request, the Company will agree to pay in accordance with any one of the options shown below all or part of the net proceeds that may be payable under the policy.

While at least one of the Insureds is alive, the request, including the designation of the payee, may be made by the Owner. At the time a Death Benefit becomes payable under the policy, the request, including the designation of the payee, may then be made by the Beneficiary. Once Income Payments have begun, the policy cannot be surrendered and the payee cannot be changed, nor can the settlement option be changed.

**Payment Dates.** The first Income Payment under the settlement option selected will become payable on the date proceeds are settled under the option. Subsequent payments will be made on the first day of each month in accordance with the manner of payment selected.

**Minimum Payment Amount.** The settlement option elected must result in an Income Payment at least equal to the minimum payment amount in accordance with the Company's rules then in effect. If at any time payments are less than the minimum payment amount, the Company has the right to change the frequency to an interval that will provide the minimum payment amount. If any amount due is less than the minimum per year, the Company may make other arrangements that are equitable.

**Income Payments.** Income Payments will remain constant pursuant to the terms of the settlement option(s) selected. The amount of each Income Payment shall be determined in accordance with the terms of the settlement option and the table(s) set forth in this rider, as applicable. The mortality table used is the 1983 Individual Annuitant Mortality (IAM) Table "a" and 3% interest. In determining the settlement amount, the settlement age of the payee will be reduced by one year when the first installment is payable during the 1990's, reduced by two years when the first installment is payable during the decade 2000-2009, and so on.

**First Option: Life Annuity.** An annuity payable monthly to the payee during the lifetime of the payee, ceasing with the last payment due prior to the death of the payee.

**Second Option: Life Annuity with Certain Period.** An annuity providing monthly income to the payee for a fixed period of 60, 120, 180, or 240 months (as selected), and for as long thereafter as the payee shall live.

**Third Option: Annuity Certain.** An amount payable monthly for the number of years selected which may be from 5 to 30 years.

**Fourth Option: As a Deposit at Interest.** The Company will retain the proceeds while the payee is alive and will pay interest annually thereon at a rate of not less than 3% per year. Upon the payee's death, the amount on deposit will be paid.

**Excess Interest.** At the sole discretion of the Company, excess interest may be paid or credited from time to time in addition to the payments guaranteed under any Optional Method of Settlement.

**Additional Options.** Any proceeds payable under the policy may also be settled under any other method of settlement offered by the Company at the time of the request.

**Lincoln Life & Annuity Company of New York**

*Dennis R. Glass*
President

LR450 LNY                                                                                              Page 1

# Optional Methods of Settlement (Continued)

**Life Annuity and Life Annuity with Certain Period Table for Each $1,000 Applied – Male**

| Settlement age of payee nearest birthday | Life Annuity | Number of instalments certain | | | |
|---|---|---|---|---|---|
| Age | | 60 | 120 | 180 | 240 |
| 10 | $2.87 | $2.87 | $2.87 | $2.87 | $2.87 |
| 11 | 2.89 | 2.89 | 2.89 | 2.88 | 2.88 |
| 12 | 2.90 | 2.90 | 2.90 | 2.90 | 2.90 |
| 13 | 2.92 | 2.92 | 2.91 | 2.91 | 2.91 |
| 14 | 2.93 | 2.93 | 2.93 | 2.93 | 2.92 |
| 15 | 2.95 | 2.95 | 2.95 | 2.94 | 2.94 |
| 16 | 2.96 | 2.96 | 2.96 | 2.96 | 2.96 |
| 17 | 2.98 | 2.98 | 2.98 | 2.98 | 2.97 |
| 18 | 3.00 | 3.00 | 3.00 | 2.99 | 2.99 |
| 19 | 3.02 | 3.02 | 3.01 | 3.01 | 3.01 |
| 20 | 3.04 | 3.04 | 3.03 | 3.03 | 3.03 |
| 21 | 3.05 | 3.05 | 3.05 | 3.05 | 3.05 |
| 22 | 3.08 | 3.08 | 3.07 | 3.07 | 3.07 |
| 23 | 3.10 | 3.10 | 3.09 | 3.09 | 3.09 |
| 24 | 3.12 | 3.12 | 3.12 | 3.11 | 3.11 |
| 25 | 3.14 | 3.14 | 3.14 | 3.14 | 3.13 |
| 26 | 3.17 | 3.17 | 3.16 | 3.16 | 3.15 |
| 27 | 3.19 | 3.19 | 3.19 | 3.19 | 3.18 |
| 28 | 3.22 | 3.22 | 3.22 | 3.21 | 3.20 |
| 29 | 3.25 | 3.25 | 3.24 | 3.24 | 3.23 |
| 30 | 3.28 | 3.28 | 3.27 | 3.27 | 3.26 |
| 31 | 3.31 | 3.31 | 3.30 | 3.30 | 3.29 |
| 32 | 3.34 | 3.34 | 3.33 | 3.33 | 3.32 |
| 33 | 3.37 | 3.37 | 3.37 | 3.38 | 3.35 |
| 34 | 3.41 | 3.41 | 3.40 | 3.39 | 3.38 |

