Policy Number  7317144

Insureds   JOHN A REPICCI
-   LORRAINE REPICCI

Initial Specified Amount   $4,873,216          Date of Issue   DECEMBER 21, 2006

# Lincoln Life & Annuity Company of New York

A Stock Company          Home Office Location:   100 Madison Street, Suite 1860
                                                  Syracuse, NY

                    Administrator Mailing Address:   Lincoln Life & Annuity Company of New York
                                                     350 Church Street
                                                     Hartford, CT 06103-1106

Lincoln Life & Annuity Company of New York ("Lincoln Life") agrees to pay the Death Benefit to the Beneficiary upon receipt of due proof of the second of the two Insureds to die during the continuance of the policy.  Such payment shall be made as provided under the *GENERAL PROVISIONS*, **Payment of Proceeds** provision. Lincoln Life further agrees to pay the Surrender Value to the Owner upon surrender of the policy.

**Right to Examine the Policy.**  The policy may be returned to the insurance agent through whom it was purchased or to Lincoln Life within 10 days after its receipt (60 days after its receipt where required by law for policies issued in replacement of other insurance).  If the policy is so returned, it will be deemed void from the Date of Issue, and Lincoln Life will refund the premium paid.

The policy is issued and accepted subject to the terms set forth on the following pages, which are made a part of the policy.  In consideration of the application and the payment of premiums as provided, this policy is executed by Lincoln Life as of the Date of Issue.

*Dennis R. Glass*
President

Registrar

**Flexible Premium Adjustable Life Insurance Policy – On the Lives of Two Insureds –
Non-Participating – Payable on Second Death**
Death Benefit payable in the event of death of the second of the Insureds to die.  Adjustable Death
Benefit.  Surrender Value payable upon surrender of the policy.
Flexible Premiums payable to when the younger Insured reaches or would have reached age 100 or the
death of the second of the two Insureds to die, whichever is earlier.
Premium Payment Periods and Supplementary Coverages as shown in the Policy Specifications.

LN787                              NY

# Table of Contents

| | Page |
|---|---|
| Policy Specifications | 3 |
| Table of Surrender Charges | 5 |
| Table of Corridor Percentages | 6 |
| Table of Guaranteed Maximum Cost of Insurance Rates | 7 |
| Table of Expense Charges | 9 |
| Definitions | 11 |
| Premium and Reinstatement Provisions | 12 |
| Ownership, Assignment and Beneficiary Provisions | 13 |
| Insurance Coverage Provisions | 14 |
| Nonforfeiture Provisions | 18 |
| Loan Provisions | 21 |
| General Provisions | 22 |

Followed by Optional Methods of Settlement and Any Riders

*Pages 4, 8 and 10 are intentionally "blank."

# Policy Specifications

Policy Number 7317144

| | | | |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |
| Initial Specified Amount | $4,873,216 | Date of Issue | DECEMBER 21, 2006 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 21 |

## LN787 FLEXIBLE PREMIUM ADJUSTABLE LIFE INSURANCE

**Specified Amount:**     See Initial Specified Amount

**Effective Date:**        DECEMBER 21, 2006

**Monthly Insurance Cost:**  See *NONFORFEITURE PROVISIONS*, **Cost of Insurance**

**Years Deductible:**      30

**Death Benefit Option:**  Death Benefit Option 1  (Level)

**Minimum Initial Premium:**   $2,062.46 is the minimum amount due on or before the Date of Issue to commence coverage under this policy and to prevent the policy from lapsing prior to the first Monthly Anniversary Day.

**Payment Mode:**         ANNUAL

**Note:**  This policy may terminate prior to when the younger Insured reaches or would have reached age 100 if actual premiums paid less indebtedness, are insufficient to continue coverage to that date. However, coverage will be continued as long as the requirements under the Lapse Protection Rider are met and the No-Lapse Value, less Indebtedness, remains positive.

AN ADDITIONAL LUMP SUM PAYMENT MAY BE REQUIRED TO KEEP THE POLICY IN FORCE SHOULD BOTH THE CASH VALUE, MINUS INDEBTEDNESS, AND THE NO-LAPSE VALUE, MINUS INDEBTEDNESS, BE INSUFFICIENT TO COVER THE RESPECTIVE MONTHLY DEDUCTIONS. THE OWNER SHOULD CONTACT THE COMPANY TO OBTAIN ADDITIONAL INFORMATION ABOUT THIS.

UNDER FEDERAL LAW, THE POLICY MAY NOT QUALIFY AS LIFE INSURANCE AFTER THE YOUNGER INSURED REACHES OR WOULD HAVE REACHED AGE 100 AND MAY BE SUBJECT TO ADVERSE TAX CONSEQUENCES. A TAX ADVISOR SHOULD BE CONSULTED PRIOR TO THE CONTINUATION OF THE POLICY AFTER THE YOUNGER INSURED REACHES OR WOULD HAVE REACHED AGE 100.

Upon request, the Company will in any one policy year provide one projection of illustrative benefits and values at no cost to the Owner. However, each additional projection requested in the same policy year will be subject to a maximum service fee of $25.00.

LN787                              NY                                    3

# Policy Specifications

Policy Number 7317144

| | | | |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |
| Initial Specified Amount | $4,873,216 | Date of Issue | DECEMBER 21, 2006 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 21 |

(Continued from page 3)

The guaranteed interest rate to be credited to the Cash Value with respect to both the borrowed and unborrowed funds is 4%. Lincoln Life may credit interest at a rate higher than 4%. However, the most that will be credited to borrowed funds will be 6.0% and the least will be credited is the loan interest rate minus 2.0%.

Lincoln Life will grant an additional interest at the end of Policy Years 6 and thereafter. This amount will equal 0.25% of the Cash Value in Policy Years 6-10, and will equal 0.50% of the Cash Value in Policy Years 11 and thereafter.

The following expenses are charged under this policy: (1) a premium expense charge of 12.0% of each premium received in Policy Years 1-20 and 5.0% of each premium received in Policy Years 21 and beyond, (2) a $150 policy fee as of the Date of Issue, (3) a monthly administrative expense charge of $10.00 beginning on the Date of Issue, and (4) a charge per $1,000 of Initial Specified Amount that is the sum of the applicable charges with respect to each Insured (based on the issue age and class of each Insured) deducted on the Date of Issue and on every Policy Anniversary thereafter, and an additional charge will apply to any increase in Specified Amount, based on the age and class of each Insured at the time of increase, and annually thereafter, from the Per $1,000 Charge Table on page 9.

The surrender charges and fees applied to the Policy include: (1) the applicable surrender charge (if any) from the surrender charge table on page 5 for full surrender or decreases in Specified Amount, and (2) a maximum of 4 partial surrenders (i.e. withdrawals) per Policy Year with a $25 fee for each partial surrender.

Cost of Insurance rates are determined by Lincoln Life based on its expectations of future mortality experience, persistency, investment income, and expenses (including taxes), but such rates will never exceed the guaranteed maximum rates shown on page 7.

Subject to the maximums and guarantees stated in the policy, Lincoln Life has the right to change the amount of interest credited, the Cost of Insurance rates, and other expense charges deducted under the policy. This may require that more premium be paid or may result in lower policy values than were illustrated.

This policy may lapse before the younger Insured reaches or would have reached Age 100 even if planned premiums are paid when due. This is due to the fact that current Cost of Insurance and interest rates are not guaranteed, policy loans and partial surrenders (i.e. withdrawals) may be taken, there may be a change in Death Benefit Option, or there may be a requested change to the Specified Amount. Any of these actions may require that more premiums be paid.

This policy is intended to qualify as life insurance under the Internal Revenue Code of 1986, as amended (IRC). Changes in premium or death benefit will be allowed subject to the policy provisions, provided that the policy continues to qualify as life insurance under the IRC.

# Policy Specifications

Policy Number  7317144

SPECIMEN

| | | | |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |
| | | | |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |

| | | | |
|---|---|---|---|
| Initial Specified Amount | $4,873,216 | Date of Issue | DECEMBER 21, 2006 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 21 |

**Lapse Protection Rider**
  Effective Date: Date of Issue
  Date of Expiry: December 21, 2036

3A

# Policy Specifications

Policy Number  7317144

SPECIMEN

| | | | |
|---|---|---|---|
| Insured | JOHN A REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |
| | | | |
| Insured | LORRAINE REPICCI | | |
| Issue Age | 70 | Premium Class | NONSMOKER |

| | | | |
|---|---|---|---|
| Initial Specified Amount | $4,873,216 | Date of Issue | DECEMBER 21, 2006 |
| Minimum Specified Amount | $100,000 | Monthly Anniversary Day | 21 |

**Owner**
EBI - REPICCI LLC, A CORPORATION, ITS SUCCESSORS OR ASSIGNS.

**Beneficiary**
EBI - REPICCI LLC, A CORPORATION, ITS SUCCESSORS OR ASSIGNS.

SPECIMEN

**This Page Intentionally Blank**

# Table Of Surrender Charges

Upon either a full surrender of the policy or a decrease in Specified Amount made at the request of the Owner, a charge will be assessed based on the *TABLE OF SURRENDER CHARGES,* subject to the following conditions.

For decreases in Specified Amount, excluding full surrender of the policy, no such charge will be applied under the following circumstances:

1. where the decrease occurs after the tenth Policy Anniversary following the issuance of the Initial Specified Amount, or
2. where the decrease is directly caused by a Death Benefit Option change, or
3. where the decrease is caused by a partial surrender of Cash Value (i.e. withdrawal), or
4. where the decrease plus the sum of all prior decreases does not exceed 25% of the Initial Specified Amount.

For all other decreases in Specified Amount, the charge will be calculated as (1) minus (2), then divided by (3) and then multiplied by (4), where:

1. is the amount of this decrease plus any prior decreases,
2. is the greater of an amount equal to 25% of the Initial Specified Amount or the sum of all prior decreases,
3. is the Initial Specified Amount, and
4. is the then applicable surrender charge from the *TABLE OF SURRENDER CHARGES.*

Requests for decreases in Specified Amount may be limited by Lincoln Life to the extent there is insufficient Net Cash Value to cover the necessary charges.

Upon full surrender of the policy, the charge will be calculated as the entire amount shown in the *TABLE OF SURRENDER CHARGES* multiplied by one minus the percentage of Initial Specified Amount for which a surrender charge was previously assessed, if any. In no event will the charge assessed upon a full surrender exceed the then current Net Cash Value.

Separate surrender charge tables apply with respect to each increase in Specified Amount. For purposes of calculating charges for full surrenders of, or decreases in, such increased Specified Amounts, the amount of the increase will be considered a new "Initial Specified Amount".

| Policy Year | Surrender Charge as of Beginning of Policy Year | Policy Year | Surrender Charge as of Beginning of Policy Year |
|---|---|---|---|
| 1 | $243,510 | 11 | 131,719 |
| 2 | 232,740 | 12 | 120,559 |
| 3 | 221,775 | 13 | 109,351 |
| 4 | 210,665 | 14 | 98,142 |
| 5 | 199,456 | 15 | 86,836 |
| 6 | 188,150 | 16 | 75,287 |
| 7 | 176,796 | 17 | 63,250 |
| 8 | 165,490 | 18 | 50,336 |
| 9 | 154,184 | 19 | 36,057 |
| 10 | 142,927 | 20 | 19,635 |
| | | 21 and thereafter | 0 |

The procedures for full and partial surrenders and the imposition of surrender charges for full surrenders are described in greater detail in *NONFORFEITURE PROVISIONS.*

LN787

# Corridor Percentages Table

As of the Date of Issue of this policy, the formula in effect to determine the amount under item (b) of Death Benefit Option 1, Death Benefit Option 2 and Death Benefit Option 3 is based on a percentage of the Cash Value as determined from the following table:

(i)     If on or before the younger Insured's age 40, 250% of the Cash Value.
(ii)    If after the younger Insured's age 40, a percentage of the Cash Value as determined from the following table:

| Attained Age of The Younger Insured (Nearest Birthday) | Corridor Percentage | Attained Age of The Younger Insured (Nearest Birthday) | Corridor Percentage |
|---|---|---|---|
| 0-40 | 250% | 70 | 115% |
| 41 | 243 | 71 | 113 |
| 42 | 236 | 72 | 111 |
| 43 | 229 | 73 | 109 |
| 44 | 222 | 74 | 107 |
| 45 | 215 | 75 | 105 |
| 46 | 209 | 76 | 105 |
| 47 | 203 | 77 | 105 |
| 48 | 197 | 78 | 105 |
| 49 | 191 | 79 | 105 |
| 50 | 185 | 80 | 105 |
| 51 | 178 | 81 | 105 |
| 52 | 171 | 82 | 105 |
| 53 | 164 | 83 | 105 |
| 54 | 157 | 84 | 105 |
| 55 | 150 | 85 | 105 |
| 56 | 146 | 86 | 105 |
| 57 | 142 | 87 | 105 |
| 58 | 138 | 88 | 105 |
| 59 | 134 | 89 | 105 |
| 60 | 130 | 90 | 105 |
| 61 | 128 | 91 | 104 |
| 62 | 126 | 92 | 103 |
| 63 | 124 | 93 | 102 |
| 64 | 122 | 94 | 101 |
| 65 | 120 | 95 | 100 |
| 66 | 119 | 96 | 100 |
| 67 | 118 | 97 | 100 |
| 68 | 117 | 98 | 100 |
| 69 | 116 | 99 | 100 |

