Exhibit 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DR. JOHN A. REPICCI and LORRAINE REPICCI,
Individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE
INSURANCE TRUST and THE REPICCI
IRREVOCABLE FAMILY TRUST,

          Plaintiffs,

      v.

CHRISTOPHER R. JARVIS and OJM Group LLC,

          Defendants.

_____

**NOTICE OF REMOVAL**

Case No.:

Defendant OJM Group, LLC ("OJM"), by its attorneys, with the consent of

defendant Christopher R. Jarvis, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446,

removes the action captioned *Dr. John A. Repicci, et al. v. Christopher R. Jarvis, et al.*, (Erie

County Index No. 800327/2017) ("Action") from the Supreme Court of the State of New

York, County of Erie, to the United States District Court for the Western District of New

York.

This is a civil action over which this Court has original subject matter

jurisdiction under 28 U.S.C. § 1332(a), in that the amount in controversy exceeds

$75,000.00, exclusive of interest and costs, and the Action is between citizens of different

states.  In support thereof, OJM states:

        1.      Pursuant to 28 U.S.C. § 1446(a) and L.R.Civ.P. 81, copies of all

process, pleadings, and papers on file in state court and served upon OJM, together with an

index identifying each document filed and served in state court, are attached to this Notice of Removal.

## II.  NOTICE OF REMOVAL IS TIMELY

2.     On or about January 6, 2017, plaintiff filed a Summons and Complaint against OJM in the Supreme Court of the State of New York, County of Erie (Erie County Index No. 800327/2017).  A copy of plaintiffs' Summons and Complaint is attached as Exhibit A.

3.     OJM received the Summons and Complaint on or about January 13, 2017, when the Summons and Complaint were delivered to Corporate Statutory Services, Inc. at 255 E. Fifth Street, Suite 2400, Cincinnati, OH 45202, and were thereafter forwarded to OJM.  A copy of plaintiffs' Affidavit of Special Process Server, sworn to January 17, 2017, is attached as Exhibit C.

4.     This Notice of Removal was filed within:  (1) one year of the filing of the Action; and (2) within 30 days of OJM's receipt of the Summons and Complaint under F.R.Civ. P. 6(a)(1)(C), because the 30th day fell on a Sunday, and because today is the next day after the 30th day falling on a Sunday.  28 U.S.C. §§ 1446(b)(1), (c)(1).  Removal is therefore timely.

## III.  DIVERSITY JURISDICTION EXISTS

5.     This Court has original jurisdiction of this Action pursuant to 28 U.S.C. § 1332(a), in that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.**     **Diversity of Citizenship Requirement is Satisfied**

6.     Plaintiff Dr. John Repicci is an individual residing in Williamsville, New York, and therefore for the purpose of this Notice of Removal is a citizen of New York.

7.     Plaintiff Lorraine Repicci is an individual residing in Williamsville, New York, and therefore for the purpose of this Notice of Removal is a citizen of New York.

8.     Plaintiff Julie Stone, as Trustee of the John A. Repicci Irrevocable Life Insurance Trust and the Repicci Family Irrevocable Family Trust (collectively the "Trusts"), is an individual residing in East Amherst, New York, and therefore for the purpose of this Notice of Removal, the Trusts are citizens of New York.

9.     Defendant Christopher R. Jarvis is an individual residing in Southlake, Texas, and therefore for the purpose of this Notice of Removal is a citizen of Texas. As set forth in the Consent to Notice of Removal attached as Exhibit D, Mr. Jarvis has consented to removal of the Action. 28 U.S.C. § 1446(b).

10.     Defendant OJM is a limited liability company ("LLC") with a principal place of business in Cincinnati, Ohio that is organized under the laws of the State of Ohio, and, for the purpose of diversity jurisdiction, the citizenship of an LLC is that of its members. *See Handelsman v. Bedford Village Assoc.*, 213 F.3d 48, 51-52 (2d Cir. 2000). OJM's members are: (a) David Mandell, an individual residing in Florida, (b) Jason O'Dell, an individual residing in Ohio, and (c) Carole Foos, an individual residing in Ohio. Accordingly, for the purpose of diversity jurisdiction, OJM is a citizen of Florida and Ohio.

