Exhibit 7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DR. JOHN A. REPICCI and LORRAINE REPICCI,
Individually, and JULIE STONE as Trustee of the
JOHN A. REPICCI IRREVOCABLE LIFE
INSURANCE TRUST and THE REPICCI
IRREVOCABLE FAMILY TRUST,

        Plaintiffs,

v.

CHRISTOPHER R. JARVIS and OJM Group LLC,

        Defendants.

**ANSWER AND CROSS-CLAIM**

Case No. 1:17-CV-132-WMS

---

        Defendant OJM Group, LLC ("OJM"), by its attorneys, Phillips Lytle LLP, answers plaintiffs' Verified Complaint ("Complaint"), upon information and belief, as follows:

        1.    Denies the allegations contained in paragraph numbered 1 of the Complaint.

        2.    Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered 2, 3, 4, 5, 10, 12, 17, 18, 22, 26, and 37 of the Complaint, and otherwise denies those allegations.

        3.    As the allegations contained in paragraphs numbered 13-16, and 19-21 of the Complaint appear to characterize documents, OJM refers to such documents, which speak for themselves, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent responses are required, OJM denies those allegations.

4. Lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph numbered 6 of the Complaint, and otherwise objects to those allegations to the extent that they call for legal conclusions, to which no responses are required. To the extent responses are required, OJM denies those allegations.

5. Admits the allegations contained in paragraph numbered 7 of the Complaint.

6. Denies the allegation contained in paragraph numbered 8 of the Complaint that "at all relevant times herein, Defendant Jarvis acted as principal and agent of O'Dell Jarvis Mandell LLC." As the remaining allegations contained in paragraph numbered 8 of the Complaint appear to characterize documents or filings in the public record, OJM refers to such documents or filings, which speak for themselves.

7. Objects to the allegations contained in paragraph numbered 9 of the Complaint on the grounds that they call for legal conclusions, to which no responses are required. To the extent responses are required, OJM denies those allegations.

8. Concerning the allegations contained in paragraph numbered 11 of the Complaint, OJM admits that "Defendant Jarvis was a principal in Jarvis & Mandel [sic] LLC." To the extent the remaining allegations in paragraph numbered 11 of the Complaint characterize documents or filings in the public record, OJM refers to such documents or filings, which speak for themselves.

9. Concerning the allegations contained in paragraphs numbered 23, 28, 31, 34, 39, and 42 of the Complaint, OJM repeats and realleges its responses to all of the allegations contained in the Complaint.

- 2 -

10. Objects to the allegations contained in paragraphs 24, 25, 27, 29, 30, 32, 33, 35, 36, 38, 40, 41, 43, and 44 on the grounds that they call for legal conclusions, to which no responses are required, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of those allegations. To the extent responses are required, OJM denies those allegations.

11. Denies the allegations contained in the Complaint's WHEREFORE demand.

12. Denies all other allegations not expressly admitted.

### FIRST DEFENSE

13. The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

14. Plaintiffs' claims, upon information and belief, are barred and limited by the insurance contracts.

### THIRD DEFENSE

15. Plaintiffs' claims are barred by the applicable statutes of limitations.

### FOURTH DEFENSE

16. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, and laches.

### FIFTH DEFENSE

17. Plaintiffs' claims are barred by the statute of frauds.

## SIXTH DEFENSE

18. Plaintiffs' claims and alleged damages were brought about or contributed to by plaintiffs' own actions, inactions, or negligence, and their damages should be barred or diminished accordingly.

## SEVENTH DEFENSE

19. Some or all of plaintiffs' claims and alleged damages were brought about or contributed to by the actions, inactions, or negligence of third-parties, and plaintiffs' damages should be barred or diminished accordingly.

## EIGHTH DEFENSE

20. Plaintiffs have failed to limit or mitigate their alleged damages.

## CROSS-CLAIM

21. Any damages allegedly sustained by plaintiffs were caused or contributed to in whole or in part by the culpable conduct, negligence, breach of contract, and/or superseding intervening acts of defendant Christopher R. Jarvis.

22. If plaintiffs recover a judgment against OJM, OJM will be entitled to judgment for contribution and/or indemnification against Mr. Jarvis for the amount of any such recovery, or a portion thereof, together with OJM's costs, disbursements, and reasonable attorneys' fees.

WHEREFORE, defendant OJM demands judgment:

(a) dismissing the Complaint;

(b) over and against Mr. Jarvis on OJM's cross-claim, including reimbursement, contribution, and/or indemnification for any sums that may be adjudged in favor of plaintiffs;

    (c) granting OJM the costs, disbursements, and attorneys' fees of this action; and

    (d) granting OJM such other relief as is proper.

Dated: Buffalo, New York
April 21, 2017

PHILLIPS LYTLE LLP

By:    /s/ Andrew P. Devine
  Edward S. Bloomberg
  Andrew P. Devine
Attorneys for Defendant
*OJM Group, LLC*
One Canalside
125 Main Street
Buffalo, New York 14203-2887
Telephone No. (716) 847-8400
ebloomberg@phillipslytle.com
adevine@phillipslytle.com

TO: DUKE, HOLZMAN, PHOTIADIS &
GRESENS LLP
Richard A. Moore
Attorneys for Plaintiffs
*Dr. John A. Repicci, Lorraine Repicci, and Julie Stone as Trustee of the John A. Repicci Irrevocable Life Insurance Trust and the Repicci Irrevocable Family Trust*
701 Seneca Street, Suite 750
Buffalo, New York 14210

WINGET, SPADAFORA &
SCHWARTZBERG, LLP
Matthew Tracy
Attorneys for Defendant
*Christopher R. Jarvis*
Two Riverway, Suite 725
Houston, Texas 77056, and
45 Broadway, 19th Floor
New York, New York 10006

Doc #01-3030472.