| Settlement age of payee nearest birthday | Life Annuity | Number of instalments certain | | | |
|---|---|---|---|---|---|
| Age | | 60 | 120 | 180 | 240 |
| 35 | $3.44 | $3.44 | $3.44 | $3.43 | $3.41 |
| 36 | 3.48 | 3.48 | 3.48 | 3.46 | 3.45 |
| 37 | 3.52 | 3.52 | 3.52 | 3.50 | 3.48 |
| 38 | 3.57 | 3.56 | 3.56 | 3.54 | 3.52 |
| 39 | 3.61 | 3.61 | 3.60 | 3.58 | 3.56 |
| 40 | 3.66 | 3.65 | 3.65 | 3.63 | 3.60 |
| 41 | 3.71 | 3.70 | 3.69 | 3.67 | 3.64 |
| 42 | 3.76 | 3.75 | 3.74 | 3.72 | 3.68 |
| 43 | 3.81 | 3.81 | 3.79 | 3.77 | 3.73 |
| 44 | 3.87 | 3.86 | 3.85 | 3.82 | 3.77 |
| 45 | 3.93 | 3.92 | 3.90 | 3.87 | 3.82 |
| 46 | 3.99 | 3.98 | 3.96 | 3.92 | 3.87 |
| 47 | 4.05 | 4.05 | 4.02 | 3.98 | 3.92 |
| 48 | 4.12 | 4.11 | 4.09 | 4.04 | 3.97 |
| 49 | 4.19 | 4.18 | 4.15 | 4.10 | 4.03 |
| 50 | 4.27 | 4.26 | 4.22 | 4.17 | 4.08 |
| 51 | 4.34 | 4.33 | 4.30 | 4.23 | 4.14 |
| 52 | 4.43 | 4.41 | 4.37 | 4.30 | 4.20 |
| 53 | 4.51 | 4.50 | 4.45 | 4.37 | 4.26 |
| 54 | 4.60 | 4.59 | 4.54 | 4.45 | 4.32 |
| 55 | 4.70 | 4.68 | 4.62 | 4.53 | 4.39 |
| 56 | 4.80 | 4.78 | 4.72 | 4.61 | 4.46 |
| 57 | 4.91 | 4.89 | 4.82 | 4.69 | 4.51 |
| 58 | 5.03 | 5.00 | 4.92 | 4.78 | 4.58 |
| 59 | 5.15 | 5.12 | 5.03 | 4.87 | 4.65 |

| Settlement age of payee nearest birthday | Life Annuity | Number of instalments certain | | | |
|---|---|---|---|---|---|
| Age | | 60 | 120 | 180 | 240 |
| 60 | $5.28 | $5.25 | $5.14 | $4.96 | $4.71 |
| 61 | 5.43 | 5.39 | 5.27 | 5.06 | 4.78 |
| 62 | 5.58 | 5.53 | 5.39 | 5.16 | 4.84 |
| 63 | 5.74 | 5.69 | 5.53 | 5.26 | 4.90 |
| 64 | 5.91 | 5.85 | 5.66 | 5.36 | 4.96 |
| 65 | 6.10 | 6.03 | 5.81 | 5.46 | 5.02 |
| 66 | 6.30 | 6.21 | 5.96 | 5.56 | 5.08 |
| 67 | 6.51 | 6.41 | 6.12 | 5.66 | 5.13 |
| 68 | 6.73 | 6.62 | 6.28 | 5.77 | 5.18 |
| 69 | 6.97 | 6.84 | 6.44 | 5.86 | 5.23 |
| 70 | 7.23 | 7.07 | 6.61 | 5.96 | 5.27 |
| 71 | 7.51 | 7.32 | 6.79 | 6.05 | 5.31 |
| 72 | 7.80 | 7.58 | 6.96 | 6.14 | 5.34 |
| 73 | 8.12 | 7.85 | 7.14 | 6.23 | 5.37 |
| 74 | 8.46 | 8.14 | 7.32 | 6.31 | 5.40 |
| 75 | 8.82 | 8.45 | 7.50 | 6.38 | 5.42 |
| 76 | 9.21 | 8.76 | 7.67 | 6.45 | 5.44 |
| 77 | 9.63 | 9.10 | 7.84 | 6.51 | 5.45 |
| 78 | 10.08 | 9.44 | 8.01 | 6.57 | 5.47 |
| 79 | 10.56 | 9.80 | 8.17 | 6.62 | 5.48 |
| 80 | 11.07 | 10.17 | 8.33 | 6.66 | 5.49 |
| 81 | 11.62 | 10.55 | 8.48 | 6.70 | 5.49 |
| 82 | 12.20 | 10.94 | 8.61 | 6.73 | 5.50 |
| 83 | 12.82 | 11.33 | 8.74 | 6.76 | 5.50 |
| 84 | 13.47 | 11.73 | 8.86 | 6.79 | 5.51 |
| 85 | 14.17 | 12.12 | 8.97 | 6.81 | 5.51 |