LN787

## Table of Guaranteed Maximum Cost of Insurance Rates Per $1,000

**SPECIAL NOTE:**   The monthly Cost of Insurance rate is based on the sex, issue age (nearest birthday) of each Insured, and duration, and is based upon an actuarial formula that reflects one-alive and both-alive probabilities.   The maximum Cost of Insurance rates shown below reflect the amount of the Flat Extra or the Risk Factor, if any, shown in the *POLICY SPECIFICATIONS*. The rates below are based on the 1980 CSO Tables.

| Duration | Monthly Rate | Duration | Monthly Rate | Duration | Monthly Rate |
|---|---|---|---|---|---|
| 1 | .029223 | 2 | .183264 | 3 | .382114 |
| 4 | .625503 | 5 | .922032 | 6 | 1.276587 |
| 7 | 1.690760 | 8 | 2.162738 | 9 | 2.690318 |
| 10 | 3.278976 | 11 | 3.942218 | 12 | 4.695836 |
| 13 | 5.559406 | 14 | 6.547382 | 15 | 7.650484 |
| 16 | 8.855211 | 17 | 10.145285 | 18 | 11.508199 |
| 19 | 12.935049 | 20 | 14.424541 | 21 | 15.984642 |
| 22 | 17.634582 | 23 | 19.417247 | 24 | 21.414262 |
| 25 | 23.847792 | 26 | 27.174809 | 27 | 32.322868 |
| 28 | 41.196612 | 29 | 57.797178 | 30 | 90.909091 |

This Page Intentionally Blank

# Table of Expense Charges

The following expenses are charged under this policy:

- A policy fee of $150 as of the Date of Issue.

- A premium expense charge of 12.0% of each premium received in Policy Years 1-20 and 5.0% of each premium received in Policy Years 21 and beyond.

- A fee of $25.00 for each partial surrender (i.e. withdrawal).

- An administrative expense charge of $10 per month beginning on the Date of Issue.

- A charge per $1,000 of Initial Specified Amount that is the sum of the applicable charges with respect to each Insured (based on the issue age and class of each Insured) from the Per $1,000 Charge Table shown below.  Such charge is due on the Date of Issue and on every Policy Anniversary thereafter.

   An additional charge will apply to any increase in Specified Amount, based on the age and class of each Insured at the time of increase.  Such additional charge will be due on the effective date of increase, and annually thereafter.

# Per $1,000 Charge Table

| Insured's Issue Age (Nearest Birthday) | Preferred Class | Non-Smoker Class | Smoker Class | Insured's Issue Age (Nearest Birthday) | Preferred Class | Non-Smoker Class | Smoker Class |
|---|---|---|---|---|---|---|---|
| 0-70 | 0.00 | 0.00 | 0.00 | 85 | 1.49 | 2.05 | 2.26 |
| 71 | 0.19 | 0.27 | 0.30 | 86 | 1.55 | 2.14 | 2.35 |
| 72 | 0.38 | 0.54 | 0.59 | 87 | 1.62 | 2.22 | 2.44 |
| 73 | 0.57 | 0.81 | 0.89 | 88 | 1.69 | 2.31 | 2.54 |
| 74 | 0.76 | 1.08 | 1.19 | 89 | 1.75 | 2.40 | 2.64 |
| 75 | 0.95 | 1.33 | 1.46 | 90 | 1.82 | 2.49 | 2.74 |
| 76 | 1.00 | 1.39 | 1.53 | 91 | 1.86 | 2.55 | 2.81 |
| 77 | 1.05 | 1.46 | 1.61 | 92 | 1.91 | 2.60 | 2.86 |
| 78 | 1.10 | 1.53 | 1.68 | 93 | 1.95 | 2.66 | 2.93 |
| 79 | 1.15 | 1.60 | 1.76 | 94 | 1.99 | 2.72 | 2.99 |
| 80 | 1.20 | 1.67 | 1.84 | 95 | 2.03 | 2.78 | 3.06 |
| 81 | 1.26 | 1.74 | 1.91 | 96 | 2.08 | 2.84 | 3.12 |
| 82 | 1.31 | 1.81 | 1.99 | 97 | 2.12 | 2.90 | 3.19 |
| 83 | 1.37 | 1.89 | 2.08 | 98 | 2.16 | 2.96 | 3.26 |
| 84 | 1.43 | 1.97 | 2.17 | 99 | 2.21 | 3.02 | 3.32 |

This Page Intentionally Blank

# Definitions

**Administrator Mailing Address.** The Administrator Mailing Address for the policy is shown on the front cover.

**Cash Value.** The sum of premiums received and interest credited under the policy, less partial surrenders, fees, charges, and Monthly Deductions. (See *NONFORFEITURE PROVISIONS*, **Cash Value**.)

**Cost of Insurance.** See *NONFORFEITURE PROVISIONS*, **Cost of Insurance**.

**Date of Issue.** The Date of Issue is shown in the *POLICY SPECIFICATIONS*.

**Death Benefit.** The amount payable upon death of the second of the two Insureds to die based upon the Death Benefit Option selected under the policy and in effect at the time of death. Each option is described under *INSURANCE COVERAGE PROVISIONS*, **Death Benefit** and is payable as described under *GENERAL PROVISIONS*, **Payment of Proceeds**.

**Due Proof of Death.** A certified copy of an official death certificate, a certified copy of a decree of a court of competent jurisdiction as to the finding of death, or any other proof of death satisfactory to Lincoln Life.

**In Writing.** With respect to any notice to Lincoln Life, this term means a written form satisfactory to Lincoln Life and received at the Administrator Mailing Address. With respect to any notice by Lincoln Life to the Owner, any assignee or other person, this term means written notice by ordinary mail to such person at the most recent address in Lincoln Life's records.

**Indebtedness.** See *LOAN PROVISIONS*, **Indebtedness**.

**Monthly Deduction.** The amount deducted from the policy Cash Value on each Monthly Anniversary Day for certain expenses and the Cost of Insurance. (See *NONFORFEITURE PROVISIONS*, **Monthly Deduction**.)

**Monthly Anniversary Day.** The day of the month, as shown in the *POLICY SPECIFICATIONS*, when Lincoln Life deducts the Monthly Deduction. If that day is not a business day, then such charges will be deducted on the immediately preceding business day.

**Net Cash Value.** An amount equal to the Cash Value less the amount of any Indebtedness.

**Policy Anniversaries and Policy Years.** Twelve-month periods measured from the Date of Issue.

**Specified Amount.** The Specified Amount is shown in the *POLICY SPECIFICATIONS* or supplemental *POLICY SPECIFICATIONS*, if later changed. The Specified Amount is chosen by the Owner and is used in determining the amount of the Death Benefit. It may be increased or decreased as described in *INSURANCE COVERAGE PROVISIONS*, **Changes in Insurance Coverage**.

**Surrender Value.** See *NONFORFEITURE PROVISIONS*, **Surrender and Surrender Value**.

## Premium and Reinstatement Provisions

**Payment of Premiums.** All premiums are payable at the Administrator Mailing Address or to an authorized agent of Lincoln Life. The first premium is due on the Date of Issue and is payable in advance. All subsequent premium payments may be made at any time before the younger Insured's age 100. Receipts signed by the President or Secretary and duly countersigned will be furnished upon request.

Monthly Anniversary Days, policy months, Policy Years and Policy Anniversaries are computed from the Date of Issue.

**Minimum Premiums.** The Minimum Initial Premium as shown in the *POLICY SPECIFICATIONS* for the Initial Specified Amount as of the Date of Issue is the amount required to commence coverage under this policy and to prevent the policy from lapsing prior to the first Monthly Anniversary Day. Thereafter, the minimum premium amount is the amount required to prevent the policy from lapsing as set forth under **Policy Lapse and Grace Period.**

**Planned Premiums.** The Owner may, from time to time, establish the amount and frequency of premium payments subject to the maximum premium requirements permitted under the Internal Revenue Code to qualify the policy as life insurance. Lincoln Life will send premium reminder notices for the amounts and frequency of payments established by the Owner. Lincoln Life reserves the right to stop sending such notices if no premium payment is made within 2 Policy Years.

The Planned Premium amount as determined by the Owner, payable in accordance with the payment mode specified, may not continue the policy in force until the Policy Anniversary after the younger Insured reaches or would have reached age 100 even if the amount is paid as scheduled. The duration for which the policy will continue will depend upon:

1.  The amount, timing and frequency of premium payment;

2.  Changes in the Specified Amount and the Death Benefit Options;

3.  Changes in current interest credits and insurance cost;

4.  Changes in deductions for riders, if any; and

5.  Partial Surrenders and loans.

**Additional Premium.** In addition to any planned premium, it is possible to make additional premium payments of no less than $100 at any time before the younger Insured reaches or would have reached age 100. Lincoln Life reserves the right to limit the amount or frequency of any such additional premium payment. If a payment of any additional premium would increase the difference between the Cash Value and the Death Benefit, Lincoln Life may reject the additional premium payment unless evidence of insurability is furnished to Lincoln Life and it agrees to accept the risk for both Insureds or any surviving Insured. If a payment of additional premium would cause the policy to cease to qualify as life insurance for federal income tax purposes, Lincoln Life may reject all or such excess portion of the additional premium. Any additional premium payment received by Lincoln Life shall be applied as premium and not to repay any outstanding loans, unless Lincoln Life is specifically instructed otherwise in Writing by the Owner. Any payments exceeding the maximum amount that can be paid under Section 7702 of the IRC will be refunded.

**Policy Lapse and Grace Period.** This policy will lapse if the Net Cash Value on any Monthly Anniversary Day is less than the required Monthly Deduction. In such event, a grace period of 61 days will be granted to pay a premium sufficient to cover the required Monthly Deduction.

## Premium and Reinstatement Provisions (continued)

At least 31 days before the end of the grace period Lincoln Life will send a notice in Writing to the Owner and any assignee of record that there is insufficient Net Cash Value under the policy.  The notice will show the amount of premium required to prevent the policy from lapsing, which will be equal to the Monthly Deductions due and unpaid plus three additional Monthly Deductions.  If such premium, as billed by Lincoln Life, is not paid within the grace period, all coverage under the policy will terminate without value at the end of the grace period. If the second of the two Insureds to die dies during the grace period, Lincoln Life will deduct any overdue Monthly Deductions from the Death Benefit Proceeds.

**Reinstatement.**  After the policy has lapsed due to the failure to make a necessary payment before the end of an applicable grace period, the policy may be reinstated within 5 years provided: (a) there is an application for reinstatement in Writing, (b) satisfactory evidence of insurability is furnished to Lincoln Life and it agrees to accept the risk as to both Insureds, (c) enough premium is paid in an amount equal to the Monthly Deductions due and unpaid during the grace period plus three additional Monthly Deductions, and (d) any Indebtedness against the policy, increased by any loan interest is paid or reinstated. Satisfactory evidence of insurability must be furnished for both Insureds, if both Insureds were alive on the date of lapse. If only one Insured was living on the date of lapse, satisfactory evidence of insurability is only required on that Insured. The reinstated policy shall be effective as of the Monthly Anniversary Day after the date on which Lincoln Life approves the application for reinstatement.  On such date (a) the amount of the surrender charge deducted when the policy lapsed will be recredited to the cash value so that the cash value on the effective date of reinstatement, before any premium is applied, will be equal in amount to the cash value at the time the policy entered the grace period and (b) the surrender charges set forth in *THE TABLE OF SURRENDER CHARGES* will be reinstated as of the Policy Year in which the policy lapsed.  Policies which have been surrendered cannot be reinstated.

## Ownership, Assignment and Beneficiary Provisions

**Owner.** The Owner on the Date of Issue will be the person designated in the *POLICY SPECIFICATIONS*. If no Owner is designated, the Insureds will be the Owner.

**Rights of Owner.** While at least one of the Insureds is alive, the Owner may exercise all rights and privileges under the policy including the right to: (a) release or surrender the policy to Lincoln Life, (b) agree with Lincoln Life to any change in or amendment to the policy, (c) transfer all rights and privileges to another person, (d) change the Beneficiary, and (e) assign the policy.

All rights and privileges of the Owner may be exercised without the consent of any designated transferee, or any Beneficiary if the Owner has reserved the right to change the Beneficiary.  All such rights and privileges, however, may be exercised only with the consent of any assignee recorded with Lincoln Life.

Unless provided otherwise, if the Owner is a person other than an Insured and dies before both Insureds die, all the rights and privileges of the Owner will vest in the Owner's executors, administrators or assigns.

**Transfer of Owner.** The Owner may transfer all rights and privileges of the Owner. On the effective date of transfer, the transferee will become the Owner and will have all the rights and privileges of the Owner. The Owner may revoke any transfer prior to its effective date.