11.     Plaintiffs and defendants are therefore citizens of different states.

**B.     The Amount in Controversy Requirement is Satisfied**

12.     The Complaint alleges that "Defendants' negligent actions and omissions in connection with" two insurance policies at issue in this case ("'026 Policy" and "'144 Policy," respectively) allegedly "caused the Plaintiffs to suffer losses in excess [of] $1.3 million."  Exhibit A ¶ 1.

13.     The Complaint also alleges that plaintiffs paid premiums in the amount of $600,000 for the '026 Policy (*id.* ¶ 15), paid premiums in the amount of $480,000 for the '144 Policy (*id.* ¶ 19), and that plaintiffs seek to recover, among other things, "the value of premiums paid" for the '026 Policy and the '144 Policy.  *Id.*, WHEREFORE.

14.     Without conceding any of plaintiffs' allegations, the estimated amount in controversy is greater than $75,000.00, exclusive of interest and costs.

## IV.  REMOVAL TO THIS DISTRICT IS PROPER

15.     Removal venue exists in the United States District Court for the Western District of New York, and is proper in this Court, because the Court in which the Action was originally filed (Supreme Court of the State of New York, County of Erie) is within the jurisdiction of the United States District Court for the Western District of New York.  28 U.S.C. § 1441(a).

16.     The undersigned certifies that copies of this Notice of Removal and attachments have been served on counsel for plaintiffs and counsel for Mr. Jarvis.

17.     A Notice of Filing of this Notice of Removal will be filed in the Clerk's Office of the Supreme Court of New York, County of Erie.

18.     OJM reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, OJM removes the Action from the Supreme Court of the

State of New York, County of Erie, to the United States District Court for the Western

District of New York.

Dated:  Buffalo, New York
        February 13, 2017

PHILLIPS LYTLE LLP

    */s/ Andrew P. Devine*

By: _____
    Edward S. Bloomberg
    Andrew P. Devine
Attorneys for Defendant
*OJM Group, LLC*
One Canalside
125 Main Street
Buffalo, New York  14203-2887
Telephone No. (716) 847-8400
ebloomberg@phillipslytle.com
adevine@phillipslytle.com

To:   DUKE, HOLZMAN, PHOTIADIS &
     GRESENS LLP
     Richard A. Moore
     Attorneys for Plaintiffs
     *Dr. John A. Repicci, Lorraine Repicci, and*
     *Julie Stone as Trustee of the John A. Repicci*
     *Irrevocable Life Insurance Trust and the*
     *Repicci Irrevocable Family Trust*
     701 Seneca Street, Suite 750
     Buffalo, New York 14210

     WINGET, SPADAFORA &
     SCHWARTZBERG, LLP
     Matthew Tracy
     Attorneys for Defendant
     *Christopher R. Jarvis*
     Two Riverway, Suite 725
     Houston, Texas 77056, and
     45 Broadway, 19th Floor
     New York, New York 10006

Doc #01-3016523.

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
——————————————————————

DR. JOHN A. REPICCI and LORRAINE REPICCI,
Individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE
INSURANCE TRUST and THE REPICCI
IRREVOCABLE FAMILY TRUST,

          Plaintiffs,

      v.

CHRISTOPHER R. JARVIS and OJM Group LLC,

          Defendants.
——————————————————————

**INDEX OF EXHIBITS
TO OJM GROUP, LLC'S
NOTICE OF REMOVAL,
PURSUANT TO
L.R.CIV. PR. 81**

Case No.:

**Index of Documents on File with the Supreme Court of the State of New York, County
of Erie in *Dr. John Repicci, et al., v. Christopher R. Jarvis, et al.*, Index No. 800327/2017**

    Exhibit A:    Summons and Complaint (Dkt. 1) (filed January 6, 2017)
    Exhibit B:    Affirmation/Affidavit of Service (Christopher R. Jarvis) (Dkt. 2)
                  (filed January 19, 2017)
    Exhibit C:    Affirmation/Affidavit of Service (OJM Group, LLC) (Dkt. 3)
                  (filed January 19, 2017)