SPECIMEN

## Optional Methods of Settlement (Continued)

Life Annuity and Life Annuity with Certain Period Table for Each $1,000 Applied – Female

| Settlement age of payee nearest birthday | | Number of instalments certain | | | | Settlement age of payee nearest birthday | | Number of instalments certain | | | | Settlement age of payee nearest birthday | | Number of instalments certain | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Age | Life Annuity | 60 | 120 | 180 | 240 | Age | Life Annuity | 60 | 120 | 180 | 240 | Age | Life Annuity | 60 | 120 | 180 | 240 |
| 10 | $2.80 | $2.80 | $2.80 | $2.80 | $2.80 | 35 | $3.26 | $3.26 | $3.26 | $3.25 | $3.24 | 60 | $4.72 | $4.70 | $4.66 | $4.57 | $4.44 |
| 11 | 2.81 | 2.81 | 2.81 | 2.81 | 2.81 | 36 | 3.29 | 3.29 | 3.29 | 3.28 | 3.27 | 61 | 4.83 | 4.81 | 4.76 | 4.66 | 4.51 |
| 12 | 2.82 | 2.82 | 2.82 | 2.82 | 2.82 | 37 | 3.32 | 3.32 | 3.32 | 3.31 | 3.30 | 62 | 4.95 | 4.93 | 4.87 | 4.76 | 4.58 |
| 13 | 2.83 | 2.83 | 2.83 | 2.83 | 2.83 | 38 | 3.35 | 3.35 | 3.35 | 3.34 | 3.33 | 63 | 5.08 | 5.05 | 4.98 | 4.85 | 4.65 |
| 14 | 2.85 | 2.85 | 2.85 | 2.84 | 2.84 | 39 | 3.39 | 3.39 | 3.38 | 3.38 | 3.37 | 64 | 5.21 | 5.18 | 5.10 | 4.95 | 4.72 |
| 15 | 2.86 | 2.86 | 2.86 | 2.86 | 2.86 | 40 | 3.42 | 3.42 | 3.42 | 3.41 | 3.40 | 65 | 5.36 | 5.32 | 5.22 | 5.05 | 4.79 |
| 16 | 2.87 | 2.87 | 2.87 | 2.87 | 2.87 | 41 | 3.46 | 3.46 | 3.46 | 3.45 | 3.43 | 66 | 5.51 | 5.47 | 5.36 | 5.16 | 4.86 |
| 17 | 2.89 | 2.89 | 2.89 | 2.88 | 2.88 | 42 | 3.50 | 3.50 | 3.50 | 3.49 | 3.47 | 67 | 5.67 | 5.63 | 5.50 | 5.26 | 4.93 |
| 18 | 2.90 | 2.90 | 2.90 | 2.90 | 2.90 | 43 | 3.54 | 3.54 | 3.54 | 3.53 | 3.51 | 68 | 5.85 | 5.80 | 5.65 | 5.37 | 5.00 |
| 19 | 2.92 | 2.92 | 2.92 | 2.91 | 2.91 | 44 | 3.59 | 3.59 | 3.58 | 3.57 | 3.55 | 69 | 6.04 | 5.98 | 5.80 | 5.49 | 5.06 |
| 20 | 2.93 | 2.93 | 2.93 | 2.93 | 2.93 | 45 | 3.64 | 3.63 | 3.63 | 3.61 | 3.59 | 70 | 6.25 | 6.18 | 5.97 | 5.60 | 5.12 |
| 21 | 2.95 | 2.95 | 2.95 | 2.95 | 2.94 | 46 | 3.68 | 3.68 | 3.67 | 3.66 | 3.63 | 71 | 6.47 | 6.39 | 6.14 | 5.71 | 5.18 |
| 22 | 2.96 | 2.96 | 2.96 | 2.96 | 2.96 | 47 | 3.73 | 3.73 | 3.72 | 3.71 | 3.68 | 72 | 6.71 | 6.62 | 6.32 | 5.83 | 5.23 |
| 23 | 2.98 | 2.98 | 2.98 | 2.98 | 2.98 | 48 | 3.79 | 3.79 | 3.78 | 3.76 | 3.72 | 73 | 6.98 | 6.86 | 6.50 | 5.94 | 5.28 |
| 24 | 3.00 | 3.00 | 3.00 | 3.00 | 2.99 | 49 | 3.84 | 3.84 | 3.83 | 3.81 | 3.77 | 74 | 7.26 | 7.12 | 6.69 | 6.04 | 5.32 |
| 25 | 3.02 | 3.02 | 3.02 | 3.02 | 3.01 | 50 | 3.90 | 3.90 | 3.89 | 3.86 | 3.82 | 75 | 7.57 | 7.40 | 6.89 | 6.14 | 5.35 |
| 26 | 3.04 | 3.04 | 3.04 | 3.03 | 3.03 | 51 | 3.97 | 3.96 | 3.95 | 3.92 | 3.88 | 76 | 7.90 | 7.69 | 7.09 | 6.24 | 5.39 |
| 27 | 3.06 | 3.06 | 3.06 | 3.06 | 3.05 | 52 | 4.03 | 4.03 | 4.01 | 3.98 | 3.93 | 77 | 8.26 | 8.01 | 7.29 | 6.33 | 5.41 |
| 28 | 3.08 | 3.08 | 3.08 | 3.08 | 3.07 | 53 | 4.10 | 4.10 | 4.08 | 4.04 | 3.99 | 78 | 8.65 | 8.34 | 7.49 | 6.41 | 5.43 |
| 29 | 3.10 | 3.10 | 3.10 | 3.10 | 3.09 | 54 | 4.18 | 4.17 | 4.15 | 4.11 | 4.04 | 79 | 9.08 | 8.70 | 7.69 | 6.49 | 5.45 |
| 30 | 3.13 | 3.13 | 3.12 | 3.12 | 3.12 | 55 | 4.25 | 4.25 | 4.22 | 4.18 | 4.11 | 80 | 9.54 | 9.07 | 7.89 | 6.55 | 5.47 |
| 31 | 3.15 | 3.15 | 3.15 | 3.14 | 3.14 | 56 | 4.34 | 4.33 | 4.30 | 4.25 | 4.17 | 81 | 10.03 | 9.47 | 8.08 | 6.61 | 5.48 |
| 32 | 3.18 | 3.18 | 3.17 | 3.17 | 3.16 | 57 | 4.42 | 4.41 | 4.38 | 4.32 | 4.23 | 82 | 10.58 | 9.88 | 8.26 | 6.66 | 5.49 |
| 33 | 3.20 | 3.20 | 3.20 | 3.20 | 3.19 | 58 | 4.52 | 4.51 | 4.47 | 4.40 | 4.30 | 83 | 11.16 | 10.31 | 8.43 | 6.70 | 5.49 |
| 34 | 3.23 | 3.23 | 3.23 | 3.22 | 3.22 | 59 | 4.61 | 4.60 | 4.56 | 4.48 | 4.37 | 84 | 11.80 | 10.75 | 8.59 | 6.74 | 5.50 |
| | | | | | | | | | | | | 85 | 12.48 | 11.20 | 8.74 | 6.77 | 5.50 |