Unless provided otherwise, a transfer will not affect the interest of any Beneficiary designated prior to the effective date of transfer.

# Ownership, Assignment and Beneficiary Provisions (continued)

A transfer of Owner, or a revocation of transfer, must be In Writing on a form satisfactory to Lincoln Life and filed at the Administrator Mailing Address. A transfer, or a revocation, will not take effect until it is signed by the Owner and received by Lincoln Life. When a transfer or revocation has been so received, it will take effect as of the effective date specified by the Owner. Any payment made or any action taken or allowed by Lincoln Life before the transfer, or the revocation, is recorded will be without prejudice to Lincoln Life.

**Assignment.** Lincoln Life will not be affected by any assignment of the policy until the original assignment or a certified copy of the assignment is filed at the Administrator Mailing Address.

Lincoln Life does not assume responsibility for the validity or sufficiency of any assignment. An assignment of the policy will operate so long as the assignment remains in force.

To the extent provided under the terms of the assignment, an assignment will transfer the interest of any designated transferee or of any Beneficiary if the Owner has reserved the right to change the Beneficiary.

**Beneficiary.** The Beneficiary on the Date of Issue will be the person designated in the *POLICY SPECIFICATIONS*.

Unless provided otherwise, the interest of any Beneficiary who dies before both Insureds will vest in the Owner or the Owner's executors, administrators or assigns.

**Change of Beneficiary.** A new Beneficiary may be designated from time to time. A request for change of Beneficiary must be In Writing and filed at the Administrator Mailing Address. The request must be signed by the Owner. The request must also be signed by any irrevocable Beneficiary.

A change of Beneficiary will not take effect until the notice of change is received In Writing by Lincoln Life. When a change of Beneficiary has been so received, whether or not both Insureds are then alive, it will take effect as of the date the request was signed. Any payment made or any action taken or allowed by Lincoln Life before the change of Beneficiary is received will be without prejudice to Lincoln Life.

Unless provided otherwise, the right to change any Beneficiary is reserved to the Owner.

# Insurance Coverage Provisions

**Date of Coverage.** The date of coverage will be the Date of Issue provided the initial premium has been paid and the policy has been accepted by the Owner: (a) while both Insureds are alive, and (b) prior to any change in health and insurability as represented in the original application. This provision will not, however, affect the terms of any Temporary Insurance Agreement.

For any increase or addition to coverage, the effective date will be the Monthly Anniversary Day that coincides with or next follows the date the supplemental application is approved by Lincoln Life provided: (a) sufficient Net Cash Value exists under the policy to cover the cost for the increase, (b) sufficient premium for the increase or addition has been paid, and (c) both Insureds are alive on such day. The effective date for any change in insurance coverage will be shown under the effective date on the supplement to the *POLICY SPECIFICATIONS* page that will be sent to the Owner.

**Termination of Coverage.** All coverage under this policy terminates on the first of the following to occur:

1. A full surrender of the policy.
2. Death of the second of the two Insureds to die.
3. Failure to pay the amount of premium necessary to avoid termination before the end of any applicable grace period.

LN787                                        NY                                                    14

## Insurance Coverage Provisions (continued)

No action by Lincoln Life after such termination of the policy, including any Monthly Deduction made after termination of coverage, will constitute a reinstatement of the policy or a waiver of the termination. Any such deduction will be refunded.

**Death Benefit.** The amount payable upon death of the second of the two Insureds to die is based upon the Death Benefit Option in effect on the date of death. (See *GENERAL PROVISIONS,* **Payment of Proceeds.**) The Death Benefit Options available under this policy are as follows:

DEATH BENEFIT OPTION 1

The Specified Amount includes the Cash Value. The Death Benefit (before deduction of any Indebtedness against the policy) will equal the greater of:

    (a) the Specified Amount on the date of death of the second of the Insureds to die, or

    (b) the amount determined by Lincoln Life equal to that required by the Internal Revenue Code to maintain this contract as a life insurance policy as shown in the *CORRIDOR PERCENTAGES TABLE.* Any amount so determined will be set forth in the annual report which Lincoln Life will send to the Owner.

For Option 1, a partial surrender will reduce the Cash Value, Death Benefit, and Specified Amount.

DEATH BENEFIT OPTION 2

The Specified Amount is in addition to the Cash Value. The Death Benefit (before deduction of any Indebtedness against the policy) will equal the greater of:

    (a) the Specified Amount on the date of death of the second of the Insureds to die plus the Cash Value on the date of death, or

    (b) the amount determined by Lincoln Life equal to that required by the Internal Revenue Code to maintain this contract as a life insurance policy as shown in the *CORRIDOR PERCENTAGES TABLE.* Any amount so determined will be set forth in the annual report which Lincoln Life will send to the Owner.

For Option 2, a partial surrender will reduce the Cash Value and the Death Benefit. The Specified Amount will not be reduced.

DEATH BENEFIT OPTION 3

The Specified Amount in addition to the Accumulated Premium(s). The Death Benefit (before deduction of any Indebtedness against the policy) will equal the greater of:

    1. the sum of the Specified Amount plus the Accumulated Premium(s) on the date of death of the second of the Insureds to die, up to the Death Benefit Option 3 Limit shown in the *POLICY SPECIFICATIONS,* or

    2. the amount determined by Lincoln Life equal to that required by the Internal Revenue Code to maintain this contract as a life insurance policy as shown in the *CORRIDOR PERCENTAGES TABLE.* Any amount so determined will be set forth in the annual report which Lincoln Life will send to the Owner.

For Option 3, a partial surrender will reduce the Accumulated Premium(s), the Death Benefit, Cash Value, and the Death Benefit Option 3 Limit by the amount of the partial surrender. If the amount of the partial surrender exceeds the Accumulated Premium(s), the Specified Amount will be reduced by the excess amount.

## Insurance Coverage Provisions (continued)

**Accumulated Premium(s) for Death Benefit Option 3.** The Accumulated Premium(s) is determined on each Monthly Anniversary Day and is based on the sum of all premiums paid, less the Cumulative Policy Factor (if elected) from the later of the Date of Issue or the effective date of change to Option 3. Any premium paid that will cause the Death Benefit amount to exceed the Death Benefit Option 3 Limit will be applied to the policy, but will only increase the Death Benefit up to the Death Benefit Option 3 Limit.

**Increases in Death Benefit Option 3 Limit.** The Owner may request an increase to the Death Benefit Option 3 Limit. If an increase is requested, a supplemental application must be submitted and evidence of insurability satisfactory to Lincoln Life must be furnished. If Lincoln Life approves the request, the increase will become effective upon the Monthly Anniversary Day that coincides with or next follows the date the request is approved.

**Cumulative Policy Factor for Death Benefit Option 3.** The Cumulative Policy Factor, if elected by the Owner, is an amount determined on each Monthly Anniversary Day from the later of the Date of Issue of the policy or the effective date of change to Death Benefit Option 3, and is calculated as (1) multiplied by (2) where:

(1) is the applicable monthly rate from the table then used by the Internal Revenue Service (IRS) to determine the economic benefit attributable to life insurance coverage, or an alternative table permitted by the IRS, as selected by the Owner at issue; and (2) is the Specified Amount divided by 1,000.

If the Owner elects to have a Cumulative Policy Factor and later changes this election, any accumulation of the Cumulative Policy Factor to date will be carried forward, but will not continue to accumulate. If the Owner elects not to have a Cumulative Policy Factor and later changes this election, the accumulation of this Cumulative Policy Factor will begin as of the date of the change.

Unless Death Benefit Option 2 or 3 is elected on the application, the Owner will be deemed to have Death Benefit Option 1.

**Changes in Insurance Coverage.** The Owner may effect a change in coverage under this policy, subject to the following conditions:

1.  **General**

    Lincoln Life will require the Owner to submit a supplemental application for any change in coverage. A supplement to the *POLICY SPECIFICATIONS* will be endorsed to the policy and sent to the Owner once the change is completed.

2.  **Decrease in Specified Amount**

    The Owner may decrease the Specified Amount of this policy at any time up to 12 times per Policy Year, subject to IRS guidelines. The Owner cannot reduce the Specified Amount below $100,000.

    The decrease in Specified Amount will take effect on the Monthly Anniversary Day on or next following the date on which the Owner's request in Writing is received at the Administrator's Mailing Address. If Death Benefit Option 3 is in effect, a decrease in Specified Amount will reduce the Death Benefit Option 3 Limit. A decrease in Specified Amount will be subject to a surrender charge, if any, as set forth in the *TABLE OF SURRENDER CHARGES*, which will be deducted from the Cash Value.

    The decrease will reduce any past increases in the reverse order in which they occurred.

LN787                            NY                                                    16

# Insurance Coverage Provisions (continued)

3.   **Increase in Specified Amount**

The Owner may make a minimum increase of $1,000 to the Specified Amount of this policy at any time up to 12 times in the first Policy Year subject to satisfactory evidence of insurability. After the first Policy Year the Owner may make one increase per Policy Year. The Date of Issue of any increase will be shown in the supplemental *POLICY SPECIFICATIONS* sent to the Owner. Increases in Specified Amount that are not initiated by the Owner, but are initiated by Lincoln Life, will not require evidence of insurability.

If Lincoln Life approves the request, the increase will become effective upon (i) the Monthly Anniversary Day that coincides with or next follows the date Lincoln Life approves the request, and (ii) the deduction from the Cash Value of the first month's cost for the increase, using the Insureds' then attained ages (nearest birthday) as the issue age for such coverage provided both Insureds are alive on such day. If Death Benefit Option 3 is in effect, an increase in Specified Amount will increase the Death Benefit Option 3 Limit, unless requested otherwise by the Owner.

After an increase in Specified Amount, the weighted average per $1,000 expense charge and Cost of Insurance will apply.

4.   **Change in Death Benefit Option**

The Owner may change the Death Benefit Option after the first Policy Year. If such change results in an increase in the net amount at risk, it will be subject to satisfactory evidence of insurability. The change will take effect on the Monthly Anniversary Day on or next following the date on which the Owner's request in Writing is received at the Administrator Mailing Address and approved by Lincoln Life.

(a)   Change from Option 1 to Option 2

The Specified Amount will be reduced to equal the Specified Amount immediately prior to the change less the Cash Value at the time of the change.

(b)   Change from Option 2 to Option 1

The Specified Amount will be increased to equal the Specified Amount immediately prior to the change plus the Cash Value at the time of the change.

(c)   Change from Option 3 to Option 1

The Specified Amount will be increased by Accumulated Premium(s) at the time of change.

(d)   Change from Option 3 to Option 2 and the Cash Value is greater than the Accumulated Premium(s).

The Specified Amount will be reduced by the Cash Value less Accumulated Premium(s) at the time of change.

(e)   Change from Option 3 to Option 2 and the Cash Value is less than Accumulated Premium(s).

The Specified Amount will be increased by the Accumulated Premium(s) less the Cash Value at the time of change.

## Nonforfeiture Provisions (continued)

(f)   Change from Option 2 to Option 3

The Specified Amount will be increased to equal the Specified Amount immediately prior to the change plus the Cash Value at the time of change.

**Projection of Benefits and Values.** Lincoln Life will provide a projection of illustrative future Death Benefits and Cash Values at any time upon written request and payment of a reasonable service fee. The fee payable will be the one then in effect for this service. The illustration will be based on (a) assumptions as to Specified Amount(s), type of coverage option(s) and future planned annual premium payments, and (b) such other assumptions (e.g., mortality and interest) as are necessary and specified.

## Nonforfeiture Provisions

**Cash Value.** On each Monthly Anniversary Day, the Cash Value will be calculated as (1), plus (2), plus (3), minus (4), minus (5), minus (6), minus (7) where:

(1)   is the Cash Value on the preceding Monthly Anniversary Day.

(2)   is all premiums received since the preceding Monthly Anniversary Day less the premium expense charge from the *TABLE OF EXPENSE CHARGES.*

(3)   is interest on items (1) and (2).

(4)   is the Monthly Deduction for the month following the Monthly Anniversary Day.

(5)   is the applicable charge per $1,000 from the *TABLE OF EXPENSE CHARGES,* for the initial and any increase in Specified Amount, if any.

(6)   is the amount of any partial surrenders (i.e. withdrawals) and associated fees on the Monthly Anniversary Day.

(7)   is the surrender charge for any decrease in Specified Amount from the *TABLE OF SURRENDER CHARGES,* if any.

If premium is received at any time other than the beginning of a policy month, the rate of interest used in the calculation of item (3) above will be determined pro rata from the date of receipt.

On any day other than a Monthly Anniversary Day, the Cash Value will be the Cash Value as of the preceding Monthly Anniversary Day, plus all premiums received since the preceding Monthly Anniversary Day less the premium expense charge from the *TABLE OF EXPENSE CHARGES* plus accumulated interest and less partial surrenders and associated fees. The Cash Value on the Date of Issue will be the initial premium received less: (i) the initial policy fee from the *TABLE OF EXPENSE CHARGES,* (ii) the Monthly Deduction for the first policy month, (iii) the premium expense charge from the *TABLE OF EXPENSE CHARGES,* and (iv) the charge per $1,000 of initial Specified Amount from the *TABLE OF EXPENSE CHARGES.*

**Net Cash Value.** The Net Cash Value as of any date shall equal the Cash Value on that date as determined above less any Indebtedness against the policy.