**Removal Document**

    Exhibit D:    Defendant Christopher R. Jarvis's Consent to Notice of Removal
                  (dated February 13, 2017)

Dated:  Buffalo, New York
        February 13, 2017

           PHILLIPS LYTLE LLP

                */s/ Andrew P. Devine*
           By: _____
                Andrew P. Devine
           Attorneys for Defendant
           *OJM Group, LLC*
           One Canalside
           125 Main Street
           Buffalo, New York  14203-2887
           Telephone No. (716) 847-8400
           adevine@phillipslytle.com

Doc #01-3016701.

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : ERIE COUNTY

DR. JOHN A. REPICCI and LORRAINE REPICCI,
individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE TRUST
and THE REPICCI IRREVOCABLE FAMILY TRUST,

                              Plaintiffs,                **SUMMONS**

vs.

                                          Index No.:_____

CHRISTOPHER R. JARVIS and OJM Group LLC,
                            Defendants.

TO THE ABOVE NAMED DEFENDANT:

      YOU ARE HEREBY SUMMONED to appear in this action and to serve a copy of your answer upon the attorneys for Plaintiffs, Duke, Holzman, Photiadis & Gresens LLP, within twenty (20) days after service of this Summons, exclusive of the day of service or within thirty (30) days after service is complete if the Summons is not personally delivered to you within the State of New York. In case of your failure to answer or appear, judgment will be taken against you by default for the relief demanded in the Complaint.

      Plaintiffs designate Erie County as the place of trial pursuant to the residence and/or place of business of one or more of the parties.

DATED:      Buffalo, New York
              January 7, 2017

                            **DUKE, HOLZMAN, PHOTIADIS**
                            **& GRESENS LLP**

                  By:    *s\Richard A Moore*
                            Richard A. Moore, Esq.
                       *Attorneys for Plaintiffs*
                      701 Seneca St., Suite 750
                      Buffalo, New York 14210
                      (716) 855-1111
                      rmoore@dhpglaw.com

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
_____

DR. JOHN A. REPICCI and LORRAINE REPICCI,
individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE TRUST
 and THE REPICCI IRREVOCABLE FAMILY TRUST,

|  |  |
|---|---|
| Plaintiffs, | **COMPLAINT** |
| vs. | Index No.:_____ |
| CHRISTOPHER R. JARVIS and OJM Group LLC,<br>Defendants. |  |

_____

   Plaintiffs Dr. John A. Repicci and Lorraine Repicci, individually, and Julie Stone as

Trustee of the John A. Repicci Irrevocable Life Insurance Trust and the Repicci Irrevocable

Family Trust by and through their attorneys, Duke Holtzman Photiadis & Gressens LLP, as

and for their Complaint against Defendants Christopher R. Jarvis and OJM Group LLC,

hereby allege the following upon information and belief:

   1.  As described in the paragraphs that follow, the Defendants' negligent actions

and omissions in connection with two Lincoln Life & Annuity Company of New York

Policy "universal life" insurance policies on Dr. John A. Repicci and Lorraine Repicci

caused the Plaintiffs to suffer losses in excess $1.3 million.

## THE PARTIES AND JURISDICTION

   2.  Plaintiff JR, is an individual residing at 120 Deer Run, Williamsville, NY

1

14221, in the County of Erie.

3.      Plaintiff LR, is an individual residing at 120 Deer Run, Williamsville, NY 14221, in the County of Erie.  LR is the wife of Dr. Recippi.

4.      Plaintiff Julie Stone is an individual residing at 5818 Bradford Court, East Amherst NY 14051.   She is the daughter of Dr. and Mrs. Repicci and is the Trustee of the John A. Repicci Irrevocable Life Insurance Trust, the owner and beneficiary of Lincoln Life & Annuity Company of New York Policy No. 7146026.  She is also Trustee of the Repicci Irrevocable Family Trust, the owner and beneficiary of Lincoln Life & Annuity Company of New York Policy No. 7317144.