Annuity Certain Table for Each $1,000 Applied

| Number of years during which instalments will be paid | Amount of each instalment | | Number of years during which instalments will be paid | Amount of each instalment | | Number of years during which instalments will be paid | Amount of each instalment | |
|---|---|---|---|---|---|---|---|---|
| | Annual | Monthly | | Annual | Monthly | | Annual | Monthly |
| 5 | $211.99 | $17.91 | 12 | $97.54 | $8.24 | 19 | $67.78 | $5.73 |
| 6 | 179.22 | 15.14 | 13 | 91.29 | 7.71 | 20 | 65.26 | 5.51 |
| 7 | 155.83 | 13.16 | 14 | 85.95 | 7.26 | 25 | 55.76 | 4.71 |
| 8 | 138.31 | 11.68 | 15 | 81.33 | 6.87 | 30 | 49.53 | 4.18 |
| 9 | 124.69 | 10.53 | 16 | 77.29 | 6.53 | | | |
| 10 | 113.82 | 9.61 | 17 | 73.74 | 6.23 | | | |
| 11 | 104.93 | 8.86 | 18 | 70.59 | 5.96 | | | |


SPECIMEN

# Lincoln Life & Annuity Company of New York

**Death Benefit Option Amendment**

I. The "Death Benefit" provision of the policy is hereby amended to include the following option:

SPECIFIED AMOUNT OPTION 3

The Specified Amount In addition to the Accumulated Premiums. The Death Benefit (before deduction of any indebtedness against the policy and the amount of any partial surrenders) will equal the greater of:

1. the sum of the Specified Amount plus the Accumulated Premium(s) on the date of death of the second of the Insureds to die, up to the Specified Amount Option 3 Limit shown in the Policy Specifications, or

2. the amount determined by the Company equal to that required by the Internal Revenue Code to maintain this contract as a life insurance policy. Any amount so determined will be set forth in the annual statement which the Company will send to the Owner.

For Specified Amount Option 3, a partial surrender will reduce the Accumulated Premiums, the Death Benefit, and the Specified Amount Option 3 Limit by the amount of the partial surrender. If the amount of the partial surrender exceeds the Accumulated Premiums, the Specified Amount will be reduced by the excess amount. A decrease in Specified Amount will reduce the Specified Amount Option 3 Limit. An increase in Specified Amount, if approved by the Company, will increase the Specified Amount Option 3 Limit unless requested otherwise by the Owner.

The Accumulated Premium is determined on each Monthly Anniversary Day and is based on the sum of all premiums paid, less the Cumulative Policy Factor (if elected) from the later of the Effective Date of this amendment, or the effective date of change to Specified Amount Option 3, until the Policy Anniversary that coincides with the date the second Insured to die reaches attained age 100. Any premium paid that will cause the Death Benefit amount to exceed the Specified Amount Option 3 Limit will be applied to the policy, but will not increase the Death Benefit.

The Owner may request an increase to the Specified Amount Option 3 Limit. If an increase is requested, a supplement application must be submitted and evidence of insurability satisfactory to Lincoln Life & Annuity Company of New York must be furnished. If Lincoln Life & Annuity Company of New York approves the request, the increase will become effective upon the Monthly Anniversary Day that coincides with or next follows the date the request is approved.