**Monthly Deduction.** The Monthly Deduction for a policy month will be calculated as Charge (1) plus Charge (2) where:

CHARGE (1)   is the Cost of Insurance (as described in the **Cost of Insurance** provision) and the cost of any additional benefits provided by rider for the policy month; and

CHARGE (2)   is the monthly administrative expense charge from the *TABLE OF EXPENSE CHARGES.*

# Nonforfeiture Provisions (continued)

**Interest Rates.** Lincoln Life will credit interest to the Cash Value of the policy daily. The interest rate applied to the Net Cash Value of the policy will be the greater of:

(a)   0.01074598% per day, compounded daily (4.0% annually), or

(b)   a rate determined by Lincoln Life from time to time and in accordance with procedures and standards on file with the Superintendent of Insurance. Such rate will be established on a prospective basis, be subject to review by the Lincoln Life at least annually and may vary by the issue year and duration. Such interest credits will be nonforfeitable from the date of crediting.

The interest rate applied to that borrowed portion of the Cash Value which secures any outstanding policy loan when expressed as an equivalent annual rate shall be equal to the policy loan rate less a percentage no greater than 2%. (See *LOAN PROVISIONS*, **Loan Interest**.)

**Additional Interest.** In addition to the interest being credited under the policy, Lincoln Life will grant an additional interest at the end of Policy Years 6 and thereafter. This amount will equal 0.25% of the Cash Value in Policy Years 6-10, and will equal 0.50% of the Cash Value in Policy Years 11 and thereafter and will be applied automatically to increase the then current Cash Value of the policy.

**Cost of Insurance.** The Cost of Insurance under this policy is determined on a monthly basis. Such cost will be the result of (1), minus (2), multiplied by (3), and divided by 1,000 where:

(1)   is the Death Benefit at the beginning of the policy month, divided by 1.0032737,

(2)   is the Cash Value at the beginning of the policy month prior to the deduction for the monthly Cost of Insurance, or zero if greater, and

(3)   is the Cost of Insurance rate as described under **Cost of Insurance Rates** provision.

**Cost of Insurance Rates.** Monthly Cost of Insurance rates will be determined by Lincoln Life, based on its expectations as to future mortality, investment earnings, persistency, and expenses (including taxes). Any change in Cost of Insurance rates will apply to all individuals of the same classes as the Insureds and will be determined in accordance with procedures and standards on file with the Superintendent of Insurance. In determining the monthly Cost of Insurance, Lincoln Life will add the amount of the Flat Extra Monthly Insurance Cost, if any, shown in the *POLICY SPECIFICATIONS*. If an Insured is in a rated premium class, the monthly Cost of Insurance rates for that premium class will reflect the Risk Factor, if any, shown in the *POLICY SPECIFICATIONS*. Under no circumstances will the Cost of Insurance rates ever be greater than those specified in the *TABLE OF GUARANTEED MAXIMUM COST OF INSURANCE RATES*.

The determination on each Monthly Anniversary Day of the then current monthly Cost of Insurance rate and the corresponding maximum monthly Cost of Insurance rate applicable under this policy is based upon an actuarial formula that reflects one-alive and both-alive probabilities and uses mortality rates for individuals of the same classes as the Insureds. Such actuarial formula has been filed with the insurance supervisory official of the jurisdiction in which this policy is delivered.

**Insufficient Value.** If the Net Cash Value, on the day preceding a Monthly Anniversary Day is insufficient to cover the Monthly Deduction for the month following such Monthly Anniversary Day, the policy will terminate. (See *PREMIUM AND REINSTATEMENT PROVISIONS*, **Policy Lapse and Grace Period**.)

LN787                                          NY                                          19

# Nonforfeiture Provisions (continued)

**Basis of Computations.** The minimum Cash Values under this policy are guaranteed to be no less than those calculated based on the applicable Commissioners 1980 Standard Ordinary Mortality Table (age nearest birthday) with appropriate increase for rated risks and with interest at 4% per year, compounded yearly.

The Cash Values are at least equal to those required on the Date of Issue by the jurisdiction in which this policy is delivered. A detailed statement of the method of computing values has been filed with the insurance supervisory official of that jurisdiction.

**Continuation of Insurance.** If at least one of the two Insureds is alive when the younger Insured reaches or would have reached age 100 and the policy has not lapsed or been fully surrendered, Lincoln Life will: a) continue to credit interest to the Cash Value as defined in the **Interest Rate** provision; b) no longer charge Monthly Deductions under the policy; c) continue to charge loan interest; d) no longer accept premium payments (except as needed to keep the policy from lapsing); and e) continue the policy in force and pay the Death Benefit upon receipt of the due proof of death of the second of the two Insureds to die. This provision will not continue any rider attached to the policy beyond the date for its termination, as provided in the rider.

**Surrender and Surrender Value.** This policy may be surrendered on any Monthly Anniversary Day while at least one of the Insureds is alive. The amount payable on surrender of this policy (i.e., the Surrender Value) will be the Net Cash Value on the date of surrender less: (1) a charge determined from the *TABLE OF SURRENDER CHARGES.* (The charges shown in the table are the charges imposed at the beginning of the Policy Year; charges imposed upon surrender during the Policy Year will be determined on a consistent basis allowing for the lapse of time within such year.); and (2) any portion of the earned expense charge per $1,000 not yet deducted from the Cash Value.

The Surrender Value will be paid in cash or under an elected optional mode of settlement. Lincoln Life may defer the payment of the Surrender Value for the period permitted by law, but not for more than 6 months from the date of request for surrender.

If surrender is requested under this section within 30 days after a Policy Anniversary, the Surrender Value will not be less than the Surrender Value on that anniversary, less any policy loans or partial surrenders made on or after such anniversary.

**Partial Surrender.** A partial surrender (i.e. withdrawal) of this policy may be elected on any Monthly Anniversary Day while the policy is in force and while at least one of the Insureds is alive, by submitting a request In Writing to Lincoln Life. The amount of the partial surrender (a) must be at least $500.00 but (b) may not exceed 90% of the then current Surrender Value. Partial Surrender may continue to be made after the younger Insured reaches or would have reached age 100.

When a partial surrender is made, the amount of the partial surrender and the applicable fee will be deducted from the Cash Value. Also, the Death Benefit payable will be reduced by the amount of the partial surrender and the applicable fee. (See *INSURANCE COVERAGE PROVISIONS,* **Death Benefit.**) The reduction will be applied to the most recent increase in the Specified Amount. The Specified Amount remaining in force after any partial surrender will be subject to the limits imposed by IRS guidelines and the minimum Specified Amount. (See *INSURANCE COVERAGE PROVISIONS,* **Changes in Insurance Coverage.**)

A fee as set forth in the *TABLE OF EXPENSE CHARGES* will be deducted from the Cash Value for each partial surrender. Lincoln Life reserves the right to limit the number of partial surrenders in a Policy Year to four. Lincoln Life also reserves the right to defer payment for the period permitted by law, but not for more than 6 months from the date of request for the partial surrender, unless such partial surrender amount is to be applied to the payment of premiums on policies with Lincoln Life.

## Nonforfeiture Provisions (continued)

**Paid-up Insurance.**   The Owner may at any time request that Lincoln Life grant guaranteed nonparticipating paid-up insurance, which shall be payable at a like time and in like manner with the original policy. The amount of paid-up insurance will be that which the Net Cash Value will purchase when applied as a net single premium at the Insureds' then attained ages using the guaranteed interest of 4% per annum and mortality basis set forth under the **Basis of Computations** provision. The amount of such paid-up insurance, however, shall be limited to the current Death Benefit under the policy, and the amount of any Net Cash Value in excess of that required to purchase such paid-up insurance will be paid to the Owner in cash. After election of this option, no further premiums will be accepted or excess interest credits applied. The paid-up insurance will not include any supplementary or additional benefits provided by rider under the original policy.

The Owner, at any time after election of the paid-up option, may surrender the policy for the Cash Surrender Value and is not subject to any expense charge on any monthly anniversary after the election. Lincoln Life will pay, upon surrender of the policy within 30 days after any policy anniversary, a Cash Surrender Value that includes any existing paid-up additions, decreased by indebtedness to the Company on the policy, including interest due or accrued, if any.

**Values Upon First Death.**  The premiums and cash values are not changed upon the death of the first Insured to die.

## Loan Provisions

**Policy Loans.** If the policy has a Surrender Value available, Lincoln Life will grant a loan against the policy provided: (a) a proper loan agreement is executed, and (b) a satisfactory assignment of the policy to Lincoln Life is made. The policy will be the sole security for the loan. The total amount of all loans with interest may not exceed the Surrender Value of the policy less up to 3 months current expense and cost of insurance charges. Loans may continue to be made after the younger Insured reaches or would have reached age 100. The Owner should consult his or her advisor before making any loan under the policy.

Lincoln Life may defer a loan for 6 months from the date of the request for the loan. Lincoln Life will not, however, defer a loan to be used to pay premiums on policies with Lincoln Life. However, if the loan is deferred for more than 10 days, Lincoln Life will pay interest on the loan amount at the rate equal to 3% per year.

**Loan Interest.**  Interest on any policy loan will be at a rate equivalent to 6% per year payable in arrears. Loan interest is payable annually on each Policy Anniversary or as otherwise agreed In Writing by the Owner and Lincoln Life. Interest not paid when due will then be added to the loan and bear interest at the same rate. Interest, as it accrues from day to day, will constitute an Indebtedness.

**Indebtedness.**  The term Indebtedness means money which is owed on this policy due to an outstanding loan and interest accrued thereon but not charged. Any Indebtedness at time of settlement will reduce the proceeds. Indebtedness may be repaid in whole or in part at any time even after the younger Insured reaches or would have reached Age 100. If, however, a premium is not paid within the grace period, any outstanding Indebtedness can be repaid only if the policy is reinstated.

If at any time the total Indebtedness against the policy, including interest accrued but not due, equals or exceeds the then current Cash Value, the policy will thereupon terminate without value. (See *PREMIUM AND REINSTATEMENT PROVISIONS*, **Policy Lapse and Grace Period**.)

# General Provisions

**Entire Contract.** The policy and the application for the policy (including any supplemental applications for additional Specified Amounts) constitute the entire contract between the parties. All statements made in the application will be deemed representations and not warranties. No statement will be used in defense of a claim under the policy unless it is contained in the application, and a copy of the application is attached to the policy when issued.

Only the President, a Vice President, an Assistant Vice President, a Secretary, a Director or an Assistant Director of Lincoln Life may make or modify this policy.

The policy is executed at the Administrator Mailing Address shown on the front cover of the policy.

**Non-Participation.** The policy is not entitled to share in surplus distribution.

**Notice of Claim.** Due Proof of Death must be furnished to Lincoln Life within 30 days or as soon as reasonably possible after the death of each Insured. Such notice shall be given by or on behalf of the Owner to Lincoln Life at its Administrator Mailing Address located on the front cover of the policy.

**Payment of Proceeds.** Proceeds, as used in this policy, means the amount payable (a) upon the surrender of this policy, or (b) upon the death of the second of the two Insureds to die.

Upon the death of the second Insured to die, while the policy is still in force, the proceeds payable will be the Death Benefit less any Indebtedness against the policy. Such Death Benefit Proceeds are payable subject to the receipt of Due Proof of Death for both Insureds. Payment shall include interest on proceeds from the date of death of the second Insured to die to the date of payment. The interest shall be computed daily at the rate currently paid by Lincoln Life on proceeds left under the interest settlement option. If the policy is surrendered before the death of the second of the two Insureds to die, the proceeds payable upon surrender will be the Surrender Value as described in the *NONFORFEITURE PROVISIONS*. The proceeds payable under the policy are subject to the adjustments described in the following provisions:

1.   Misstatement of Age or Sex;

2.   Suicide;

3.   Incontestability;

4.   Partial Surrender;

5.   Policy Lapse and Grace Period; and

6.   Indebtedness.

When settlement is made, Lincoln Life may require return of the policy. Proceeds will be paid in a lump sum unless an Optional Method of Settlement is elected.

Policy proceeds are exempt from the claims of creditors and the rights of beneficiaries and assignees thereof shall be protected.

**Misstatement of Age or Sex.** If the age or sex of either of the Insureds is misstated and the misstatement is discovered at the time of the death of the second Insured to die, Lincoln Life will adjust all benefits to the amounts that would have been purchased for the correct ages and sexes according to the basis specified in the *TABLE OF GUARANTEED MAXIMUM COST OF INSURANCE RATES PER $1,000.*

## General Provisions (continued)

If the misstatement of age or sex is discovered while either of the Insureds is alive, a retroactive adjustment will be made to the Cash Value using the correct Cost of Insurance Rates and Expense Charges. All future charges and benefits will be based on the correct ages and sexes.