5.      Defendant Christopher J. Jarvis is an individual residing at 402 Bayou Vista, Southlake, Texas 76092 with a place of business at 2301 Ira E. Woods Blvd., Grapevine, Texas  76051.

6.      Defendant Jarvis is a financial planner, wealth advisor and insurance professional.  Defendant holds an MBA and is a Certified Financial Planner. At all relevant times herein Defendant regularly transacted and solicited business in New York.  At all relevant times herein Defendant was registered with the New York State Department of Financial Services as a Life And/Or Accident/Health Agent authorized to do business in New York.

7.      Defendant OJM Group LLC is an Ohio limited liability company with its principal place of business at 8044 Montgomery Road, Suite 440, Cincinnati, OH  45236.

8.      Subsequent to October 15, 2007, at all relevant times herein, Defendant Jarvis acted as a principal and agent of O'Dell Jarvis Mandell LLC, an Ohio limited liability

2

company.  As of July 5, 2012, O'Dell Jarvis Mandell LLC has been succeeded by and
operates as OJM Group LLC.

     9.    This court has jurisdiction over Defendants pursuant to NYCPLR Section
302(a).

**FACTUAL BACKGROUND**
**THE PURCHASE OF THE FIRST LINCOLN POLICY**

     10.    Dr. Repicci is a highly respected and successful orthopedic surgeon
practicing in Erie County.  In the course of his professional activities Dr. Repicci was
solicited by Defendant Jarvis in 2001 or 2002 for purposes of wealth advising and
financial/estate planning.

     11.    At the time, Defendant Jarvis was a principal in Jarvis & Mandel LLC.
Jarvis & Mandell LLC identified itself as providing Integrated Planning Solutions for
high net worth individuals (Jarvis & Mandell LLC is currently inactive).

     12.    In a series of discussions and other communications Defendant Jarvis and
the Repiccis discussed in great detail the Repicci family financial status and the family's
long term goals.  Defendant Jarvis repeatedly assured Dr. Repicci of his expertise and
competency as a wealth advisor, financial advisor and estate planning advisor, with
particular expertise working with medical professionals.  He also assured Dr. Repicci
that he would oversee and monitor any plan put into place and would continue to advise
the Repicci family throughout the duration of any plan.

     13.    Eventually in late 2002, as part of a sophisticated wealth/estate planning
plan proposed by Defendant Jarvis, the Repiccis were persuaded to purchase two high

3

value life insurance policies (with both John and Lorraine Repicci covered by each policy) recommended by Defendant Jarvis with a total final value of approximately $14 million.  One of the policies instituted was with Massachusetts Mutual Insurance Company ($4 million) and the other was with Lincoln Life & Annuity Company of New York ($10 million), Policy No. 7146026 (hereinafter "Lincoln Policy No. '026").

14.     Dr. Repicci had consistently stated a desire that any insurance policies purchased be guaranteed and valid until age 100 and the Repiccis were assured by Defendant Jarvis that the policies were designed to last to at least age 100 for each of the insureds (who were aged 66 at the time) and that it was the most conservative insurance available with only top rated companies in each case.  Moreover, Defendant Jarvis repeatedly assured the Repiccis that the policies were "guaranteed" and that if in the extremely remote and improbable event the policies failed to perform, there were reasonable options he would present that would retain the values of the investment.

15.     In reliance on Defendant Jarvis' representations the Repeccis purchased the policies and paid for both policies in full in late 2002.  The cost of the Lincoln policy was $600,000.

16.     By correspondence from Defendant Jarvis dated March 6, 2014 (merely 22 years into a policy that had been guaranteed for 35 years), the Repiccis and the Lincoln Policy beneficiaries learned for the first time that there were significant distinctions between the Massachusetts Mutual policy and the Lincoln policy; that the Massachusetts Mutual policy was guaranteed and that, contrary to representations, Lincoln Policy No. '026 was not.  They also learned for the first time that the Lincoln

4

policy might not have the value that had been represented to them. The Massachusetts Mutual policy retained its full value.