The Cumulative Policy Factor, if elected by the Owner, is an amount determined on each Monthly Anniversary Day from the later of the Effective Date or the effective date of change in Specified Amount Option 3, and is calculated as (1) multiplied by (2) where:

(1) is the applicable monthly rate from the table then used by the Internal Revenue Service (IRS) to determine the economic benefit attributable to life insurance coverage, or an alternative table permitted by the IRS, as selected by the Owner at issue; and

(2) is the Specified Amount divided by 1,000.

**Death Benefit Option Amendment (continued)**

II. The "Changes in Amount of Death Benefit" provision of the policy is hereby amended to provide the following additional conditions:

5.      If a request is made to change the Death Benefit from Specified Amount Option 3 to Specified Amount Option 1, the Specified Amount will be increased by Accumulated Premiums less the Cumulative Policy Factor (if elected) as of the effective date of change.

6.      If a request is made to change the Death Benefit from Specified Amount Option 3 to Specified Amount Option 2 and the Cash Value is greater than the Accumulated Premium less the Cumulative Policy Factor (if elected), the Specified Amount will be reduced by the Cash Value less Accumulated Premium plus the Cumulative Policy Factor (if elected), as of the effective date of change.

7.      If a request is made to change the Death Benefit from Specified Amount Option 3 to Specified Amount Option 2 and the Cash Value is less than Accumulated Premiums less the Cumulative Policy Factor (if elected), the Specified Amount will be increased by the Accumulated Premium less the Cumulative Policy Factor (if elected), less the Cash Value as of the effective date of change.

8.      If a request is made to change the Death Benefit from Specified Amount Option 2 to Specified Amount Option 3 the Specified Amount will be increased by the Cash Value, as of the effective date of change.

9.      With respect to changes described in 5 through 8 above, the effective date of the change will be the Monthly Anniversary Day that coincides with or next follows the date the request is received at the Administrator Mailing Address.

III. The definition of "Death Benefit" is amended to read:

**Death Benefit.** The amount payable upon death of the second of the two Insureds to die is based upon the death benefit option selected under the policy. Each option is described under the "Death Benefit" provision (or policy amendment) and is payable as described under the "Payment of Proceeds" provision.

**Effective Date.** The Effective Date of this amendment is the Date of Issue of the policy or the date this amendment is attached to the policy, whichever is later.

This amendment rider is attached to and forms a part of the policy. Except as specifically altered by this amendment, all of the provisions, limitations, and exclusions of the policy remain in full force and effect.

*Dennis R. Glass*
President

# Lincoln Life & Annuity Company of New York

**POLICY AMENDMENT**

The section of the policy entitled "Nonforfeiture Provisions" is modified by the addition of the following nonforfeiture option:

> **Paid-up Insurance.** The Owner may at any time request that the Company grant guaranteed nonparticipating paid-up insurance, which shall be payable at a like time and in like manner with the original policy. The amount of paid-up insurance will be that which the net cash value will purchase when applied as a net single premium at the Insureds' then attained ages using the guaranteed interest of 4% per annum and mortality basis set forth under the "Basis of Computations" provision of the policy. The amount of such paid-up insurance, however, shall be limited to the current death benefit under the policy, and the amount of any net cash value in excess of that required to purchase such paid-up insurance will be paid to the Owner in cash. After the election of this option, no further premiums will be accepted or excess interest credits applied. The paid-up insurance will not include any supplementary or additional benefits provided by rider under the original policy.

> The Owner, at any time after election of the paid-up option, may surrender the policy for the cash surrender value and is not subject to any expense charge on any monthly anniversary after the election. The Company will pay, upon surrender of the policy within 30 days after any policy anniversary, a cash surrender value that includes any existing paid-up additions, decreased by indebtedness to the Company on the policy, including interest due or accrued, if any.

This rider is attached to and forms a part of the policy as of its Date of Issue and is to take effect on such date. Except as specifically altered by this rider, all of the provisions and conditions of the policy remain in full force and effect.

*Dennis R. Glass*
President

SPECIMEN

B10110 NY LL

11/26/02  11:26 FAX 16175874050          LONGFELLOW                          002

# LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK
HARTFORD, CONNECTICUT 06103-1106

Insured(s):      JOHN A REPICCI
                 LORRAINE REPICCI

Policy or Annuity Number: 7146026

I hereby amend my application for the above numbered policy or annuity so that:

OWNER IS AS SPECIFIED ON THE POLICY SPECIFICATIONS PAGE OF THE POLICY, AS HAS BEEN
DELIVERED TO ME.

BENEFICIARY IS AS SPECIFIED ON THE POLICY SPECIFICATIONS PAGE OF THE POLICY, AS HAS BEEN
DELIVERED TO ME.