**Suicide.** If the second of the Insureds to die commits suicide within 2 years from the Date of Issue, the Death Benefit Proceeds will be limited to a refund of premiums paid less (a) any Indebtedness against the policy and (b) the amount of any partial surrenders.

If the second of the Insureds to die commits suicide within 2 years from the date of any increase in the Specified Amount, the Death Benefit Proceeds with respect to such increase will be limited to a refund of the monthly charges for the cost of such additional insurance and the amount of insurance will be based on the Specified Amount before such increase was made, provided that the increase became effective at least 2 years from the Date of Issue of the policy.

If the policy lapses and is reinstated (See *PREMIUM AND REINSTATEMENT*, **Reinstatement**), the 2 year period for suicide does not begin anew.

**Incontestability.** Except for nonpayment of Monthly Deductions, this policy will be incontestable after it has been in force during the lifetime of each Insured for 2 years from its Date of Issue. This means that Lincoln Life will not use any misstatement in the application to challenge a claim or avoid liability after that time.

Any applied for increase in the Specified Amount (other than an applied for increase solely attributable to a change in Death Benefit Option) effective after the Date of Issue will be incontestable only after such increase has been in force for 2 years during the lifetime of each Insured. The basis for contesting an increase in Specified Amount will be limited to material misrepresentations made in the supplemental application for the increase. The basis for contesting after reinstatement will be (a) limited to a period of 2 years during the lifetime of each Insured from the date of reinstatement, and (b) limited to material misrepresentations made in the reinstatement application.

**Effect of Waiver of Provisions.** If at some time Lincoln Life chooses not to enforce a policy provision, it still retains the right to enforce that provision at any other time. To be effective, a waiver of any terms of the policy must be In Writing and signed by a person authorized by Lincoln Life to waive such terms.

**Policy Changes - Applicable Law.** This policy must qualify initially and continue to qualify as life insurance under the Internal Revenue Code in order for the Owner to receive the tax treatment accorded to life insurance under Federal law. Therefore, to maintain this qualification to the maximum extent permitted by law, Lincoln Life reserves the right to return any premium payments that would cause this policy to fail to qualify as life insurance under applicable tax law as interpreted by Lincoln Life. Further, Lincoln Life reserves the right to make changes in this policy or to make distributions from the policy to the extent it deems necessary, in its sole discretion, to continue to qualify this policy as life insurance. Any such changes will apply uniformly to all policies that are affected.

**Annual Report.** Lincoln Life will send a report to the Owner at least once a year without charge. The report will show (a) the current Death Benefit, (b) the current Net Cash Value, (c) premiums paid and all deductions made since the last report, and (d) outstanding policy loans. In addition, the report will indicate when the policy is projected to lapse based on current and guaranteed factors.

**Change of Plan.** This policy may be exchanged for another policy only if Lincoln Life consents to the exchange and all requirements for the exchange as determined by Lincoln Life, are met.

## General Provisions (continued)

However, the Owner may exchange the policy for separate single life policies on each of the Insureds under any of the following circumstances:

1.  the Insureds' marriage is dissolved by a final divorce decree while this policy is in force,
2.  the Internal Revenue Code is revised to eliminate the federal estate tax marital deduction,
3.  the maximum tax rate in the Internal Revenue Code for estate tax is reduced to a certain percentage. The percentage is 25%.
4.  The Insureds' business is legally dissolved while this policy is in force.

Such policy split is subject to all of the following conditions:

1.  both Insureds are alive and the policy is in force at the time of the change in circumstances noted above,
2.  evidence of insurability satisfactory to Lincoln Life is furnished, unless (a) the exchange is applied for within 12 months of the enactment of the change in the IRC, or (b) the exchange is applied for within 24 months following the date of legal divorce with the split to become effective after 24 months following the date of legal divorce, and
3.  the amount of insurance of each new policy is not larger than one half of the amount of insurance then in force under this policy.

The new policy will not take effect until the date all such requirements are met.  The premium for each new policy is determined according to Lincoln Life's rates then in effect for that policy based on each Insured's then attained age and sex, and underwriting class, if available.  If either Insured's underwriting class is not available on a single-life basis, the new policy for that Insured cannot be issued unless satisfactory evidence of insurability is provided for an underwriting class that is available.

# Optional Methods of Settlement

This rider is made part of the policy to which it is attached as of the Date of Issue. Upon written request, the Company will agree to pay in accordance with any one of the options shown below all or part of the net proceeds that may be payable under the policy.

If any optional income settlement provides for installment payments for a given age of payee for an amount which would be the same for different periods certain, the Company will deem that an election has been made for the longest period certain for such age and amount.

While at least one of the insureds is alive, the request, including the designation of the payee, may be made by the Owner. Unless the Owner has previously elected a settlement option, at the time a Death Benefit becomes payable under the policy, the request, including the designation of the payee, may then be made by the Beneficiary. Once Income Payments have begun, the policy cannot be surrendered and the payee cannot be changed, nor can the settlement option be changed.

**Payment Dates.** The first Income Payment under the settlement option selected will become payable on the date proceeds are settled under the option. Subsequent payments will be made on the first day of each month in accordance with the manner of payment selected.

**Minimum Payment Amount.** The settlement option elected must result in an Income Payment at least equal to the minimum payment amount in accordance with the Company's rules then in effect. If at any time payments are less than the minimum payment amount, the Company has the right to change the frequency to an interval that will provide the minimum payment amount. If any amount due is less than the minimum per year, the Company may make other arrangements that are equitable.

**Income Payments.** Income Payments will remain constant pursuant to the terms of the settlement option(s) selected. The amount of each Income Payment shall be determined in accordance with the terms of the settlement option and the table(s) set forth in this rider, as applicable. The mortality table used is the Annuity 2000 Table and 3% interest. In determining the settlement amount, the settlement age of the payee will be reduced by one year when the first installment is payable during 2010-2019, reduced by two years when the first installment is payable during the decade 2020-2029, and so on.

**First Option: Life Annuity.** An annuity payable monthly to the payee during the lifetime of the payee, ceasing with the last payment due prior to the death of the payee.

**Second Option: Life Annuity with Certain Period.** An annuity providing monthly income to the payee for a fixed period of 60, 120, 180, or 240 months (as selected), and for as long thereafter as the payee shall live.

**Third Option: Annuity Certain.** An amount payable monthly for the number of years selected which may be from 5 to 30 years.

**Fourth Option: As a Deposit at Interest.** The Company will retain the proceeds while the payee is alive and will pay interest annually thereon at a rate of not less than 3% per year. Upon the payee's death, the amount on deposit will be paid.

**Excess Interest.** At the sole discretion of the Company, excess interest may be paid or credited from time to time in addition to the payments guaranteed under any Optional Method of Settlement.

**Additional Options.** Any proceeds payable under the policy may also be settled under any other method of settlement offered by the Company at the time of the request.

**Lincoln Life & Annuity Company of New York**

*Dennis R. Glass*

President

# Optional Methods of Settlement (Continued)

**Life Annuity and Life Annuity with Certain Period Table for Each $1,000 Applied – Male**

| Age | Life Annuity | 60 | 120 | 180 | 240 | Age | Life Annuity | 60 | 120 | 180 | 240 | Age | Life Annuity | 60 | 120 | 180 | 240 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10 | 2.84 | 2.84 | 2.84 | 2.84 | 2.84 | 35 | 3.35 | 3.35 | 3.34 | 3.34 | 3.33 | 60 | 4.98 | 4.95 | 4.88 | 4.75 | 4.56 |
| 11 | 2.85 | 2.85 | 2.85 | 2.85 | 2.85 | 36 | 3.38 | 3.38 | 3.38 | 3.37 | 3.36 | 61 | 5.10 | 5.07 | 4.99 | 4.84 | 4.62 |
| 12 | 2.87 | 2.87 | 2.86 | 2.86 | 2.86 | 37 | 3.42 | 3.42 | 3.41 | 3.40 | 3.39 | 62 | 5.23 | 5.20 | 5.11 | 4.93 | 4.69 |
| 13 | 2.88 | 2.88 | 2.88 | 2.88 | 2.87 | 38 | 3.46 | 3.46 | 3.45 | 3.44 | 3.42 | 63 | 5.37 | 5.34 | 5.23 | 5.03 | 4.75 |
| 14 | 2.89 | 2.89 | 2.89 | 2.89 | 2.89 | 39 | 3.50 | 3.49 | 3.49 | 3.48 | 3.46 | 64 | 5.53 | 5.48 | 5.35 | 5.13 | 4.82 |
| 15 | 2.91 | 2.91 | 2.91 | 2.90 | 2.90 | 40 | 3.54 | 3.54 | 3.53 | 3.52 | 3.50 | 65 | 5.69 | 5.64 | 5.49 | 5.23 | 4.88 |
| 16 | 2.92 | 2.92 | 2.92 | 2.92 | 2.91 | 41 | 3.58 | 3.58 | 3.57 | 3.56 | 3.53 | 66 | 5.86 | 5.80 | 5.62 | 5.33 | 4.94 |
| 17 | 2.94 | 2.94 | 2.93 | 2.93 | 2.93 | 42 | 3.63 | 3.62 | 3.62 | 3.60 | 3.57 | 67 | 6.04 | 5.98 | 5.77 | 5.43 | 5.00 |
| 18 | 2.95 | 2.95 | 2.95 | 2.95 | 2.94 | 43 | 3.68 | 3.67 | 3.66 | 3.64 | 3.62 | 68 | 6.24 | 6.16 | 5.92 | 5.53 | 5.06 |
| 19 | 2.97 | 2.97 | 2.97 | 2.96 | 2.96 | 44 | 3.73 | 3.72 | 3.71 | 3.69 | 3.66 | 69 | 6.45 | 6.35 | 6.07 | 5.63 | 5.11 |
| 20 | 2.99 | 2.99 | 2.98 | 2.98 | 2.98 | 45 | 3.78 | 3.77 | 3.76 | 3.74 | 3.70 | 70 | 6.67 | 6.55 | 6.23 | 5.73 | 5.16 |
| 21 | 3.00 | 3.00 | 3.00 | 3.00 | 2.99 | 46 | 3.83 | 3.83 | 3.81 | 3.79 | 3.75 | 71 | 6.91 | 6.78 | 6.39 | 5.83 | 5.21 |
| 22 | 3.02 | 3.02 | 3.02 | 3.02 | 3.01 | 47 | 3.89 | 3.88 | 3.87 | 3.84 | 3.80 | 72 | 7.16 | 7.00 | 6.56 | 5.93 | 5.25 |
| 23 | 3.04 | 3.04 | 3.04 | 3.04 | 3.03 | 48 | 3.95 | 3.94 | 3.93 | 3.89 | 3.85 | 73 | 7.43 | 7.25 | 6.73 | 6.02 | 5.29 |
| 24 | 3.06 | 3.06 | 3.06 | 3.06 | 3.05 | 49 | 4.01 | 4.01 | 3.99 | 3.95 | 3.90 | 74 | 7.72 | 7.50 | 6.90 | 6.11 | 5.33 |
| 25 | 3.08 | 3.08 | 3.08 | 3.08 | 3.07 | 50 | 4.08 | 4.07 | 4.05 | 4.01 | 3.95 | 75 | 8.02 | 7.77 | 7.08 | 6.20 | 5.36 |
| 26 | 3.10 | 3.10 | 3.10 | 3.10 | 3.09 | 51 | 4.15 | 4.14 | 4.11 | 4.07 | 4.00 | 76 | 8.35 | 8.05 | 7.26 | 6.28 | 5.39 |
| 27 | 3.13 | 3.13 | 3.12 | 3.12 | 3.11 | 52 | 4.22 | 4.21 | 4.18 | 4.13 | 4.06 | 77 | 8.70 | 8.34 | 7.43 | 6.36 | 5.41 |
| 28 | 3.15 | 3.15 | 3.15 | 3.14 | 3.14 | 53 | 4.30 | 4.29 | 4.26 | 4.20 | 4.12 | 78 | 9.08 | 8.65 | 7.61 | 6.43 | 5.43 |
| 29 | 3.17 | 3.17 | 3.17 | 3.17 | 3.16 | 54 | 4.38 | 4.37 | 4.33 | 4.27 | 4.18 | 79 | 9.48 | 8.98 | 7.78 | 6.49 | 5.45 |
| 30 | 3.20 | 3.20 | 3.20 | 3.19 | 3.19 | 55 | 4.46 | 4.45 | 4.41 | 4.34 | 4.24 | 80 | 9.91 | 9.31 | 7.95 | 6.55 | 5.46 |
| 31 | 3.23 | 3.23 | 3.22 | 3.22 | 3.21 | 56 | 4.55 | 4.54 | 4.50 | 4.42 | 4.30 | 81 | 10.38 | 9.66 | 8.11 | 6.60 | 5.47 |
| 32 | 3.25 | 3.25 | 3.25 | 3.25 | 3.24 | 57 | 4.65 | 4.63 | 4.58 | 4.50 | 4.36 | 82 | 10.87 | 10.02 | 8.27 | 6.65 | 5.48 |
| 33 | 3.28 | 3.28 | 3.28 | 3.28 | 3.27 | 58 | 4.75 | 4.73 | 4.68 | 4.58 | 4.43 | 83 | 11.39 | 10.40 | 8.42 | 6.69 | 5.49 |
| 34 | 3.32 | 3.31 | 3.31 | 3.31 | 3.30 | 59 | 4.86 | 4.84 | 4.78 | 4.66 | 4.49 | 84 | 11.95 | 10.78 | 8.56 | 6.72 | 5.50 |
|  |  |  |  |  |  |  |  |  |  |  |  | 85 | 12.55 | 11.16 | 8.69 | 6.75 | 5.50 |