17.     In the Spring of 2015 Plaintiffs learned after independent review that Lincoln Policy No. '026 was valueless.

### THE PURCHASE OF THE SECOND LINCOLN POLICY

18.     Subsequent to the purchase of the life insurance policies in 2002, Defendant Jarvis continued to consult with the Repiccis and to propose wealth preservation strategies and plans.

19.     In late 2006 the Repiccis were persuaded to purchase an additional Lincoln life insurance policy as part of another sophisticated plan.  Lincoln Policy No. 7317144 (hereinafter "Lincoln Policy No. '144") came into effect on December 21, 2006 and was paid in full by January 2008.  The cost of the policy was $480,000.

20.     Defendant represented to the Repiccis that the policy "will guarantee $3,100,000 of death benefit if the two of you die now, in 10 years or in 45 years from now.  This is level and there is no investment risk whatsoever".

21.     By correspondence from Defendant Jarvis dated March 6, 2014, the Plaintiffs learned for the first time that Lincoln Policy No. '144 was not guaranteed and might not have the value that had been represented to them.

22.     In the Spring of 2015 Plaintiffs learned after independent review that Lincoln Policy No. '144 had a value far less than even the original full purchase price and that it might become valueless absent significant additional payment of premiums.

5

## AS AND FOR A FIRST CAUSE OF ACTION
## AGAINST DEFENDANT JARVIS – NEGLIGENT
## MISREPRESENTATION AND OMISSION
## – LINCOLN POLICY '026

23.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

24.     Defendant Jarvis failed to reasonably and adequately describe and disclose the risks of Lincoln Policy No. '026 and failed to reasonably and adequately disclose and explain the differences between the Massachusetts Mutual Policy and Lincoln Policy No. '026.

25.     Defendant Jarvis had reason to know that Plaintiffs were relying on his expertise and representations.

26.     Had Plaintiffs been aware of the increased risk of Lincoln Policy No. '026 as compared to the Massachusetts Mutual Policy they would not have purchased it.

27.     The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT JARVIS –
## NEGLIGENT PROCUREMENT – LINCOLN POLICY '026

28.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

6

29.     Defendant Jarvis knew or should have known that Lincoln Policy '026 was not suitable for the goals and purposes of the specific plan proposed to Plaintiffs and also not consistent with the stated long term goals and requirements of Plaintiffs.

30.     The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT JARVIS –BREACH OF FIDUCIARY DUTY– LINCOLN POLICY '026

31.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

32.     By virtue of the express representations made by Defendant Jarvis and the extended relationship between the parties whereby Defendant Jarvis continued to provide wealth planning, financial planning and estate planning advice to Plaintiffs, there was a special relationship between and parties and Defendant Jarvis owed a fiduciary duty to Plaintiffs.

33.     Despite his express representations that he would monitor any plans he instituted and continue to advise Plaintiffs accordingly, Defendant Jarvis failed to advise Plaintiffs of any changes in performance of Lincoln Policy '026 and failed to advise of any corrective measures until it was too late.  The Plaintiffs have been damaged as a result of this failure.

7

## AS AND FOR A FOURTH CAUSE OF ACTION
## AGAINST ALL DEFENDANTS –
## NEGLIGENT MISREPRESENTATION AND
## OMISSION – LINCOLN POLICY '144

34.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

35.     Defendant Jarvis failed to reasonably and adequately describe and disclose the risks of Lincoln Policy No. '144.

36.     Defendant Jarvis had reason to know that Plaintiffs were relying on his expertise and representations.

37.     Had Plaintiffs been aware of the risk of Lincoln Policy No. '144 and the fact that it was not guaranteed, they would not have purchased it.

38.     The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

## AS AND FOR A FIFTH CAUSE OF
## ACTION AGAINST ALL DEFENDANTS – NEGLIGENT
## PROCUREMENT – LINCOLN POLICY '144

39.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

40.     Defendant Jarvis knew or should have known that Lincoln Policy '144 was not suitable for the goals and purposes of the specific plan proposed to Plaintiffs and also not consistent with the stated long term goals and requirements of Plaintiffs.