I/WE HEREBY CERTIFY THAT THE LIFE INSURANCE APPLICATION PART I, FOR INSURANCE ON THE ABOVE
NAMES INSURED (S) WAS SIGNED AT ▮▮▮▮▮▮▮▮

JOHN A REPICCI:        ████████████████████████████████████████████████

LORRAINE REPICCI:      ████████████████████████████████████████████████

Dated at ██████████  ▮  on  11/17/02

Witness _____   1st Insured or Annuitant _____

Witness _____   2nd Insured or Annuitant _____

Witness _____   Applicant/Owner _____
                                                (if other than Insured or Annuitant)

B2758e LNY    RETURN ONE SIGNED COPY TO: Lincoln Life & Annuity Company of New York
                                         350 Church Street – MIN2
                                         Hartford, CT 06103-1106

Document ID: AAAAAAQW.NZV   Page: 2

*Life Insurance Application Part I*                                    *Lincoln Life & Annuity Company of New York*

**PROPOSED INSURED A** *(Please print in blue or black ink.)*                              B11 NY – Page 1a

1a. Name *(First, Middle Initial & Last)*
JOHN   A   REPICCI

1b. Residence Address *(No, Street, P.O. Box)*

City                                         State              Zip Code

| 1c. Sex ☐ Female ☑ Male | 1d. DOB *(MM/DD/YY)* | 1e. Birth State N Y | 1f. SSN |

1g. Driver's License No. & State                         1h. Occupation PHYSICIAN

1i. Business Name & Address          1j. Phone number & most convenient time to contact
JOHN Re..nssJ(uc+)ue              Home                          ☐ AM ☑ PM
                                  Work                          ☑ AM ☐ PM

2. Do you have any Life Insurance or Annuities presently in force or applied for? *(If "Yes," provide details.)*     ☑ Yes ☐ No

| COMPANY | AMOUNT | IN FORCE | APPLIED FOR |
|---------|--------|----------|-------------|
| LINCOLN | | ☐ | ☐ |
| MASS MUTUAL | $17,500,000 | ☐ | ☑ |
| | | ☐ | ☐ |

3. Have you or will you replace, discontinue coverage, stop paying premiums, initiate a reduction in face amount, or
borrow or surrender cash value on any Life Insurance or Annuity if this insurance is issued? *(If "Yes," provide details.)*     ☐ Yes ☑ No

| COMPANY | POLICY NO. | AMOUNT | ISSUE DATE | 1035 EXCHANGE |
|---------|-----------|--------|-----------|---------------|
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |

4a. Do you contemplate flying, or have you flown during the past 2 years as a pilot, student pilot or crew member?     ☐ Yes ☑ No
*(If "Yes," an Aviation Supplement is required.)*

4b. Do you plan to participate, or have you participated within the past 2 years, in motor vehicle or boat racing,
hang gliding, sky, or scuba diving or similar sports? *(If "Yes," an Avocation Questionnaire is required.)*     ☐ Yes ☑ No

4c. Do you contemplate residence or travel outside of the United States or Canada for more than 30 days within
the next year? *(If "Yes," a Foreign Travel or Residence Questionnaire is required.)*     ☐ Yes ☑ No

4d.

Date last used?

4e.

4f. Have you had any convictions within the past 3 years for motor vehicle moving violations, or had your license
suspended, revoked or restricted?     ☐ Yes ☑ No

4g. Have you ever applied for any Life or Health Insurance which was denied, required an extra premium or was
issued for a reduced amount?     ☐ Yes ☑ No

4h. Are you applying or have you negotiated for other life or health insurance either formally or informally within the
last six months?     ☑ Yes ☐ No

4i. Have you ever been convicted of a felony?     ☐ Yes ☑ No

5. Details *(List details from questions above; please include question number details pertain to.)*

6. Provide Full Name/Address/Phone Number of Any Physician(s), Date of Last Visit, Reason & Treatment Received:

B11 NY                                      (01/01)

*Life Insurance Application Part I*

*Lincoln Life & Annuity Company of New York*

**PROPOSED INSURED B** *(Please print in blue or black ink.)*   Relationship to Proposed Insured A

B11 NY – Page 1b

1a. Name *(First, Middle Initial & Last)*   LORRAINE   REPICCI

1b. Residence Address

City

| 1c. Sex ☑Female ☐Male | 1d. DOB *(MM/DD/YY)* 4/10/37 | 1e. Birth State NY | 1f. SSN |

1g. Driver's License No. & State

1h. Occupation   Housewife

1i. Business Name & Address

1j. Phone number & most convenient time to contact

Home   ☐AM ☑PM

Work (   )   ☐AM ☐PM

2. Do you have any Life Insurance or Annuities presently in force or applied for? *(If "Yes," provide details.)*   ☐ Yes ☑No

| COMPANY | AMOUNT | IN FORCE | APPLIED FOR |
|---|---|---|---|
| | | ☐ | ☐ |
| | | ☐ | ☐ |
| | | ☐ | ☐ |

3. Have you or will you replace, discontinue coverage, stop paying premiums, initiate a reduction in face amount, or borrow or surrender cash value on any Life Insurance or Annuity if this insurance is issued? *(If "Yes," provide details.)*   ☐ Yes ☑No

| COMPANY | POLICY NO. | AMOUNT | ISSUE DATE | 1035 EXCHANGE |
|---|---|---|---|---|
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |

4a. Do you contemplate flying, or have you flown during the past 2 years as a pilot, student pilot or crew member? *(If "Yes," an Aviation Supplement is required.)*   ☐ Yes ☑No