 SPECIMEN

## Optional Methods of Settlement (Continued)

**Life Annuity and Life Annuity with Certain Period Table for Each $1,000 Applied – Female**

| Settlement age of payee nearest birthday | Life Annuity | 60 | 120 | 180 | 240 | Settlement age of payee nearest birthday | Life Annuity | 60 | 120 | 180 | 240 | Settlement age of payee nearest birthday | Life Annuity | 60 | 120 | 180 | 240 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Age | | | | | | Age | | | | | | Age | | | | | |
| 10 | 2.78 | 2.78 | 2.78 | 2.78 | 2.78 | 35 | 3.22 | 3.22 | 3.22 | 3.21 | 3.21 | 60 | 4.59 | 4.58 | 4.54 | 4.46 | 4.35 |
| 11 | 2.79 | 2.79 | 2.79 | 2.79 | 2.79 | 36 | 3.25 | 3.25 | 3.24 | 3.24 | 3.23 | 61 | 4.69 | 4.66 | 4.63 | 4.56 | 4.42 |
| 12 | 2.81 | 2.81 | 2.81 | 2.80 | 2.80 | 37 | 3.28 | 3.28 | 3.27 | 3.27 | 3.26 | 62 | 4.80 | 4.79 | 4.73 | 4.64 | 4.49 |
| 13 | 2.82 | 2.82 | 2.82 | 2.82 | 2.81 | 38 | 3.31 | 3.31 | 3.30 | 3.30 | 3.29 | 63 | 4.92 | 4.90 | 4.84 | 4.73 | 4.57 |
| 14 | 2.83 | 2.83 | 2.83 | 2.83 | 2.83 | 39 | 3.34 | 3.34 | 3.34 | 3.33 | 3.32 | 64 | 5.04 | 5.02 | 4.95 | 4.83 | 4.64 |
| 15 | 2.84 | 2.84 | 2.84 | 2.84 | 2.84 | 40 | 3.38 | 3.37 | 3.37 | 3.36 | 3.35 | 65 | 5.18 | 5.15 | 5.07 | 4.93 | 4.71 |
| 16 | 2.85 | 2.85 | 2.85 | 2.85 | 2.85 | 41 | 3.41 | 3.41 | 3.41 | 3.40 | 3.39 | 66 | 5.32 | 5.29 | 5.20 | 5.03 | 4.78 |
| 17 | 2.87 | 2.87 | 2.87 | 2.87 | 2.86 | 42 | 3.45 | 3.45 | 3.44 | 3.44 | 3.42 | 67 | 5.48 | 5.44 | 5.33 | 5.14 | 4.85 |
| 18 | 2.88 | 2.88 | 2.88 | 2.88 | 2.88 | 43 | 3.49 | 3.49 | 3.48 | 3.47 | 3.46 | 68 | 5.64 | 5.60 | 5.47 | 5.25 | 4.92 |
| 19 | 2.90 | 2.90 | 2.89 | 2.89 | 2.89 | 44 | 3.53 | 3.53 | 3.52 | 3.51 | 3.50 | 69 | 5.82 | 5.77 | 5.62 | 5.36 | 4.99 |
| 20 | 2.91 | 2.91 | 2.91 | 2.91 | 2.91 | 45 | 3.57 | 3.57 | 3.57 | 3.55 | 3.54 | 70 | 6.01 | 5.95 | 5.78 | 5.47 | 5.05 |
| 21 | 2.93 | 2.93 | 2.92 | 2.92 | 2.92 | 46 | 3.62 | 3.62 | 3.61 | 3.60 | 3.58 | 71 | 6.21 | 6.15 | 5.94 | 5.58 | 5.11 |
| 22 | 2.94 | 2.94 | 2.94 | 2.94 | 2.94 | 47 | 3.67 | 3.67 | 3.66 | 3.64 | 3.62 | 72 | 6.44 | 6.36 | 6.11 | 5.70 | 5.17 |
| 23 | 2.96 | 2.96 | 2.96 | 2.96 | 2.95 | 48 | 3.72 | 3.72 | 3.71 | 3.69 | 3.67 | 73 | 6.68 | 6.59 | 6.29 | 5.81 | 5.22 |
| 24 | 2.98 | 2.97 | 2.97 | 2.97 | 2.97 | 49 | 3.77 | 3.77 | 3.76 | 3.74 | 3.71 | 74 | 6.94 | 6.83 | 6.48 | 5.92 | 5.27 |
| 25 | 2.99 | 2.99 | 2.99 | 2.98 | 2.99 | 50 | 3.83 | 3.83 | 3.81 | 3.79 | 3.76 | 75 | 7.22 | 7.09 | 6.67 | 6.03 | 5.31 |
| 26 | 3.01 | 3.01 | 3.01 | 3.01 | 3.01 | 51 | 3.89 | 3.88 | 3.87 | 3.85 | 3.81 | 76 | 7.53 | 7.36 | 6.86 | 6.13 | 5.35 |
| 27 | 3.03 | 3.03 | 3.03 | 3.03 | 3.02 | 52 | 3.95 | 3.94 | 3.93 | 3.90 | 3.86 | 77 | 7.86 | 7.65 | 7.06 | 6.22 | 5.38 |
| 28 | 3.05 | 3.05 | 3.05 | 3.05 | 3.04 | 53 | 4.01 | 4.01 | 3.99 | 3.96 | 3.92 | 78 | 8.21 | 7.97 | 7.26 | 6.31 | 5.40 |
| 29 | 3.07 | 3.07 | 3.07 | 3.07 | 3.06 | 54 | 4.08 | 4.08 | 4.06 | 4.02 | 3.97 | 79 | 8.60 | 8.30 | 7.46 | 6.40 | 5.43 |
| 30 | 3.09 | 3.09 | 3.09 | 3.09 | 3.09 | 55 | 4.15 | 4.15 | 4.13 | 4.09 | 4.03 | 80 | 9.02 | 8.65 | 7.66 | 6.47 | 5.45 |
| 31 | 3.12 | 3.12 | 3.11 | 3.11 | 3.11 | 56 | 4.23 | 4.22 | 4.20 | 4.16 | 4.09 | 81 | 9.48 | 9.02 | 7.86 | 6.54 | 5.46 |
| 32 | 3.14 | 3.14 | 3.14 | 3.14 | 3.13 | 57 | 4.31 | 4.30 | 4.28 | 4.23 | 4.15 | 82 | 9.97 | 9.41 | 8.05 | 6.59 | 5.48 |
| 33 | 3.17 | 3.17 | 3.16 | 3.16 | 3.16 | 58 | 4.40 | 4.39 | 4.36 | 4.30 | 4.22 | 83 | 10.50 | 9.82 | 8.23 | 6.64 | 5.49 |
| 34 | 3.19 | 3.19 | 3.19 | 3.19 | 3.18 | 59 | 4.49 | 4.48 | 4.45 | 4.38 | 4.29 | 84 | 11.08 | 10.24 | 8.40 | 6.69 | 5.49 |
| | | | | | | | | | | | | 85 | 11.70 | 10.67 | 8.55 | 6.73 | 5.50 |

**Annuity Certain Table for Each $1,000 Applied**

| Number of years during which instalments will be paid | Annual | Monthly | Number of years during which instalments will be paid | Annual | Monthly | Number of years during which instalments will be paid | Annual | Monthly |
|---|---|---|---|---|---|---|---|---|
| | Amount of each instalment | | | Amount of each instalment | | | Amount of each instalment | |
| 5 | $211.99 | $17.91 | 12 | $97.54 | $8.24 | 19 | $67.78 | $5.73 |
| 6 | 179.22 | 15.14 | 13 | 91.29 | 7.71 | 20 | 65.26 | 5.51 |
| 7 | 155.83 | 13.16 | 14 | 85.95 | 7.26 | 25 | 55.76 | 4.71 |
| 8 | 138.31 | 11.68 | 15 | 81.33 | 6.87 | 30 | 49.53 | 4.18 |
| 9 | 124.69 | 10.53 | 16 | 77.29 | 6.53 | | | |
| 10 | 113.82 | 9.61 | 17 | 73.74 | 6.23 | | | |
| 11 | 104.93 | 8.86 | 18 | 70.59 | 5.96 | | | |



# Lapse Protection Rider

This rider is made part of the policy to which it is attached if "Lapse Protection Rider" is shown on the *POLICY SPECIFICATIONS*.

**Lapse Protection.**   The policy will not lapse as long as the No-Lapse Value, less Indebtedness, is greater than zero even if the Cash Value, less Indebtedness, under the policy is insufficient to cover the Monthly Deduction.

On any Monthly Anniversary Day on which the Cash Value, less Indebtedness, under the policy is insufficient to cover the required Monthly Deductions, the policy will not lapse as long as the No-Lapse Value, less Indebtedness, is positive.  Under these circumstances, if the Cash Value becomes negative, the Cash Value will continue to be calculated, but with the following modifications:

(a)     Interest credited will be set at zero.

(b)     The negative Cash Value will be considered zero for the purpose of calculating the cost of insurance charges.

Under these circumstances, in the absence of additional premium payments, the Cash Value will become a larger negative value.

On any Monthly Anniversary Day on which both the No-Lapse Value, less Indebtedness, and the Cash Value, less Indebtedness, under the policy are less than or equal to zero, the Owner will be notified of the pending lapse as provided under the **Policy Lapse and Grace Period** provision of the policy.  Negative Cash Value would need to be repaid if the Owner wished to maintain the policy in force based upon a positive Cash Value, less Indebtedness.

The duration of the Lapse Protection provided by this rider may be reduced if: (a) scheduled premiums are not received on or before their due date; or (b) the Owner initiates any policy change that decreases the Cash Value, less Indebtedness, under the policy.  Policy changes that could decrease the Cash Value, less Indebtedness, include partial surrenders, loans, increases in Specified Amount; and a change from Death Benefit Option 1 to Death Benefit Option 2 or 3.

**No-Lapse Value.**   The No-Lapse Value, No-Lapse Death Benefit, No-Lapse Monthly Deduction, and No-Lapse Cost of Insurance are reference values and are not used in determining the actual Cash Value or Death Benefit provided by the policy.  On each Monthly Anniversary Day, the No-Lapse Value will be calculated as (1), plus (2), plus (3), minus (4), minus (5), minus (6), minus (7) where:

(1)     is the No-Lapse Value on the preceding Monthly Anniversary Day.

(2)     is all premiums received since the preceding Monthly Anniversary Day, less the premium expense charge from the *TABLE OF NO-LAPSE EXPENSE CHARGES*.

(3)     is interest on items (1) and (2) above paid at the rates listed in the **Interest Credited on No-Lapse Value** provision.

(4)     is the **No-Lapse Monthly Deduction** for the month following the Monthly Anniversary Day.

(5)     is the applicable charge per $1,000 from the *TABLE OF NO-LAPSE EXPENSE CHARGES*, if any.

(6)     is the amount of any partial surrenders (i.e. withdrawals) and associated fees under the policy on the Monthly Anniversary Day.

(7)      is the surrender charge for any decrease in Specified Amount from the *TABLE OF SURRENDER CHARGES* shown in the policy, if any.

If premium is received at any time other than the beginning of a policy month, the rate of interest used in the calculation of item (3) above will be determined pro rata from the date of receipt.

On any day other than a Monthly Anniversary Day, the No-Lapse Value will be the No-Lapse Value as of the preceding Monthly Anniversary Day, plus all premiums received since the preceding Monthly Anniversary Day less the premium expense charge from the *TABLE OF NO-LAPSE EXPENSE CHARGES* plus accumulated interest and less partial surrenders and associated fees.

The No-Lapse Value on the Date of Issue will be the initial premium received less: (i) the initial policy fee of $150.00, (ii) the No-Lapse Monthly Deduction for the first policy month, (iii) the premium expense charge from the *TABLE OF NO-LAPSE EXPENSE CHARGES*, and (iv) the charge per $1,000 of Initial Specified Amount from the *TABLE OF NO-LAPSE EXPENSE CHARGES*, if any.

**No-Lapse Monthly Deduction.** The No-Lapse Monthly Deduction for a policy month will be calculated as Charge (1) plus Charge (2) where:

CHARGE 1    is the No-Lapse Cost of Insurance (as described in the **No-Lapse Cost of Insurance** provision) and the cost of any additional benefits provided by rider for the policy month; and
CHARGE 2    is an administrative expense charge of $10 per month beginning on the Date of Issue.