8

41.     The Plaintiffs have been damaged by their purchase of the policy, including without limitation in paying premiums for the policy, in not receiving the benefits of the policy, and in being deprived of the opportunity to invest differently the money they spent on premiums for the policy.

### AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT JARVIS –BREACH OF FIDUCIARY DUTY– LINCOLN POLICY '144

42.     The Plaintiffs repeat and re-allege the allegations contained in all preceding paragraphs of this Complaint as if fully stated here.

43.     By virtue of the express representations made by Defendant Jarvis and the extended relationship between the parties whereby Defendant Jarvis continued to provide wealth planning, financial planning and estate planning advice to Plaintiffs, there was a special relationship between and parties and Defendant Jarvis owed a fiduciary duty to Plaintiffs.

44.     Despite his express representations that he would monitor any plans he instituted and continue to advise Plaintiffs accordingly, Defendant Jarvis failed to advised Plaintiffs of any changes in performance of Lincoln Policy '144 and failed to advise of any corrective measures until it was too late.  The Plaintiffs have been damaged as a result of this failure.

**WHEREFORE,** the plaintiffs seek judgment against the defendants for: (1) damages in an amount that exceeds the jurisdictional limit of all courts of lower jurisdiction to be proven and determined at trial; (2) the value of premiums paid to

9

Lincoln Life & Annuity Company of New York; 3) interest on those damages and/or

premiums; (4) attorneys' fees; and (5) the costs and disbursements of this action, together

with such other and further relief as this Court may deem just and proper.

DATED:  January 6, 2017
Buffalo, New York

                    DUKE HOLZMAN PHOTIADIS
                         & GRESENS, LLP

         By:_____*s/Richard A. Moore*_____
                    Richard A. Moore, Esq.
                    *Attorneys for Plaintiffs*
                    701 Seneca Street, Suite 750
                    Buffalo, New York 14210
                    (716) 855-1111
                    rmoore@dhpglaw.com

10

# EXHIBIT B

FILED: ERIE COUNTY CLERK 01/19/2017 09:27 AM
NYSCEF DOC. NO. 2   Case 1:17-cv-00132-MJR   Document 8   Filed 02/13/17   Page 21 of 29   RECEIVED NYSCEF: 01/19/2017

INDEX NO. 800327/2017

## ERIE COUNTY SUPREME COURT, New York

25 DELAWARE AVENUE BUFFALO NY 14202

RUSH SERVICE

## CASE #: 800327/2017

DR. JOHN A. REPICCI AND LORRAINE REPICCI, INDIVIDUALLY, AND JULIE STONE AS TRUSTEE
OF THE JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE TRUST AND THE REPICCI IRREVOCABLE
FAMILY TRUST

*Plaintiff*

**vs**

CHRISTOPHER R. JARVIS AND OJM GROUP LLC

*Defendant*

### AFFIDAVIT OF SERVICE

I, **SUZAN PHILPOTT**, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents stated
below on 01/11/17 10:31 am, instructing for same to be delivered upon Jarvis, Christopher
R..

That I delivered to     : Jarvis, Christopher R..

the following           : SUMMONS; COMPLAINT; NOTICE OF COMMENCEMENT OF ACTION SUBJECT TO
                          MANDATORY ELECTRONIC FILING

at this address         : 402 Bayou Vista
                          SOUTHLAKE, Tarrant County, TX 76092

Manner of Delivery      : by PERSONALLY delivering the document(s) to the person
                          above.

Delivered on            : Tuesday JAN 17, 2017 7:55 pm

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing
paper are true and correct.
EXECUTED BY:

**SUZAN PHILPOTT**
                        Texas Certification#: SCH-11348 Exp. 02/28/18
On this day SUZAN PHILPOTT appeared before me, a notary public, and being duly sworn
by me stated that he/she has personal knowledge of the facts set forth in the
foregoing affidavit and declared that the facts contained therein are true and
correct.  Given my hand and seal of office this 18 day of Jan. 2017.