4b. Do you plan to participate or, have you participated within the past 2 years, in motor vehicle or boat racing, hang gliding, sky, or scuba diving or similar sports? *(If "Yes," an Avocation Questionnaire is required.)*   ☐ Yes ☑No

4c. Do you contemplate residence or travel outside of the United States or Canada for more than 30 days within the next year? *(If "Yes," a Foreign Travel or Residence Questionnaire is required.)*   ☐ Yes ☑No

4f. Have you had any convictions within the past 3 years for motor vehicle moving violations, or had your license suspended, revoked or restricted?   ☐ Yes ☑No

4g. Have you ever applied for any Life or Health Insurance which was denied, required an extra premium or was issued for a reduced amount?   ☐ Yes ☑No

4h. Are you applying or have you negotiated for other life or health insurance either formally or informally within the last six months?   ☐ Yes ☑No

4i. Have you ever been convicted of a felony?   ☐ Yes ☑No

5. **Details** *(List details from questions above; please include question number details pertain to.)*

6. Provide full name/address/phone number of any physician(s), date of last visit, reason & treatment received:

B11 NY

(01/01)

**POLICY INFORMATION**                                                                 B11 NY -Page 2

7a. Plan of Insurance   _SUL-1V_                            7b. Amount $  _25,000,000_

7c. Death Benefit Option  *(Complete for Universal Life and Variable Universal Life Products.)*

☑ 1-Level        ☐ 2-Increase/Cash Value        ☐ 3-Increase by: *(Check one.)* ☐ Premium   ☐ Premium Less Policy Factor _____
                                                                                                                    (Table)

7d. Supplemental Benefits or Riders/If Available  *(Provide full details if applicable; e.g. face amounts, start year, end year, etc.)*

_____

_____

_____

8a. Premium Frequency        ☑ Annually        ☐ Semi-Annually        ☐ Quarterly        ☐ Monthly (PAC)

8b. Special Billing *(Check one, if applicable.)*        ☐ New List Bill        ☐ Existing List Bill *(Provide No.)* _____

8c. Automatic Premium Loan *(Complete for Term & Whole Life only.)*        ☐ Yes  ☑ No

8d. Policy Date        ☐ Save Age        ☐ Other _____

8e. Premium Notices To  *(Check all that apply.)*
☑ Insured's Residence     ☐ Insured's Business     ☐ Owner *(Provide address below.)*     ☐ Other ____

8f. Owner Address *(No., Street, P.O. Box)* _____ ████████████
City _____        State _____        Zip Code _____

8g. Owner Social Security/Tax Identification Number   ██████████████████

OWNER  The Proposed Insured is the owner unless otherwise specified.
• If a **Trust**, provide Trustee Name(s), Trust Name and Date of Trust.
• If **Split Dollar Endorsement**, provide Owner's Name & Interest, Sub-Owner name and Relationship.
• If **Split Dollar Assignment**, submit appropriate assignment form **AFTER** policy is in force.

9a. If Multiple owners *(Check one.)*  ☐ Joint with Right of Survivorship  ☐ Tenants in Common *(Specify shares in fractions or percentages.)*

9b. Primary *(Provide full names and relationship.)*

_____

_____

9c. Contingent *(If any.)*

_____

**TRUST VERIFICATION**

I/WE hereby certify that the Trustee(s) named in this application are the Trustee(s) for the named Trust, which is in full force and effect. Lincoln Life & Annuity Company of New York (hereinafter "Company") shall not be obliged to inquire into the terms of any trust agreement affecting this policy and shall not be chargeable with knowledge of the terms thereof. The Company may rely solely upon the signature(s) of the Trustee(s) named in this application to any receipt, release or waiver, or to any transfer or other instrument affecting this policy or any options privileges or benefits thereunder. Unless otherwise indicated, the signature(s) of all Trustee(s) named, or their successors, will be required to exercise any contractual right under the policy. The Company shall have no obligation to see to the use or application of any funds paid to the Trustee(s) in accordance with the terms of the policy. Any such payment made by the Company to the Trustee(s) shall fully discharge the Company with respect to any amounts so paid.

**BENEFICIARY** Beneficiaries share equally unless otherwise indicated.
• If a **Trust**, provide Trustee Name(s), Trust Name and Date of Trust.

10a. Primary *(Provide full names and relationship.)*

_____

_____

_____

10b. Contingent *(If any.)*

_____

_____

B11 NY

**ILLUSTRATION OF BENEFITS**                                                                B11 NY - Page 4

Illustration of benefits, including death benefits, policy values and cash surrender values are available upon request.

**DISCLOSURE NOTICE FOR POLICIES UNDER $25,000**

Since the policy is issued with minimal or no medical underwriting, the premium rate charged includes an extra mortality risk charge. If you are healthy enough to qualify as a "standard" risk, premiums would likely have been lower if you had applied for a fully underwritten policy.

**TAXPAYER IDENTIFICATION NUMBER CERTIFICATION**

Under penalties of perjury, it is certified that **a)** the social security or Employer ID numbers shown in this application are correct taxpayer identification numbers, and **b)** the holders of said numbers are not subject to any backup withholding of U.S. Federal income tax for failure to report interest or dividends.