**Interest Credited on No-Lapse Value.** Lincoln Life will credit interest to the No-Lapse Value daily. The interest rate applied to that portion equal to the No-Lapse Value less Indebtedness will be based on the table below:

| Policy Years | Daily Rate Compounded Daily | Annual Rate |
|---|---|---|
| 1-10 | 0.01853833% | 7.0% |
| 11 and beyond | 0.01596536% | 6.0% |

The interest rate credited on that portion of the No-Lapse Value equal to Indebtedness will be no less than 0.01206015% per day, compounded daily (4.5% annually).

Lincoln Life will grant a bonus of 0.25% of the No-Lapse Value at the end of Policy Years 6-10, and a bonus of 0.50% of the No-Lapse Value at the end of Policy Years 11 and beyond.

On any Monthly Anniversary Day on which the No-Lapse Value is or becomes negative, the **Interest Credited on No-Lapse Value** will be set at zero.

**No-Lapse Cost of Insurance.** The No-Lapse Cost of Insurance under this rider is determined on a monthly basis. Such cost will be the result of (1) minus (2), multiplied by (3), and divided by 1,000, where:

(1)      is the **No-Lapse Death Benefit** at the beginning of the policy month, divided by 1.0032737,
(2)      is the No-Lapse Value at the beginning of the policy month prior to the **No-Lapse Monthly Deduction**, or zero, if greater, and
(3)      is the No-Lapse Factor as described in the **No-Lapse Cost of Insurance Rates** provision,

On any Monthly Anniversary Day on which the No-Lapse Value is or becomes negative, the negative No-Lapse Value will be considered zero for the purpose of calculating the **No-Lapse Cost of Insurance.**

**No-Lapse Death Benefit.**   The No-Lapse Death Benefit is calculated as described in the **Death Benefit** provision of the policy using the No-Lapse Value in lieu of the Cash Value.

For purposes of calculating the No-Lapse Death Benefit, if the No-Lapse Value is negative, it will be considered equal to zero,

**No-Lapse Cost of Insurance Rates.**   The No-Lapse Cost of Insurance Rates are described in the *TABLE OF NO-LAPSE FACTORS* attached to this rider.

A new *TABLE OF NO-LAPSE FACTORS* will be provided with respect to any increase in Specified Amount under the policy and will apply to the increase for the purpose of determining the No-Lapse Value.

**Termination.**   This rider and all rights provided under it will terminate automatically upon whichever of the following occurs first:  (a) the younger Insured reaches or would have reached insurance age 100, or (b) surrender or other termination of the policy.   If the rider terminates due to (a) above, coverage will continue as provided under the **Continuation of Insurance** provision of the policy. If the policy terminates and is reinstated, this rider will likewise be reinstated as set forth in the Reinstatement provision of the policy.

The duration of the Lapse Protection provided by this rider may be reduced if:  (a) premiums or other deposits are not received on or before their due date; or  (b) the Owner initiates any policy change that decreases the No-Lapse Value under the policy. Policy changes that could decrease the No-Lapse Value include, but are not limited to, partial surrenders, loans, increases in Specified Amount, or changes to Death Benefit Options 2 or 3.

**Policy Provisions.**   Except as provided above, this rider is subject to all the terms of the policy.

**Effective Date.**   This rider becomes effective as of its Date of Issue which is the Date of Issue of the policy.

**Lincoln Life & Annuity Company of New York**

*Dennis R. Glass*
Pre dent

**This Page Intentionally Blank**

SPECIMEN

## Table of No-Lapse Expense Charges

The expenses set forth in this table are used in calculating the No-Lapse Value, which is a reference value, and are not used in determining actual Cash Value or Death Benefit under the policy.

(1)    A premium expense charge as follows:

If the premium payment received during a Policy Year, when combined with all previous premium payments for that Policy Year, results in total premium for the Policy Year that is less than an amount equal to $217.60 multiplied by the Specified Amount on the date of payment divided by 1000, the premium expense charge will be:

| Policy Year | Percent of Each Premium Received |
|---|---|
| 1 | 50% |
| 2-3 | 52% |
| 4-5 | 50% |
| 6 | 48% |
| 7 | 46% |
| 8 | 44% |
| 9 | 42% |
| 10 | 40% |
| 11 | 38% |
| 12 | 36% |
| 13-20 | 34% |
| 21+ | 32% |

If the premium payment received during a Policy Year, when combined with all previous premium payments for that Policy Year, results in total premium for the Policy Year that is greater than an amount equal to $217.60 multiplied by the Specified Amount on the date of payment divided by 1,000 the premium expense charge for the portion of the payment in excess of such amount will be 65.0%.

(2)    A charge per $1,000 of Initial Specified Amount that is the sum of the applicable charges with respect to each Insured (based on the issue age and class of each Insured) from the Per $1,000 Charge Table shown on the following page. Such charge is due on the Date of Issue and on every Policy Anniversary thereafter.

An additional charge will apply to any increase in Specified Amount, based on the age and class of each Insured at the time of increase. Such additional charge will be due on the effective date of increase, and annually thereafter.

## Per $1,000 Charge Table

| Insured's Issue Age (Nearest Birthday) | Preferred Class | Non-Smoker Class | Smoker Class | Insured's Issue Age (Nearest Birthday) | Preferred Class | Non-Smoker Class | Smoker Class |
|---|---|---|---|---|---|---|---|
| 0-70 | 0.00 | 0.00 | 0.00 | 85 | 1.49 | 2.05 | 2.26 |
| 71 | 0.19 | 0.27 | 0.30 | 86 | 1.55 | 2.14 | 2.35 |
| 72 | 0.38 | 0.54 | 0.59 | 87 | 1.62 | 2.22 | 2.44 |
| 73 | 0.57 | 0.81 | 0.89 | 88 | 1.69 | 2.31 | 2.54 |
| 74 | 0.76 | 1.08 | 1.19 | 89 | 1.75 | 2.40 | 2.64 |
| 75 | 0.95 | 1.33 | 1.46 | 90 | 1.82 | 2.49 | 2.74 |
| 76 | 1.00 | 1.39 | 1.53 | 91 | 1.86 | 2.55 | 2.81 |
| 77 | 1.05 | 1.46 | 1.61 | 92 | 1.91 | 2.60 | 2.86 |
| 78 | 1.10 | 1.53 | 1.68 | 93 | 1.95 | 2.66 | 2.93 |
| 79 | 1.15 | 1.60 | 1.76 | 94 | 1.99 | 2.72 | 2.99 |
| 80 | 1.20 | 1.67 | 1.84 | 95 | 2.03 | 2.78 | 3.06 |
| 81 | 1.26 | 1.74 | 1.91 | 96 | 2.08 | 2.84 | 3.12 |
| 82 | 1.31 | 1.81 | 1.99 | 97 | 2.12 | 2.90 | 3.19 |
| 83 | 1.37 | 1.89 | 2.08 | 98 | 2.16 | 2.96 | 3.26 |
| 84 | 1.43 | 1.97 | 2.17 | 99 | 2.21 | 3.02 | 3.32 |



## Table of No-Lapse Factors

**SPECIAL NOTE:**   These monthly reference factors are based on the sex, issue age (nearest birthday), Premium Class of each Insured, duration and are based upon an actuarial formula that reflects one-alive and both-alive probabilities. The reference factors shown below reflect the amount of the Flat Extra or the Risk Factor, if any, shown in the *POLICY SPECIFICATIONS*. These factors are not used in calculating the actual Cash Value or Death Benefit provided under the policy.

| Duration | Monthly Rate | Duration | Monthly Rate | Duration | Monthly Rate |
|---|---|---|---|---|---|
| 1 | .192171 | 2 | .192171 | 3 | .192171 |
| 4 | .192171 | 5 | .192171 | 6 | .192171 |
| 7 | .192171 | 8 | .220458 | 9 | .292643 |
| 10 | .366859 | 11 | .615797 | 12 | .766629 |
| 13 | .937578 | 14 | 1.131376 | 15 | 1.346496 |
| 16 | 1.580285 | 17 | 1.829391 | 18 | 2.091105 |
| 19 | 2.363407 | 20 | 2.645736 | 21 | 2.939310 |
| 22 | 3.247460 | 23 | 3.577840 | 24 | 3.945077 |
| 25 | 4.389282 | 26 | 4.414401 | 27 | 4.414401 |
| 28 | 4.414401 | 29 | 4.414401 | 30 | 4.414401 |



LR787A

# Lincoln Life & Annuity Company of New York

Hartford, CT 06103-4105

2321

Insured(s):     JOHN A REPICCI
                LORRAINE REPICCI

Policy or Annuity Number   7347344

I hereby amend my application for the above numbered policy or annuity as that:

POLICY/CERTIFICATE FACE AMOUNT IS AS SPECIFIED ON THE POLICY/CERTIFICATE SPECIFICATIONS PAGE OF THE POLICY/CERTIFICATE, AS DELIVERED TO ME.

Dated at _____ on   12/27/06

Witness _____   1st Insured or Annuitant _____

Witness _____   2nd Insured or Annuitant _____

Witness _____   Applicant/Owner _____

RETURN ONE SIGNED COPY TO:   Lincoln Life & Annuity Company of New York
                             - New Business MF42
                             350 Church Street
                             Hartford, CT 06103-4105

E-form# LNY

Document ID: AAAAABKV.MVB   Page: 1

*Life Insurance Application Part I*                    *Lincoln Life & Annuity Company of New York*

| PROPOSED INSURED A | *(Please Print in Blue or Black Ink)* | B45NY -- Page 1a |
|---|---|---|

1a. Name *(First, Middle Initial & Last)* — John  A  Repicci          1b. ☐ Female ☒ Male

1c. Residence Address *(No. Street P.O. Box)* — [redacted]

1d. US Citizen ☒ Yes ☐ No                    If No, what country?
1e. DOB *(MM/DD/YY)*  12/29/1936   1f. Birth State  NY   1g. SSN [redacted]
1h. Driver's License No. & State
1i. Business Name & Address  n+c          1j. Insured phone number & most convenient time to contact
                              Home [redacted]  ☐ AM ☒ PM
                              Work [redacted]  ☒ AM ☐ PM

2a. What is the total face amount of all life insurance policies presently in force on your life? $  8,000,000   ☐ None
2b. What is the total amount of new life insurance coverage currently applied for on your life with all companies? $ 20,000,000
(will accept $5m)

| COMPANY | AMOUNT | IN FORCE | APPLIED FOR | |
|---|---|---|---|---|
| LINCOLN | | ☒ | ☐ | |
| MASS mutual | | ☒ | ☐ | |
| LINCOLN / AXA / JEFFERSON PILOT / MANCOCK | $5M EACH | ☐ | ☒ | WILL ACCEPT ONE |

3. Have you or will you replace, discontinue coverage, stop paying premiums, initiate a reduction in face amount, or borrow or surrender cash value on any Life Insurance or Annuity if this insurance is issued? *(If "Yes", provide details.)*  ☐ Yes ☒ No

| COMPANY | POLICY NO. | AMOUNT | ISSUE DATE | 1035 EXCHANGE |
|---|---|---|---|---|
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |

4a. Have you been involved in any discussion about the possible sale or assignment of this policy to a life settlement, viatical or other secondary market provider? *(If "Yes", provide details below.)*  ☐ Yes ☒ No

4b. Have you ever sold a policy to a life settlement, viatical or other secondary market provider? *(If "Yes", provide details below.)*  ☐ Yes ☒ No

5a. Do you contemplate flying, or have you flown during the past 2 years as a pilot, student pilot or crew member? *(If "Yes", an Aviation supplement is required.)*  ☐ Yes ☒ No

5b. Do you plan to participate or, have you participated within the past 2 years, in motor vehicle or boat racing, hang gliding, sky or scuba diving or similar sports? *(If "Yes", an Avocation Questionnaire is required.)*  ☐ Yes ☒ No

5c. Do you contemplate residence or any travel outside of the United States or Canada within the next year? *(If "Yes", a Foreign Travel or Residence Questionnaire is required.)*  ☐ Yes ☒ No

[redacted]

5e. Have you had any convictions within the past 3 years for motor vehicle moving violations, or had your license suspended, revoked or restricted?  ☐ Yes ☒ No

5f. Have you ever applied for any Life or Health Insurance which was denied, required an extra premium or was issued for a reduced amount?  ☐ Yes ☒ No

5g. Currently, or within the past 10 years, have you received or applied for any disability benefits, including Worker's Compensation, Social Security Disability Insurance or any other form of disability insurance? *(If "Yes", provide details below.)*  ☐ Yes ☒ No

5h. Have you ever been convicted of a felony?  ☐ Yes ☒ No

[redacted]

B45NY

Document ID: AAAAABKV.MVB   Page: 3

*Life Insurance Application Part I*                    *Lincoln Life & Annuity Company of New York*

PROPOSED INSURED B                    (Please Print in Blue or Black Ink)                    B45 NY—Page 1b