PCP Inv#: D17100470
SO  Inv#: A17101711
Reference : REPICCI 10451.1601

NOTARY PUBLIC



PAIGE BRADDOCK
Notary Public, State of Texas
Comm. Expires 07-13-2020
Notary ID 130737808

+ Service Fee:  85.00
Witness Fee:     .00
Mileage Fee:     .00
Moore, Richard A.

tomcat                  AX02A17101711

RETURN TO CLIENT

1 of 1

# EXHIBIT C

Case 1:17-cv-00132-MJR Document 4 Filed 05/26/17 Page 23 of 29

## STATE OF NEW YORK
## SUPREME COURT: COUNTY OF ERIE

DR. JOHN A. REPICCI and LORRAINE REPICCI, individually, and JULIE STONE as Trustee of the JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE TRUST and THE REPICCI IRREVOCABLE FAMILY TRUST,

Plaintiffs,

VS.

CHRISTOPHER R. JARVIS and OJM Group LLC,

Defendants.

Court No.: 800327/2017

### AFFIDAVIT OF SPECIAL PROCESS SERVER

I, Kevin Allen, being first duly sworn on oath depose and state as follows: I am over the age of 18, not a party to this action, and an employee or agent of Firefly Legal, Inc., a licensed private detective agency, license number 117.001465 . Following are the results of my efforts to serve process in the above captioned case:

Type of Process: Summons, Complaint and Notice of Commencement of Action Subject to Mandatory Electronic filing form

Defendant to be served: OJM Group, LLC

ADDRESS WHERE ATTEMPTED OR SERVED: Registered Agent, Corporate Statutory Services, Inc., 255 E. Fifth Street, Suite 2400, Cincinnati, OH, 45202

I **SERVED** the within named defendant on: 1/13/2017 9:48 AM

**X** **CORPORATE OR GOVERNMENT SERVICE** by leaving a copy of this process with Suzzane Smith, (Title): Receptionist, a person authorized to accept service and informed that person of the contents thereof.

THE DESCRIPTION OF THE PERSON WITH WHOM THE COPY OF THIS PROCESS WAS LEFT IS AS FOLLOWS:
**Age:** 43 **Gender:** Female **Race:** Caucasian **Height:** 5-7 **Weight:** 126-150 **Hair:** Blonde **Glasses:** Yes

Additional Comments:

I certify that I am a United States citizen, over the age of 18 and not a party to, nor otherwise interested in the above action.

Subscribed and sworn before me on   1 / 17/ 2017

_____
Signature of Process Server

Kevin Allen
Printed Name
Process Server
Title

_____
Notary Public

BETHANY M. HUFFMAN
Notary Public, State of Ohio
My Commission Expires Jan. 28, 2020

Page 1 of 1   File Number: 1PG011017
Reference Number: 3498676
Case Number: 800327/2017
Doc Generated: 01/17/2017 12:12:14:839 PM

662661_3498676_0_23_V4

1 of 1

# EXHIBIT D

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DR. JOHN A. REPICCI and LORRAINE REPICCI,
Individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE INSURANCE
TRUST and THE REPICCI IRREVOCABLE FAMILY
TRUST,

                Plaintiffs,

     v.

CHRISTOPHER R. JARVIS and OJM Group LLC,

                Defendants.

_____

**CONSENT TO NOTICE OF REMOVAL**

Case No.:

        Pursuant to 28 U.S.C. § 1446, defendant Christopher R. Jarvis, through his

attorneys Winget, Spadafora & Schwartzberg, LLP, gives notice that Mr. Jarvis consents to

the Notice of Removal that defendant OJM Group, LLC is filing on February 13, 2017.