**CERTIFICATIONS**

I/WE have read the questions and answers in this application and declare that they are complete and true to the best of my/our knowledge and belief. I/WE understand, a) that this. Application shall form a part of any Policy issued, and b) that no Agent/Representative of the Company shall have the authority to waive a complete answer to any question in this Application, make or alter any contract, or waive any of the the Company's other rights or requirements. I/WE further understand that (except as provided in the Temporary Life Insurance Agreement if advance payment has been made or acknowledged below and such Agreement issued) insurance will take effect under the Policy only when: 1) the Policy has been delivered to me/us; 2) the initial premium has been paid in full during the lifetime of the Proposed Insured(s); and 3) the Proposed Insured(s) remain in the same state of health and insurability as described in each part of the application at the time conditions 1) and 2) are met.

I/WE have paid $ _____ to the Agent/Representative in exchange for the Temporary Life Insurance Agreement, and I/we fully understand its terms.

**AUTHORIZATION**

The purpose of this authorization is to allow Lincoln Life & Annuity Company of New York, hereinafter Company, to determine eligibility for life coverage or a claim for benefits under a life policy.

I/WE authorize any medical professional, hospital or other medical institution, insurer, MIB, Inc., or any other person or organization that has any records or knowledge of me/us or my/our physical or mental health or insurability to disclose that information to the Company, its reinsurers, or any other party acting on the Company's behalf.

I/WE authorize the Company to disclose medical information to MIB, Inc., and to other insurers to whom I/we may apply for coverage.

This authorization shall be valid for two years after it is signed. A photographic copy of this authorization shall be as valid as the original. I/We will be given a copy of this authorization at my/our request.

I/WE understand that I/we may revoke this authorization at any time by written notification to the Company; however, any action taken prior to notification will not be affected.

If an investigative consumer report is obtained, I/we ☐ DO   ☐ DO NOT request to be interviewed.

I/WE ACKNOWLEDGE receipt of the Important Notice containing the Privacy Notice, Investigative Consumer Report, and MIB, Inc., information.

| | | |
|---|---|---|
| _Signature of Proposed Insured A_ John | _Witness (Licensed Representative)_ | 10/22/02 _Date_ |
| _Signature of Proposed Insured B_ Lorraine | _Witness (Licensed Representative)_ | 10/22/02 _Date_ |
| _Signature of Applicant/Owner/Trustee (Provide Officer's Title if policy is owned by a Corporation)_ ▮▮▮▮▮▮ | _Witness_ | _Date_ |

_Dated at (City and State)_

B11 NY

AUG.20.2002  10:10AM    PORTAMEDIC                              NO.848    P.6/11

**PART TWO OF APPLICATION TO LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK**
120 Madison St. Ste. 1700 Syracuse, NY 13202-2802
Administrative Office:  10 North Martingale Road • Schaumburg, Illinois 60173-2268 • (800) 759-8901

**1. PROPOSED INSURED**

Full name    JOHN    A.    REPICCI         Date of
             First       M.I.      Last     Birth

Social Security No.

LLBL-201AA (7/00)                                                    Page 1

AUG.20.2002  10:10AM   PORTAMEDIC                    NO.848   P.7/11



All statements and answers to the foregoing questions in this Part Two application are, to the best of my knowledge and belief,
true, complete, and correctly stated. I agree that a copy of this Part II shall be attached to and form part of any policy issued
based on m ...

Dated at_____  8/19/201~

_____  City                      Month/Day/Year

Signature of Proposed Insured

LLBL-201AA (7/98)                                          Signature of Witness  _____  X Examiner   □ Agent

                                                          E (Bootstattle MD)                        Page 2

AUG.20.2002  10:09AM   PORTAMEDIC                          NO.848    P.2/11

**PART TWO OF APPLICATION TO LINCOLN LIFE & ANNUITY COMPANY OF NEW YORK**
120 Madison St, Ste. 1700 Syracuse, NY 13202-2802
Administrative Office:  10 North Martingale Road  •  Schaumburg, Illinois

LLBL-201AA (7/98)

Page 1

AUG.20.2002   10:03AM   PORTAMEDIC                           NO.848   P.3/11

All statements and answers to the foregoing questions in this Part Two application are, to the best of my knowledge and belief, true, complete, and correctly stated. I agree that a copy of this Part II shall be attached to and form part of any policy issued based on my Application.

Dated at _____        On  8/19/2012
                                                                 (Month/Day/Year)

_____                    _____
Signature of Proposed Insured                                Signature of Witness

LL.BL-201AA (7/08)                                           ☒ Examiner   ☐ Agent
                                                             Page 2

                                        E. Bockstn Hur, MD

SPECIMEN

# Lincoln Life & Annuity Company of New York

**Flexible Premium Adjustable Life Insurance Policy – On the Lives of Two Insureds –
Non-Participating – Payable on Second Death**

Death benefit payable in the event of death of the second of the Insureds to die.  Adjustable death
benefit.  Surrender Value payable upon surrender of the policy.

Flexible Premiums payable to when the younger Insured reaches or would have reached Age 100 or the
death of the second of the two Insureds to die, whichever is earlier.

Premium Payment Periods and Supplementary Coverages as shown in the Policy Specifications.

LN790