1a. Name (First, Middle Initial & Last)                    1b. ☒ Female ☐ Male
Lorraine   Repici

1c. Resi

City

1d. US Citizen ☒ Yes ☐ No          If No, what country?
1e. DOB (MM/DD/YY)  4/10/1937   1f. Birth State   NY     1g. SSN
1h. Driver's License No. & State
1i. Business Name & Address   n/a     1j. Insured phone number & most convenient time to contact
Home                    ☐ AM ☐ PM
Work                    ☐ AM ☐ PM

2a. What is the total face amount of all life insurance policies presently in force on your life? $ _all second to dire_    ☐ None
2b. What is the total amount of new life insurance coverage currently applied for on your life with all companies? $ _20,000,000_

| COMPANY | AMOUNT | IN FORCE | APPLIED FOR | |
|---|---|---|---|---|
| _see John's life - same policies_ | | ☐ | ☐ | _Same as John_ |
| | | ☐ | ☐ | |
| | | ☐ | ☐ | |

3. Have you or will you replace, discontinue coverage, stop paying premiums, initiate a reduction in face amount, or borrow or surrender cash value on any Life Insurance or Annuity if this insurance is issued? (If "Yes", provide details.)   ☐ Yes ☒ No

| COMPANY | POLICY No. | AMOUNT | ISSUE DATE | 1035 EXCHANGE |
|---|---|---|---|---|
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |
| | | | | ☐ Yes |

4a. Have you been involved in any discussion about the possible sale or assignment of this policy to a life settlement, viatical or other secondary market provider? (If "Yes", provide details below.)   ☐ Yes ☒ No
4b. Have you ever sold a policy to a life settlement, viatical or other secondary market provider? (If "Yes", provide details below.)   ☐ Yes ☒ No
5a. Do you contemplate flying, or have you flown during the past 2 years as a pilot, student pilot or crew member? (If "Yes", an Aviation supplement is required.)   ☐ Yes ☒ No
5b. Do you plan to participate on, have you participated within the past 2 years, in motor vehicle or boat racing, hang gliding, sky, or scuba diving or similar sports? (If "Yes", an Avocation Questionnaire is required.)   ☐ Yes ☒ No
5c. Do you contemplate residence or any travel outside of the United States or Canada within the next year? (If "Yes", a Foreign Travel or Residence Questionnaire is required.)   ☐ Yes ☒ No

5e. Have you had any convictions within the past 3 years for motor vehicle moving violations, or had your license suspended, revoked or restricted?   ☐ Yes ☒ No
5f. Have you ever applied for any Life or Health Insurance which was denied, required an extra premium or was issued at a reduced amount?   ☐ Yes ☒ No
5g. Currently, or within the past 10 years, have you received or applied for any disability benefits, including Worker's Compensation, Social Security Disability Insurance or any other form of disability insurance? (If "Yes", provide details below)   ☐ Yes ☒ No
5h. Have you ever been convicted of a felony?   ☐ Yes ☒ No

6. Details (List details from questions above; please include question number details pertain to. An additional sheet of paper may be attached if necessary.)

B45NY

Document ID: AAAAABKV.MVB  Page: 5

## POLICY INFORMATION

B45NY – Page 2

6a. Plan of Insurance    LINCOLN SUL LPLG     6b. Face Amount $   5,078,988

*(If you are applying for MoneyGuard Long Term Care, please complete the MoneyGuard LTC Supplement to Application.)*

6c. Death Benefit Option *(Complete for Universal Life and Variable Universal Life Product only – not required for MoneyGuard.)*

[X] 1-Level    [ ] 2-Increase/Cash Value    [ ] 3-Increase by: *(Check one)* [ ] Premium [ ] Premium Less Policy Factor

6d. Supplemental Benefits or Riders/If Available *(Provide full details if applicable: e.g. face amount, start year, end year, etc.)*

6e. Save Age   [ ] Yes [X] No   *(If not saving age, policy will be current dated.)*

## BILLING INFORMATION

7a. Premium Frequency   [X] Annually   [ ] Semi-Annually   [ ] Quarterly   [ ] Monthly (PAC/EFT)

7b. Special Billing *(Check one, if applicable.)*   [ ] New List Bill   [ ] Existing List Bill *(provide #)*

7c. Automatic Premium Loan *(Complete for Whole Life only.)*   [ ] Yes   [ ] No

7d. Premium Notices To    *(Check all that apply.)*
[X] Insured at Residence   [ ] Insured at Business   [ ] Owner *(Provide address below.)*   [ ] Other _____

7e. Initial Premium Amount $ _____    7f. Planned Premium Amount $ _____

*(7e. & 7f. Complete for Universal Life Products)*

## OWNER (IF LEFT BLANK, PROPOSED INSURED WILL BE OWNER)

* If a Trust, provide Trustee Name(s), Trust Name and Date of Trust.
* If Split Dollar Endorsement, provide Owner's Name & Interest, Sub-Owner name and Relationship.
* If Split Dollar Assignment, submit appropriate assignment form AFTER policy is in force.

8a. Primary *(Provide full name, Social Security Numbers and relationship.)*

EBI – Repicci, LLC ▓▓▓▓▓▓▓▓▓▓▓▓

8a. If Multiple owners *(Check one.)* [ ] Joint with Right of Survivorship   [ ] Tenants in Common *(Specify shares in fractions or percentages.)*

8a. Contingent *(Provide full name, Social Security Numbers and relationship.)*

8d. Owner Address *( No. Street, P.O. Box)* ▓▓▓▓▓▓▓▓▓▓▓▓

    City ▓▓▓▓▓▓▓▓▓▓▓▓

8e. Owner Social Security/Tax Identification Number _____

8f. Will this policy be funded through a split dollar arrangement? [ ] Yes [X] No

## TRUST VERIFICATION

I/WE hereby certify that the Trustee(s) named in this application are the Trustee(s) for the named Trust, which is in full force and effect. Lincoln Life & Annuity Company of New York (hereinafter "Company") shall not be obliged to inquire into the terms of any trust agreement affecting this policy and shall not be chargeable with knowledge of the terms thereof. The Company may rely solely upon the signature(s) of the Trustee(s) named in this application to any receipt, release or waiver, or to any transfer or other instrument affecting this policy or any options privileges or benefits thereunder. Unless otherwise indicated, the signature(s) of all Trustee(s) named, or their successors, will be required to exercise any contractual right under the policy. The Company shall have no obligation to see to the use or application of any funds paid to the Trustee(s) in accordance with the terms of the policy. Any such payment made by the Company to the Trustee(s) shall fully discharge the Company with respect to any amounts so paid.

## BENEFICIARY *Beneficiaries share equally unless otherwise indicated.*

* If a Trust, provide Trustee Name(s), Trust Name and Date of Trust.

9a. Primary *(Provide full name, Social Security Numbers and relationship.)*

EBI – Repicci, LLC ▓▓▓▓▓▓▓▓▓▓▓▓

9a. Contingent *(Provide full name, Social Security Numbers and relationship.)*

B45NY

B45NY -- Page 3a

19.   **Continued** *(List details from questions on Life Insurance Application Part I.  Please include question number and insured details pertain to.)*

B45NY

Document ID: AAAAABKV.MVB   Page: 13

## Suitability for SVUL/VUL only — *To be completed by owner only*

B45NY — Page 4

*Answers to questions 1a – 4 are not required if the policy owner is a trust /entity*

| | |
|---|---|
| 1a. Total Net Worth: | $ |
| 1b. Total Household Income (*Earned & Unearned*): | $ |
| 1c. Liquid Net Worth: | $ |
| 1d. How much of Net Worth is in Stocks, Bonds and Mutual Funds?: | $ |

2. Marital Status (*Check one*):  ☐ Married   ☐ Divorced   ☐ Widowed   ☐ Separated

3. Number of Dependents:

4. Date of Birth:

5. Source of Premium Dollars: (*Check One*)   ☒ Corporate   ☐ Individual   ☐ Irrevocable Trust

6. Tax Filing Status:  (*Check One*)   ☐ Single   ☐ Head of Household   ☐ Joint
   ☐ Non Taxable   ☒ Partnership   ☐ Trust   ☐ Other _____

7. Time Horizon: (*Check One*)   ☐ 5-7 Years   ☐ 8-10 Years   ☒ 11-15 Years   ☐ Other_____

8. What level of risk are you most comfortable assuming for the underlying investment options in your life insurance policy?

   (*Check one only*)   ☐ Aggressive   ☐ Moderately Aggressive   ☒ Moderate   ☐ Moderately Conservative

9. If owner is an entity, name of any person(s) authorized to transact business on behalf of this entity:

10. Does the Policy Owner have any affiliation with, or work for, a member of a Stock Exchange or the National Association of Securities Dealers, Inc., or other entity in dealing as agent or principal in securities? (*If "Yes", provide the name and address of the company below.*)   ☐ Yes or   ☐ No

   Company Name and Address:

   _____

   _____

   _____

   _____

### TAXPAYER IDENTIFICATION NUMBER CERTIFICATION

Under penalties of perjury, it is certified that (a) the social security or Employer ID numbers shown in this application are correct taxpayer identification numbers, and (b) the holders of said numbers are not subject to any backup withholding of U.S. Federal income tax for failure to report interest or dividends.

B45NY

ILLUSTRATION OF BENEFITS                                                          B46NY – Page 8

Illustration of benefits, including death benefits, policy values and cash surrender values are available upon request.

## CERTIFICATIONS

I/WE have read the questions and answers in this application and declare that they are complete and true to the best of my (our) knowledge and belief. I/WE understand, a) that this Application shall form a part of any Policy issued, and b) that no Agent/Representative of the Company shall have the authority to waive a complete answer to any question in this Application, make or alter any contract, or waive any of the Company's other rights or requirements. I/WE further understand that (except as provided in the Temporary Life Insurance Agreement if advance payment has been made or acknowledged below and such Agreement issued , insurance will take effect under the Policy only when: 1) the Policy has been delivered to me/us; 2) the initial premium has been paid in full during the lifetime of the Proposed Insured(s); and 3) the Proposed Insured(s) remain in the same state of health and insurability as described in each part of the application at the time conditions 1) and 2) are met.

I/WE have paid $ _____ D _____ to the Agent/Representative in exchange for the Temporary Life Insurance Agreement, and I/we acknowledge that I/we fully understand its terms.

## AUTHORIZATION/DECLARATION

The purpose of this authorization is to allow Lincoln Life & Annuity Company of New York, hereinafter Company, to determine eligibility for life coverage or a claim for benefits under a life policy.

I/WE authorize any medical professional, hospital or other medical institution, insurer, MIB, Inc., or any other person or organization that has any records or knowledge of me/us or my/our physical or mental health or insurability to disclose that information to the Company, its reinsurers, or any other party acting on the Company's behalf. I/WE authorize the Company to disclose medical information to MIB, Inc., and to other insurers to whom I/we may apply for coverage.

This authorization shall be valid for two years after it is signed. A photographic copy of it is authorization shall be as valid as the original. I/We will be given a copy of this authorization at my/our request. I/WE understand that I/we may revoke this authorization at any time by written notification to the Company; however, any action taken prior to notification will not be affected.

I/WE ACKNOWLEDGE receipt of the Important Notice containing the Privacy Notice, Investigative Consumer Report, and MIB, Inc., Information.   If an investigative consumer report is obtained, I/we ☒DO ☐DO NOT request to be interviewed.

## DECLARATION FOR SVUL/VUL ONLY

I/We declare there is a current need for life insurance. I/We understand that variable universal life is a life insurance policy.
I/We understand that the cash value and Death Benefit proceeds of a variable universal life policy may increase or decrease based upon the investment experience of the sub-accounts, and that a decrease in cash value may cause a lapse in the policy and loss of life insurance coverage except as provided by any lapse protection provisions of my/our policy. I/We have been informed of the risks involved in this life insurance policy and I/we believe the S/VUL product is suitable given my/our overall objective towards investing and time horizon.   I/We acknowledge receipt of the current Product Prospectus and Funds Prospectus(es).

| | | |
|---|---|---|
| Signature of Proposed Insured | Witness | 10/15/06 |
| | | Date |
| Signature of Proposed Insured (II) | Witness | 10/15/06 |
| | | Date |
| Signature of Applicant/Owner/Trustee *(Provide Officer's Title if policy is owned by a Corporation.)* | Witness | Date |
| Signature of Field Investment Reviewer *(complete for S/VUL only)* | Witness | Date |

B46NY

SPECIMEN

# Lincoln Life & Annuity Company of New York

**Flexible Premium Adjustable Life Insurance Policy – On the Lives of Two Insureds –
Non-Participating – Payable on Second Death**

Death Benefit payable in the event of death of the second of the Insureds to die.  Adjustable Death
Benefit.  Surrender Value payable upon surrender for the policy.

Flexible Premiums payable to when the younger Insured reaches or would have reached age 100 or the
death of the second of the two Insureds to die, whichever is earlier.

Premium Payment Periods and Supplementary Coverages as shown in the Policy Specifications.

LN787