Dated:  Buffalo, New York
        February 13, 2017

WINGET, SPADAFORA & SCHWARTZBERG,
LLP

By: _____
Matthew Tracy
Attorneys for Defendant
*Christopher R. Jarvis*
Two Riverway, Suite 725
Houston, Texas 77056
Telephone No. (713) 343-9200, and

45 Broadway, 19th Floor
New York, New York 10006
Telephone No. (212) 221-6900

Doc #01-3016686.1

JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Dr. John A. Repicci and Lorraine Repicci, Individually, and Julie Stone, as Trustee of the John A. Repicci Irrevocable Life Insurance Trust and The Repicci Irrevocable Family Trust

**(b)** County of Residence of First Listed Plaintiff    Erie
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Richard A. Moore, Esq. (716-855-1111)(rmoore@dhpglaw.com)
Duke Holzman Photiadis & Gresens LLP
701 Seneca St., Ste. 750, Buffalo, NY 14210

**DEFENDANTS**
Christopher R. Jarvis and
OJM Group, LLC

County of Residence of First Listed Defendant    Tarrant County, Tx
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Matthew Tracy, Esq. (212-221-6900) (Tracy.M@wssllp.com)
Winget, Spadafora & Schwartzberg, LLP
Two Riverway, Suite 725, Houston, TX 77056 (Counsel for Jarvis)

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question *(U.S. Government Not a Party)*
☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                 Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding
☒ 2  Removed from State Court
☐ 3  Remanded from Appellate Court
☐ 4  Reinstated or Reopened
☐ 5  Transferred from Another District *(specify)*
☐ 6  Multidistrict Litigation - Transfer
☐ 8  Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. 1332, 1441
Brief description of cause:
Alleged negligent misrepresentation and omission and negligent procurement regarding insurance policies

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:    ☐ Yes    ☐ No

**VIII. RELATED CASE(S) IF ANY**    *(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE    02/13/2017
SIGNATURE OF ATTORNEY OF RECORD    *[signature]*    ANDREW P. DEVINE

**FOR OFFICE USE ONLY**

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## Civil Cover Sheet Cont'd

Matthew Tracy address continued:

Matthew Tracy, Esq.
Winget, Spadafora & Schwartzberg, LLP
*Attorneys for Christopher J. Jarvis*
45 Broadway, 19th Floor
New York, New York  10006
Tracy.M@wssllp.com


Andrew P. Devine, Esq.
Phillips Lytle LLP
*Attorneys for OJM Group, LLC*
One Canalside
125 Main Street
Buffalo, New York  14203
Tel: 716-847-8400
adevine@phillipslytle.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DR. JOHN A. REPICCI and LORRAINE REPICCI,
Individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE
INSURANCE TRUST and THE REPICCI
IRREVOCABLE FAMILY TRUST,

                  Plaintiffs,

      v.

CHRISTOPHER R. JARVIS and OJM Group LLC,

                  Defendants.

_____

**CERTIFICATE OF
SERVICE**

Case No.:

        I hereby certify that on February 13, 2017, I electronically filed the annexed Notice of Removal and Index with Exhibits, and Civil Cover Sheet, with the Clerk of the District Court using its CM/ECF system. And, I hereby certify that I have mailed those documents by United States Postal Service First Class Mail to the following non-CM/ECF participants:

        DUKE, HOLZMAN, PHOTIADIS & GRESENS LLP
        Richard A. Moore
        Attorneys for Plaintiffs
        *Dr. John A. Repicci, Lorraine Repicci, and Julie Stone as Trustee of the John A.*
        *Repicci Irrevocable Life Insurance Trust and the Repicci Irrevocable Family Trust*
        701 Seneca Street, Suite 750
        Buffalo, New York 14210, and

        WINGET, SPADAFORA & SCHWARTZBERG, LLP
        Matthew Tracy
        Attorneys for Defendant
        *Christopher R. Jarvis*
        Two Riverway, Suite 725
        Houston, Texas 77056, and
        45 Broadway, 19th Floor
        New York, New York 10006.

Dated:  Buffalo, New York  
      February 13, 2017

PHILLIPS LYTLE LLP

*/s/ Andrew P. Devine*

By: _____

    Andrew P. Devine  
Attorneys for Defendant  
*OJM Group, LLC*  
One Canalside  
125 Main Street  
Buffalo, New York  14203-2887  
Telephone No. (716) 847-8400  
adevine@phillipslytle.com

Doc #01-3016726.1